Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ARIAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, AND YIBO LING,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Mario Arias ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings,

wire and press releases published by and regarding Bird Global, Inc. ("Bird" or the "Company") f/k/a Switchback II Corporation ("Switchback"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.   This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of Bird between May 14, 2021 and November 14, 2022, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2.   The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.   This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4.   Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Defendants conduct business and maintain an office in this Judicial District.

5.   In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail,

interstate telephone communications and the facilities of the national securities exchange.

**PARTIES**

6. Plaintiff, as set forth in the accompanying Certification, purchased Bird securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

7. Defendant Bird is purportedly a micromobility company engaged in delivering electric transportation solutions for short distances. Bird is incorporated under the laws of Delaware and is headquartered at 392 NE 191st Street # 20388, Miami, FL, 33179. Bird securities are traded on the New York Stock Exchange ("NYSE") under the ticker symbol "BRDS."

8. Defendant Travis VanderZanden ("VanderZanden") has been the Chief Executive Officer ("CEO") of Bird throughout the Class Period.

9. Defendant Yibo Ling ("Ling") has been the Chief Financial Officer ("CFO") of Bird throughout the Class Period.

10. Defendants VanderZanden and Ling are sometimes referred to herein as the "Individual Defendants."

11. Each of the Individual Defendants:

(a) directly participated in the management of the Company;

(b) was directly involved in the day-to-day operations of the Company at the highest levels;

(c) was privy to confidential proprietary information concerning the Company and its business and operations;

(d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

Class Action Complaint for Violation of the Federal Securities Laws

(e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g) approved or ratified these statements in violation of the federal securities laws.

12. The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

14. The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

15. Switchback was a special purpose acquisition company formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses.

16. Bird is purportedly a micromobility company engaged in delivering electric transportation solutions for short distances. The Company partners with cities to bring lightweight, electric vehicles to residents and visitors in an effort to replace car trips by providing an alternative sustainable transportation option. Bird's

offerings include its core vehicle-sharing business and operations ("Sharing"), and sales of Bird-designed vehicles for personal use ("Product Sales").

17. On May 14, 2021, Switchback and Bird entered into an Agreement and Plan of Merger.

18. On November 3, 2021, Switchback filed a press release attached to a Form 8-K. The press release announced that, on November 2, 2021, Switchback's shareholders voted to approve the business combination between Bird and Switchback ("Business Combination").

19. Bird shares began publicly trading on the NYSE on or about November 5, 2021.

**Materially False and Misleading Statements**

20. The class period starts on May 14, 2021, when Switchback filed a form S-4 with the SEC pursuant to the proposed Business Combination. The S-4 stated Bird's revenue from its Sharing business ("Sharing Revenue") for the year ended December 31, 2020, was $79,941,000.

21. On October 7, 2021, following multiple edits, the S-4 was declared effective by the SEC. That same day, Bird filed a Form 424(b)(3) Prospectus (the "October Prospectus"). The October Prospectus stated Bird's Sharing Revenue for the year ended December 31, 2020, was $79,941,000.

22. On November 15, 2021, Bird filed a Form 10-Q for the quarter ended September 30, 2021 (the "3Q 2021 10-Q"). Attached to the 3Q 2021 10-Q were certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") signed by Defendants VanderZanden and Ling attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud. The 3Q 2021 10-Q reported Bird's Sharing Revenue for the quarter ended September 30, 2021 as $64,027,000.

Class Action Complaint for Violation of the Federal Securities Laws

23. On March 15, 2022, Bird filed a Form 10-K for the fiscal year ended December 31, 2021 (the "2021 10-K"). Attached to the 2021 10-K were SOX certifications signed by Defendants VanderZanden and Ling attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud. The 2021 10-K reported Bird's Sharing Revenue for the fiscal year ended December 31, 2021 as $187,327,000.

24. On May 16, 2022, Bird filed a Form 10-Q for the quarter ended March 31, 2022 ("1Q 2022 10-Q"). Attached to the 1Q 2022 10-Q were SOX certifications signed by Defendants VanderZanden and Ling attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud. The 1Q 2022 10-Q reported Bird's Sharing Revenue for the quarter ended March 31, 2022 as $33,577,000.

25. On August 15, 2022, Bird filed a Form 10-Q for the quarter ended June 30, 2022 ("2Q 2022 10-Q"). Attached to the 2Q 2022 10-Q were SOX certifications signed by Defendants VanderZanden and Ling attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud. The 2Q 2022 10-Q reported Bird's Sharing Revenue for the quarter ended June 30, 2022 as $72,395,000.

26. The statements referenced in ¶¶ 20-25 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Bird was improperly recording Sharing Revenue for certain trips by its customers where collection was not probable; (2) as such, Bird overstated its Sharing Revenue

Class Action Complaint for Violation of the Federal Securities Laws

for the relevant quarters and fiscal year during the Class Period; (3) Bird failed to disclose that its internal controls were not effective as they relate to calculating Sharing Revenue recognition; (4) as a result, Bird would need to restate its previously disclosed Sharing Revenue; and (5) as a result, Defendants' public statements were materially false and misleading at all relevant times.

### The Truth Emerges

27.     On November 14, 2022, Bird filed attached to a Form 8-K announcing it would restate its consolidated financial statements for certain periods due to issues concerning the recognition of Sharing Revenue. In pertinent part, the press release stated:

> "On November 11, 2022, the Audit Committee of the Board of Directors (the "Audit Committee") of Bird Global, Inc. (the "Company"), after discussion with management, determined that *(i) the Company's audited consolidated financial statements as of December 31, 2021 and 2020, and for the years then ended, and quarterly periods within those years*, included in the Annual Report on Form 10-K filed with the Securities and Exchange Commission (the "SEC") on March 15, 2022, (ii) *its condensed consolidated financial statements as of March 31, 2022*, and for the three months then ended, included in the Quarterly Report on Form 10-Q filed with the SEC on May 16, 2022 and (iii) *its condensed consolidated financial statements as of June 30, 2022*, and for the three and six months then ended, included in the Quarterly Report on Form 10-Q filed with the SEC on August 15, 2022 (collectively, the "Original Filings", and each such quarterly or annual period covered therein, an "impacted period"), *should no longer be relied upon*. *Similarly, any previously furnished or filed reports, related earnings releases, investor presentations or similar communications of the Company describing the Company's financial results contained in the Original Filings should no longer be relied upon.*
>
> The determination results from *an error identified in connection with the preparation of the Company's condensed consolidated financial statements* as of September 30, 2022, and the three and nine months then ended, related to its business system configuration *that impacted*

Class Action Complaint for Violation of the Federal Securities Laws

> *the recognition of revenue on certain trips completed by customers of its Sharing business ("Rides") for which collectability was not probable. Specifically, for certain customers with insufficient preloaded "wallet" balances, the Company's business systems recorded revenue for uncollected balances following the completion of certain Rides that should not have been recorded. The Company believes the error resulted in an overstatement of Sharing revenue in the consolidated statements of operations for the impacted periods and an understatement of deferred revenue in the consolidated balance sheets as of the end of each impacted period.*
>
> *The Company intends to amend the Original Filings as soon as practicable. In connection with the restatement, management has re-evaluated the effectiveness of the Company's disclosure controls and procedures. Management has concluded that the Company's disclosure controls and procedures are not effective at a reasonable assurance level, due to a material weakness in its internal control over financial reporting related to the ineffective design of controls around its business systems that resulted in the recording of revenue for uncollected balances following the completion of certain Rides that should not have been recorded. The Company is in the process of designing and implementing controls to remediate these deficiencies.*

(Emphasis added.)

28.     On this news, share prices of Bird plummeted $0.069 per share, or over 15%, from the prior trading date to close on November 14, 2022, at $0.364 per share, damaging investors.

29.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

30.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the publicly traded securities of Bird during the Class Period (the "Class"); and were damaged upon the revelation of the alleged

Class Action Complaint for Violation of the Federal Securities Laws

corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

31. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Bird securities were actively traded on NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

32. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

33. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

34. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;
- whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;
- whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;
- whether the prices of Bird securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and
- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

36. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:
- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;
- the omissions and misrepresentations were material;
- Bird securities are traded in efficient markets;
- the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on NYSE, and was covered by multiple analysts;
- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and
- Plaintiff and members of the Class purchased and/or sold Bird securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

37. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

38. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5 Against All Defendants

39. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

40. This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

41. During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material

facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

42. The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;
- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Bird securities during the Class Period.

43. The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

44. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by

them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

45. As a result of the foregoing, the market price of Bird securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Bird securities during the Class Period in purchasing Bird securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

46. Had Plaintiff and the other members of the Class been aware that the market price of Bird securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the material adverse information which the Company's and the Individual Defendants did not disclose, they would not have purchased Bird securities at the artificially inflated prices that they did, or at all.

47. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

48. By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of Bird securities during the Class Period.

## COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

49. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

Class Action Complaint for Violation of the Federal Securities Laws

50. During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

51. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

52. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Bird securities.

53. Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

Class Action Complaint for Violation of the Federal Securities Laws

54. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: November 17, 2022            Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

Class Action Complaint for Violation of the Federal Securities Laws