Sophia M. Rios (SBN 305801)
BERGER MONTAGUE PC
401 B Street, Suite 2000
San Diego, CA 92101
Tel: (619) 489-0300
Email: srios@bm.net

*Counsel for Proposed Lead Plaintiff,
and Proposed Lead Counsel*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ARIAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BIRD GLOBAL, INC. f/k/a SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, AND YIBO LING,<br><br>                    Defendants. | Case No. 2:22cv08406-ODW-KS<br><br>CLASS ACTION<br><br>**MEMORANDUM OF LAW IN SUPPORT OF TIMOTHY R. KANE'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL** |
| KAREN CAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BIRD BLOBAL, INC. f/k/a SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING,<br><br>                    Defendants. | Case No. 2:22cv09178-ODW-KS<br><br>Date:          February 27, 2023<br>Time:          1:30 P.M.<br>Courtroom:  5D, 5th Floor<br>Judge:        Hon. Otis D. Wright |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................. 1

II.   STATEMENT OF FACTS.................................................................... 2

III.  ARGUMENT........................................................................................ 3

      A.   The Related Actions Should Be Consolidated ..................................... 3

      B.   Movant Should Be Appointed Lead Plaintiff....................................... 4

           1.   This Motion Is Timely.................................................................. 5

           2.   Movant Has A Substantial Financial Interest
                In The Relief Sought By The Class ............................................ 5

           3.   Movant Satisfies Rule 23's Typicality and Adequacy
                Requirements.................................................................................. 6

                a.    Movant's Claims Are Typical of Those of the Class .......... 7

                b.    Movant Satisfies the Adequacy Requirement ..................... 8

      C.   The Court Should Approve Movant's Selection Of Counsel ............... 9

IV.   CONCLUSION.................................................................................... 10

# TABLE OF AUTHORITIES

Case                                                                          Page(s)

*Bodri v. GoPro, Inc.*,
   No. 16-cv-00232-JST, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ............... 7

*Feyko v. Yuhe Int'l Inc.*,
   No. 11-cv-05511, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) .......................... 5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ..................................................... 5, 6, 7, 9

*In re Cohen*,
   586 F.3d 703 (9th Cir. 2009) ................................................................ 9

*In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*,
   693 F.2d 847 (9th Cir. 1982) ................................................................ 8

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................... 6

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................. 6

*Lax v. First Merchants Acceptance Corp.*,
   No. 97-cv2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ......................... 6

*Lloyd v. CVB Fin. Corp.*,
   No. 10-cv-06256 MMM (PJWx), 2011 WL 13128303
   (C.D. Cal. Jan. 21, 2011) ..................................................................... 3

*Mallen v. Alphatec Holding, Inc.*,
   No. 10-cv-1673-BEN (CAB), 2011 WL 175687 (S.D. Cal. Jan. 19, 2011) ....... 6

*Osher v. Guess?, Inc.*,
   No. 01-cv-00871-LGB (RNBX), 2001 WL 861694
   (C.D. Cal. Apr. 26, 2001) ..................................................................... 7

*Richardson v. TVIA, Inc.*,
   No. 06-cv-06304, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ..................... 6

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill. 1986) .............................................................. 8

*Shreves v. Xunlei Ltd.*,
   No. 15-cv-04288-MWF (ASx), 2015 WL 5446935
   (C.D. Cal. Sept. 15, 2015) ...................................................................... 7, 11

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) ........................................................ 8

*Yanek v. Staar Surgical Co.*,
   No. 04-cv-8007-SJO (CWX), 2004 WL 5574358
   (C.D. Cal. Dec. 15, 2004) ...................................................................... 8, 9

<u>Statutes</u>

15 U.S.C. § 78u-4(a)(3)(A)(i) ..................................................................... 4, 5
15 U.S.C. § 78u-4(a)(3)(B) ........................................................................ 1, 4
15 U.S.C. § 78u-4(a)(3)(B)(i) ................................................................. 1, 4, 5
15 U.S.C. § 78u-4(a)(3)(B)(ii) ................................................................... 1, 3
15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................. 1, 6
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................... 4
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ............................................................. 5
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ............................................................ 5
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ............................................................. 6
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................. 5, 9
15 U.S.C. § 78u-4(a)(3)(B)(v) ....................................................................... 9
15 U.S.C. § 78u-4(a)(l) ................................................................................ 4

<u>Rules</u>

Fed. R. Civ. P. 23(a)(3)-(4) ......................................................................... 7
Fed. R. Civ. P. 42(a) ................................................................................... 3

<u>Other Authorities</u>

H.R. Conf. Rep. No. 104-369 (1995),
   as reprinted in 1995 U.S.C.C.A.N. 730 ...................................................... 9

## I.  INTRODUCTION

Proposed Lead Plaintiff Timothy R. Kane (hereinafter, the "Movant") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of his Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel.  Two substantially identical complaints were filed against Bird Global, Inc. f/k/a Switchback II Corporation ("Bird Global" or the "Company") and members of senior management alleging violations of the Exchange Act on behalf of all persons and entities other than defendants who purchased or otherwise acquired the publicly traded securities of Bird Global between May 14, 2021 and November 14, 2022, both dates inclusive (the "Class Period"). The related actions are *Arias v. Bird Global, Inc. f/k/a Switchback II Corporation*, No. 2:22-cv-07939 (filed on 11/17/22) and *Cain v. Bird Global, Inc. f/k/a Switchback II Corporation*, No. 2:22cv09178 (filed on 12/19/22) (the "Related Actions" or "Actions").

The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Here, Movant should be appointed lead plaintiff because he filed a timely motion, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Movant's selection of Berger Montague PC to serve as

lead counsel should be approved because the law firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.      STATEMENT OF FACTS[1]

Headquartered in Miami, Florida, Bird Global is a micromobility company engaged in delivering electric transportation solutions for short distances.  Bird Global partners with cities to bring lightweight, electric vehicles to residents and visitors in an effort to replace car trips by providing an alternative sustainable transportation option. Bird Global's offerings include its core vehicle-sharing business and operations ("Sharing"), and sales of Bird-designed vehicles for personal use. On May 14, 2021, Switchback II Corporation ("Switchback") and Bird Global entered into an Agreement and Plan of Merger. On November 3, 2021, Switchback filed a press release attached to a Form 8-K announcing that, on November 2, 2021, Switchback's shareholders voted to approve the business combination between Bird Global and Switchback. Bird Global shares began publicly trading on the New York Stock Exchange on or about November 5, 2021.

The Actions allege that on November 14, 2022, Bird Global filed a press release attached to a Form 8-K announcing it would restate its consolidated financial statements for certain periods due to issues concerning the recognition of revenue from its Sharing business ("Sharing Revenue"). In the press release, Bird Global stated that its audited consolidated financial statements as of December 31, 2021 and 2020, and for the years then ended, and quarterly periods within those years, its condensed consolidated financial statements as of March 31, 2022, and for the three months then ended, and its condensed consolidated financial statements as of June 30, 2022, should no longer be relied upon.

---

[1] The facts are taken from the complaint in the above-captioned *Arias* action.

Following this news, the share price of Bird Global fell $0.069 per share, or over 15%, from the prior trading date to close on November 14, 2022, at $0.364 per share.

The Actions allege that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Bird Global was improperly recording Sharing Revenue for certain trips by its customers where collection was not probable; (2) as such, Bird Global overstated its Sharing Revenue for the relevant quarters and fiscal year during the Class Period; (3) Bird Global failed to disclose that its internal controls were not effective as they relate to calculating Sharing Revenue recognition; (4) as a result, Bird Global would need to restate its previously disclosed Sharing Revenue; and (5) as a result, the defendants' public statements were materially false and misleading at all relevant times.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA requires the court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. *See* Fed. R. Civ. P. 42(a).

Here, the Related Actions assert nearly identical theories of wrongdoing on behalf of purchasers of Bird Global securities during the same Class Period against the same defendants for alleged violations of the same provisions of the Exchange Act. Consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. There is also little or no risk of prejudice to the parties from consolidation. *See generally Lloyd v. CVB Fin. Corp.*, No. 10-cv-06256 MMM (PJWx), 2011 WL 13128303, at *3 (C.D. Cal. Jan. 21, 2011).

Significantly, on January 10, 2023, this Court issued an Order to Show Cause in which it required Plaintiff in the *Arias* Action to show cause why the Related Actions should not be consolidated, and stated that ***"[t]he two Complaints [filed in***

*the Related Actions] are substantially the same, if not altogether identical*." ECF No. 10.

Accordingly, the court should consolidate the Related Actions.

**B. Movant Should Be Appointed Lead Plaintiff**

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as lead plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, the Exchange Act specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or timely filed a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately

representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *See In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff"). Under the criteria established by the PSLRA, Movant is the most adequate plaintiff and should be appointed lead plaintiff.

### 1.    This Motion Is Timely

On November 17, 2022, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), Mario Arias caused notice regarding the pending nature of this action to be published on *Business Wire,* a widely circulated, business-oriented news wire service. (*See* Declaration of Sophia Rios ("Rios Decl."), Exhibit ("Ex.") B.) The PSLRA provides that any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before January 17, 2023.  As a purchaser of Bird Global securities during the Class Period, Movant is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within this deadline, in compliance with the PSLRA. 15 U.S.C. § 78-u(a)(3)(B)(iii)(I)(aa).

### 2.    Movant Has A Substantial Financial Interest In The Relief Sought By The Class

The PSLRA provides that the court "shall appoint as lead plaintiff the . . . members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. § 78u-4(a)(3)(B)(i). Furthermore, there is a "[rebuttable] presumption that the most adequate plaintiff in any private action arising under this chapter," is the movant that "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Feyko v. Yuhe Int'l Inc.*, No. 11-cv-05511, 2012 WL 682882, at \*2 (C.D. Cal. Mar. 2, 2012) (*citing In re*

*Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). "District courts have typically considered the 'Olsten–Lax' factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (*quoting In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchants Acceptance Corp.*, No. 97-cv2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)) (internal quotations omitted). "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff[s] with the largest financial loss." *Richardson v. TVIA, Inc.*, No. 06-cv-06304, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007).

As set forth in his PSLRA Certification, Movant purchased Bird Global securities during the Class Period, and has incurred a loss of $37,570 under the Exchange Act on a last-in-first-out ("LIFO") basis. (*See* Rios Decl., Ex. A and Ex. C.) Movant therefore has a significant financial interest in the outcome of this litigation and is presumptively the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see*, *e.g.*, *Mallen v. Alphatec Holding, Inc.*, No. 10-cv-1673-BEN (CAB), 2011 WL 175687, at *1 (S.D. Cal. Jan. 19, 2011) (appointing as lead plaintiff movant with largest loss).

### 3.   Movant Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rules of Civil Procedure 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that]

the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (courts should ensure typicality and adequacy are demonstrated at the lead plaintiff selection stage); *Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (same).

The typicality requirement is met where the movant's claims are "similar to all class members." *Shreves v. Xunlei Ltd.*, No. 15-cv-04288-MWF (ASx), 2015 WL 5446935, at *3 (C.D. Cal. Sept. 15, 2015). "Adequacy" is satisfied where: (i) the movant is "willing[] to vigorously represent the class's claims"; (ii) "the movant's interests do not conflict with those of the class"; and (iii) "the movant's counsel is capable and qualified." *Xunlei*, 2015 WL 5446935, at *3.

### a. Movant's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Osher v. Guess?, Inc.*, No. 01-cv-00871-LGB (RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). Here, class members allegedly were injured when the truth about defendants' misconduct became known to the market.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant asserts that defendants made material misstatements and omissions regarding Bird Global's financial condition in violation of the federal securities laws. Movant's PSLRA Certification also confirms that he purchased Bird Global securities during the Class Period and, thus, suffered the same injury as other class members when defendants' alleged misconduct was revealed to the market and the price for Bird Global's stock declined. (*See* Rios Decl., Ex. A.)

### b.    Movant Satisfies the Adequacy Requirement

The adequacy requirement is met where it is established that a representative party "will fairly and adequately protect the interests of the class." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999). "The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Id.* (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007-SJO (CWX), 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (*citing Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986).

Here, Movant will fairly and adequately represent the interests of the proposed Class. Movant has resources and motivation sufficient to pursue the above-captioned action to a successful conclusion. Moreover, Movant is committed to pursuing the best recovery possible for himself and all other Class members. Movant incurred substantial losses and thus is highly motivated to maximize any recovery. Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and its financial losses ensure that it has sufficient incentive to provide vigorous advocacy. *See infra,* Section C.

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members. Rather, they are aligned. Like all other Class members, Movant suffered substantial losses due to defendants' alleged misconduct and, therefore, has a sufficient and identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the benefit of all Class members. In

addition, Movant submitted herewith a Declaration attesting to his ability and willingness to represent the Class in this Action. (*See* Rios Decl., Ex. D.)

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of adequately representing the class," because no such evidence exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement. Thus, Movant clearly satisfies the requirements of the PSLRA for lead plaintiff appointment and should be appointed lead plaintiff on behalf of the putative Class of damaged Bird Global investors here.

## C.   The Court Should Approve Movant's Selection Of Counsel

The PSLRA authorizes the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 8u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), as reprinted in 1995 U.S.C.C.A.N. 730, 734; s*ee also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.

Here, Movant has selected the law firm of Berger Montague PC to represent the Class. Berger Montague PC has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague PC has served as lead or co-lead counsel in numerous other major securities class action cases, where substantial settlements were achieved on behalf of investors. (*See* Rios Decl. Ex. E.)

In light of the foregoing, by approving Movant's selection of the law firm of Berger Montague PC as lead counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve this selection.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant this Motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Movant Timothy R. Kane as lead plaintiff; (3) approving Movant's selection of Berger Montague PC as lead counsel for the Class; and (4) granting such other and further relief as the court may deem just and proper.

Date:  January 17, 2023                          Respectfully submitted,

BERGER MONTAGUE PC

/s/ *Sophia M. Rios*
Sophia M. Rios (Bar No. 305801)
401 B Street, Suite 2000
San Diego, CA 92101
Tel: (619) 489-0300
srios@bm.net

Sherrie R. Savett
Michael Dell'Angelo
Andrew D. Abramowitz
James A. Maro
1818 Market Street, Suite 3600
Philadelphia, Pa 19103
Tel: (215) 875-3000
ssavett@bm.net
mdellangelo@bm.net
aabramowitz@bm.net
jmaro@bm.net

*Counsel for Proposed Lead Plaintiff
and Proposed Lead Counsel*