Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead
Plaintiff and for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ARIAS, Individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, AND YIBO LING,<br><br>   Defendants. | Case No. 2:22-cv-08406-ODW-AGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LAWRENCE LOU TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Otis D. Wright, II<br>Hearing Date: February 27, 2023<br>Time: 1:30 p.m.<br>CTRM: 5D (Los Angeles) |

[Additional caption on next page]

1

| KAREN CAIN, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:22-cv-09178-ODW-AGR<br><br>CLASS ACTION<br><br>JUDGE: Otis D. Wright, II |

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Lawrence Lou ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)  consolidating the above-captioned actions;

(2)  appointing Movant as Lead Plaintiff for all persons other than defendants who purchased or otherwise acquired the securities of Bird Global, Inc. ("Bird" or the "Company") f/k/a Switchback II Corporation ("Switchback") between May 14, 2021 and November 14, 2022, inclusive (the "Class Period"), to recover damages caused by defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LAWRENCE LOU TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:22-cv-08406-ODW-AGR

On November 17, 2022, this action was commenced against the Company and certain of its executives and directors for violations under the Exchange Act. That same day, a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). The above-captioned related action styled as *Cain, et al., v. Bird Global, Inc. f/k/a Switchback II Corporation, et al.,* case no. 2:22-cv-09178-ODW-AGR, was subsequently filed in this District asserting substantially similar facts and claims as the instant action.

The complaints allege that throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational and financial results. Specifically, defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Bird was improperly recording Sharing Revenue for certain trips by its customers where collection was not probable; (2) as such, Bird overstated its Sharing Revenue for the relevant quarters and fiscal year during the Class Period; (3) Bird failed to disclose that its internal controls were not effective as they relate to calculating Sharing Revenue recognition; (4) as a result, Bird would need to restate its previously disclosed Sharing Revenue; and (5) as a result, Defendants' public statements were materially false and misleading at all relevant times.

Then on November 14, 2022, Bird filed attached to a Form 8-K announcing it would restate its consolidated financial statements for certain periods due to issues concerning the recognition of Sharing Revenue. In pertinent part, the press release stated:

On November 11, 2022, the Audit Committee of the Board of Directors (the "Audit Committee") of Bird Global, Inc. (the "Company"), after discussion with management, determined that *(i) the Company's audited consolidated financial statements as of December 31, 2021 and 2020, and for the years then ended, and quarterly periods within those years,* included in the Annual Report on Form 10-K filed with the Securities and Exchange Commission (the "SEC") on March 15, 2022, (ii) *its condensed consolidated financial statements as of March 31, 2022,* and for the three months then ended, included in the Quarterly Report on Form 10-Q filed with the SEC on May 16, 2022 and (iii) *its condensed consolidated financial statements as of June 30, 2022,* and for the three and six months then ended, included in the Quarterly Report on Form 10-Q filed with the SEC on August 15, 2022 (collectively, the "Original Filings", and each such quarterly or annual period covered therein, an "impacted period"), *should no longer be relied upon. Similarly, any previously furnished or filed reports, related earnings releases, investor presentations or similar communications of the Company describing the Company's financial results contained in the Original Filings should no longer be relied upon.*

The determination results from *an error identified in connection with the preparation of the Company's condensed consolidated financial statements* as of September 30, 2022, and the three and nine months then ended, related to its business system configuration *that impacted the recognition of revenue on certain trips completed by customers of its Sharing business ("Rides") for which collectability was not probable. Specifically, for certain customers with insufficient preloaded "wallet" balances, the Company's business systems recorded revenue for uncollected balances following the completion of certain Rides that should not have been recorded. The Company believes the error resulted in an overstatement of Sharing revenue in the consolidated statements of operations for the impacted periods and an understatement of deferred revenue in the consolidated balance sheets as of the end of each impacted period.*

The Company intends to amend the Original Filings as soon as practicable. In connection with the restatement, management has

4

reevaluated the effectiveness of the Company's disclosure controls and procedures. Management has concluded that the Company's disclosure controls and procedures are not effective at a reasonable assurance level, due to a material weakness in its internal control over financial reporting related to the ineffective design of controls around its business systems that resulted in the recording of revenue for uncollected balances following the completion of certain Rides that should not have been recorded. The Company is in the process of designing and implementing controls to remediate these deficiencies.

(Emphasis added.)

On this news, share prices of Bird fell 15% from the prior trading date to close on November 14, 2022 at $0.364 per share, damaging investors. When the true details entered the market, the lawsuits claim that investors suffered damages.

## ARGUMENT

## II.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LAWRENCE LOU TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:22-cv-08406-ODW-AGR

violations of the Exchange Act by defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LAWRENCE LOU TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:22-cv-08406-ODW-AGR

willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

## B. Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $44,525 on purchases of Bird securities in connection with the alleged fraud at issue. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LAWRENCE LOU TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:22-cv-08406-ODW-AGR

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements about Bird and its business. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.    Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LAWRENCE LOU TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:22-cv-08406-ODW-AGR

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Lawrence Lou is a sophisticated investor. Movant resides in Canada and has been investing in the stock market for about five years. Movant works as a radiologist.

## IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law Lead Counsel. The firm has been actively researching the class' and Movant's claims including reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex litigations and have obtained substantial recoveries on behalf of investors. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff of the class; (3) approving Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   January 17, 2023              Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and for the Class*

10

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On January 17, 2023, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LAWRENCE LOU TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on January 17, 2023.

/s/ Laurence M. Rosen
Laurence M. Rosen

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LAWRENCE LOU TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:22-cv-08406-ODW-AGR