Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.co
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Glen Dworkin*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ARIAS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, AND YIBO LING,<br><br>Defendants. | Case No. 2:22-cv-08406-ODW-AGR<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF GLEN DWORKIN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Date:      February 27, 2023<br>Time:     1:30 p.m.<br>Crtrm.:   5D<br>Judge:    Hon. Otis D. Wright II |
| KAREN CAIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIRD GLOBAL, INC. f/k/a SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING,<br><br>Defendants. | Case No. 2:22-cv-09178-ODW-AGR |

Glen Dworkin ("Dworkin") submits this memorandum of law in support of his motion to consolidate the above-captioned actions, to appoint Dworkin as Lead Plaintiff, and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of all persons and entities that purchased or otherwise acquired publicly traded Bird Global, Inc. f/k/a Switchback II Corporation ("Bird" or the "Company") securities between May 14, 2021 and November 14, 2022, inclusive (the "Class Period")

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Hollingworth is the "most adequate plaintiff" as defined by the PSLRA.

Dworkin has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Dworkin satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Dworkin respectfully submits that he is the presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Dworkin's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities

class action litigation and the experience and resources to efficiently prosecute this action.

## II. FACTUAL BACKGROUND

Bird is purportedly a micromobility company engaged in delivering electric transportation solutions for short distances. The Company purportedly partners with cities to bring lightweight, electric vehicles to residents and visitors in an effort to replace car trips by providing an alternative transportation option. Bird's offerings include its core vehicle-sharing business and operations ("Sharing"), and sales of Bird-designed vehicles for personal use ("Product Sales").

The complaints in this action allege that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects throughout the Class Period. Specifically, the complaints allege that the Defendants failed to disclose to investors: (1) Bird was improperly recording Sharing Revenue for certain trips by its customers where collection was not probable; (2) as such, Bird overstated its Sharing Revenue for the relevant quarters and fiscal year during the Class Period; (3) Bird failed to disclose that its internal controls were not effective as they relate to calculating Sharing Revenue recognition; (4) as a result, Bird would need to restate its previously disclosed Sharing Revenue; and (5) as a result, Defendants' public statements were materially false and misleading at all relevant times.

On November 14, 2022, Bird filed a Form 8-K with the SEC announcing that the Company would restate its consolidated financial statements for certain periods due to issues concerning the recognition of Sharing Revenue.

On this news, Bird's share price plummeted $0.069 per share, or 15.9%, from the prior trading day to close on November 14, 2022 at $0.364 per share, thereby injuring investors

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the Class have suffered significant losses and damages.

## III.    PROCEDURAL HISTORY

On November 17, 2022, Plaintiff Mario Arias commenced the first-filed securities class action against Bird and certain of its officers, captioned *Arias v. Bird Global, Inc. f/k/a Switchback II Corporation*, No. 2:22-cv-08406 (the "*Arias* Action").

On December 19, 2022, Plaintiff Karen Cain filed a substantially similar class action, captioned *Cain v. Bird Global, Inc. f/k/a Switchback II Corporation*, No. 2:22-cv-09178 (the "*Cain* Action," and together with the *Arias* Action, the "Related Actions").

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, No. 21-cv-08812-JST, 2022 WL 3571995, at *1 (N.D. Cal. July 26, 2022) (consolidating actions where "[t]hey involve nearly identical factual issues and legal claims, and consolidating them would promote judicial economy without creating any delay, confusion, or prejudice.")

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present substantially identical legal theories. While the class periods differ, one encompasses the other. Moreover, each action alleges violations of the Exchange Act, each presents the same theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject

matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See id.*

### B. Dworkin Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Dworkin has complied with all the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Dworkin, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23, and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Dworkin respectfully submit that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that

satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.    Dworkin Filed A Timely Motion

On November 17, 2022, notice was published in connection with the *Arias Action* pursuant to Section 21D(a)(3)(A) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A). *See* Declaration of Charles H. Linehan in Support of the Motion of Dworkin for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel ("Linehan Decl."), Ex. A. Therefore, Dworkin had sixty days (*i.e.*, until January 17, 2023), to file a motion to be appointed as Lead Plaintiff. As a purchaser of Bird securities during the Class Period, Dworkin is members of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice in compliance with the first PSLRA requirement. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Dworkin attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the Class. Linehan Decl., Ex. B. Accordingly, Dworkin satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.    Dworkin Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Dworkin believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Dworkin purchased Bird securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $19,858.52. *See* Linehan Decl., Ex. C. To the best of his knowledge, Dworkin is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Dworkin believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Dworkin Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-

06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a) Dworkin's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Dworkin's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Dworkin suffered losses as a result of his Bird transactions during the Class Period. Like all members of the Class, Dworkin alleges that the Defendants violated federal securities laws by disseminating materially misleading statements concerning Bird's operations and financial prospects. Dworkin's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Bird's stock price caused by the Defendants' alleged misrepresentations and omissions. Accordingly, Dworkin's interests and claims are typical of the interests and claims of the Class.

### b) Dworkin Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.,* No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, Dworkin easily satisfies the adequacy requirements. Dworkin's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Dworkin is] antagonistic to other members of the class or [her] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.,* 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Dworkin has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (GPM firm résumé). In addition, Dworkin is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Dworkin is adequate to represent the Class.

**C.      The Court Should Approve Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. Here, Dworkin has retained GPM to pursue this litigation on his behalf and will retain the firm as lead counsel in the event Dworkin is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting Dworkin's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Dworkin's selection of counsel.

## V.    CONCLUSION

For the foregoing reasons, Dworkin respectfully asks the Court to grant his Motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Dworkin as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  January 17, 2023

**GLANCY PRONGAY & MURRAY LLP**

By:  _s/ Charles H. Linehan_
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Glen Dworkin and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On January 17, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 17, 2023, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan