Reed R. Kathrein (139304)
reed@hbsslaw.com
Lucas E. Gilmore (250893)
lucasg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001

*Attorneys for [Proposed] Lead Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MARIO ARIAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING,<br><br>Defendants. | No. 2:22-cv-08406-ODW-AGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DAVID BOULWARE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date:         February 27, 2023<br>Time:         1:30 p.m.<br>Courtroom: 5D, 5th Floor<br>Judge:        Hon. Otis D. Wright, II<br><br>ORAL ARGUMENT REQUESTED |

[Caption continued on the next page.]

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL
Case No.: 2:22-cv-08406-ODW-AGR
011147-11/2132324 V1

| | |
|---|---|
| KAREN CAIN, Individually and On Behalf of All Others Similarly Situated, | No. 2:22-cv-09178-ODW-AGR |
| Plaintiff, | |
| v. | |
| BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING, | |
| Defendants. | |

# TABLE OF CONTENTS

Page

I.   PRELIMINARY STATEMENT ...................................................................1

II.  FACTUAL BACKGROUND ......................................................................2

III. ARGUMENT ............................................................................................3

    A.   The Related Actions Should Be Consolidated......................................3

    B.   Movant Should Be Appointed As Lead Plaintiff..................................5

        1.   The Governing Law of the PSLRA ...............................................5

        2.   Movant Complied with the PSLRA and Timely
             Filed this Motion..........................................................................6

        3.   Movant has the Largest Financial Interest in the
             Relief Sought by the Class............................................................7

    C.   Movant Otherwise Satisfies the Requirements of
         F.R.C.P. Rule 23 ..............................................................................7

        1.   Movant's Claims Are Typical of the Claims of All
             the Class Members........................................................................8

        2.   Movant Will Adequately Represent the Interests of
             the Class .......................................................................................9

    D.   The Court Should Approve Movant's Choice of Lead
         Counsel............................................................................................10

IV.  CONCLUSION ......................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Brown v. Innerworkings, Inc.*,
  2018 WL 4859154 (C.D. Cal. July 27, 2018) ...................................................... 8, 9

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ...................................................................... 7, 8

*Crihfield v. CytRx Corp.*,
  2016 WL 10587938 (C.D. Cal. Oct. 26, 2016) ........................................................ 4

*Deora v. NantHealth, Inc.*,
  2017 WL 3084161 (C.D. Cal. May 31, 2017).......................................................... 4

*Investors Research Co. v. U.S. District Court for Cent. Dist. of Cal.*,
  877 F.2d 777 (9th Cir. 1989) .......................................................................... 4

*Middlesex Cty. Ret. Sys. v. Semtech Corp.*,
  2010 WL 11507255 (C.D. Cal. Aug. 27, 2010) ...................................................... 8

*Vignola v. FAT Brands, Inc. et al.*,
  2018 WL 6356109 (C.D. Cal. Nov. 16, 2018) ...................................................... 7, 9

*Yousefi v. Lockheed Martin Corp.*,
  70 F. Supp. 2d 1061 (C.D. Cal. 1999).................................................................. 5

## STATUTES

15 U.S.C. § 77z-1(a)(3)(B)(i) .............................................................................. 5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) .......................................................................... 6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).......................................................................... 6

15 U.S.C. § 78u-1(a)(3)(B)(iii)(I) and (II)................................................................ 10

15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I)...................................................................... 5

15 U.S.C. § 78u-4(a)(3)(A)(i).............................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)................................................................................ 6

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - ii
Case No.: 2:22-cv-08406-ODW-AGR
011147-11/2132324 V1

15 U.S.C. § 78u-4(a)(3)(B)(i) ................................................................... 2, 5

15 U.S.C. § 78u-4(a)(3)(B)(ii) ...................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................... 11

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................ 6, 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ........................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ........................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ................................................................ 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ......................................................... 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa) ............................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................... 10

15 U.S.C. § 78u-4(a)(3) ............................................................................... 1

PSLRA ............................................................................................... *passim*

Securities Exchange Act of 1934 Section 21D(a)(3)(B)(iii)(I)(cc) ................ 7

## OTHER AUTHORITIES

141 Cong. Rec. S8895 ................................................................................. 6

F.R.C.P. Rule 23 ......................................................................................... 7

Fed. R. Civ. P. 42(a) ........................................................................... 1, 4, 5

Federal Rule of Civil Procedure 23 ...................................................... *passim*

Federal Rule of Civil Procedure 23(a) ......................................... 7, 8, 10, 11

David Boulware ("Dr. Boulware" or "Movant"), hereby moves the Court for an order consolidating the above-referenced related actions, appointing Movant as Lead Plaintiff and for approval of his selection of lead counsel. Movant makes this motion pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3). Movant is believed to be the movant with the largest financial interest in the outcome of this litigation. Movant satisfies the requirements of Federal Rule of Civil Procedure 23 in that his claims are typical of the claims of the class and he will fairly and adequately represent the interests of the class. Movant has selected experienced and effective counsel as proposed lead counsel, Hagens Berman Sobol Shapiro LLP ("Hagens Berman").

## I.    PRELIMINARY STATEMENT

The two above-captioned Related Actions[1] assert substantially identical claims of securities fraud against identical Defendants on behalf of the same class of investors that purchased Bird Global securities during the same class period. Accordingly, the cases should be consolidated. See Fed. R. Civ. P. 42(a).

Dr. Boulware is the movant most capable of adequately representing the interests of class members. As described in the certification and loss chart attached to the Declaration of Lucas E. Gilmore at Exs. A and B ("Gilmore Decl.")[2], Movant has suffered a loss in excess of $46,289 as a result of his purchases of Bird Global, Inc. ("Bird Global" or "Company"), formerly known as Switchback II Corporation ("Switchback") securities between May 14, 2021 and November 14, 2022, both dates inclusive (the "Class Period"). Movant believes that he has sustained the largest loss of any qualified investor seeking to be appointed as Lead Plaintiff.

---

[1] *Arias v. Bird Global, Inc., et al.*, No. 2:22-cv-08406-ODW-AGR (C.D. Cal.) ("Arias Compl.") and *Cain v. Bird Global, Inc., et al.*, No. 2:22-cv-09178-ODW-AGR (C.D. Cal.) ("Cain Compl.").

[2] "Gilmore Decl." refers to the Declaration of Lucas E. Gilmore in Support of Motion to Consolidate the Related Actions, Appoint David Boulware as Lead Plaintiff and to Approve His Selection of Lead Counsel.

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 1
Case No.: 2:22-cv-08406-ODW-AGR
011147-11/2132324 V1

Moreover, Movant satisfies both the applicable requirements of the PSLRA and Federal Rule of Civil Procedure 23 ("Rule 23"). In addition to evidencing the largest financial interest in the outcome of this litigation, Movant's certification demonstrates his intent to serve as Lead Plaintiff in this litigation, including his cognizance of serving in that role.[3] Movant is also qualified to represent the class. Dr. Boulware, a medical doctor and researcher in Minneapolis, Minnesota, is more than well-equipped to serve as Lead Plaintiff. Movant respectfully submits that he should be appointed as Lead Plaintiff in this action, and that this Honorable Court should approve his selection of the law firm Hagens Berman Sobol Shapiro LLP as lead counsel in this action.

## II.    FACTUAL BACKGROUND

Switchback was a special purpose acquisition company formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses.

Bird is purportedly a micromobility company engaged in delivering electric transportation solutions for short distances. The Company partners with cities to bring lightweight, electric vehicles to residents and visitors in an effort to replace car trips by providing an alternative sustainable transportation option. Bird's offerings include its core vehicle-sharing business and operations ("Sharing"), and sales of Bird-designed vehicles for personal use ("Product Sales").

On May 14, 2021, Defendants announced that Switchback and Bird entered into an Agreement and Plan of Merger, which was ultimately approved by shareholders on November 2, 2021. Bird shares then began publicly trading on the NYSE on or about November 5, 2021 under the ticker symbol "BRDS".

---

[3] See Gilmore Decl. Ex. A. The relevant federal securities laws specifically authorize any class member seeking to be appointed lead plaintiff to either file a complaint or move for appointment as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(i).

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 2
Case No.: 2:22-cv-08406-ODW-AGR
011147-11/2132324 V1

The complaints allege that throughout the Class Period, Defendants made materially false and/or misleading statements and omissions of adverse facts pertaining to Bird's business, operations, and financial results. Specifically, Defendants allegedly misrepresented and concealed that: (i) Bird was improperly recording Sharing Revenue for certain trips by its customers where collection was not probable; (ii) as such, Bird overstated its Sharing Revenue for the relevant quarters and fiscal year during the Class Period; (iii) Bird failed to disclose that its internal controls were not effective as they relate to calculating Sharing Revenue recognition; (iv) as a result, Bird would need to restate its previously disclosed Sharing Revenue; and (v) as a result, Defendants' public statements were materially false and misleading at all relevant times.

The truth allegedly emerged on November 14, 2022, when Bird announced that investors should no longer rely on the Company's audited financial statements for the years ended Dec. 31, 2021 and 2020, its quarterly financial statements within those years, or on its financial statements for the quarters ended March 31 and June 30, 2022. The Company admitted it improperly recorded Sharing revenues for those periods when collectability was not probable, and further admitted that it recorded revenues for customers with insufficient pre-loaded wallet balances.

On this news, Bird's share price declined $0.069 per share, or 15.94%, from the prior trading date to close on November 14, 2022 at $0.364 per share, damaging investors such as movant.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 3
Case No.: 2:22-cv-08406-ODW-AGR
011147-11/2132324 V1

appropriate under Federal Rule of Civil Procedure 42(a) where, as here, the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a) ("[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.").

Rule 42(a) affords the Court broad discretion to consolidate cases in this district. *Investors Research Co. v. U.S. District Court for Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir. 1989) (district court has broad discretion to consolidate cases pending in the same district). Consolidation is appropriate, where, as here, the actions involve common questions of law and fact, and consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also* Manual for Complex Litigation (Third), § 20.123 (1995). Courts recognize that class action shareholder suits are "particularly well suited to consolidation" because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *Deora v. NantHealth, Inc.*, No. 2:17-cv-01825-TJH-MRW, 2017 WL 3084161, at *3 (C.D. Cal. May 31, 2017); *see also Crihfield v. CytRx Corp.*, No. 2:16-cv-05519-SJO-SK, 2016 WL 10587938, at *2 (C.D. Cal. Oct. 26, 2016) (finding that the consolidation of a securities class action "expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved.") (*citing Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 5:13-cv-05368-LHK, 2014 WL 2604991, at *3 (N.D. Cal. June 10, 2014).

Here, the Related Actions present identical factual and legal issues. Both Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act, name the same Defendants, and stem from the same underlying operative facts and circumstances. Consolidation would plainly expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense. Accordingly, the Actions are appropriate for consolidation and should be consolidated pursuant to Rule 42(a). *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).

**B.      Movant Should Be Appointed As Lead Plaintiff**

**1.      The Governing Law of the PSLRA**

The PSLRA governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I). The PSLRA requirements are both procedural and substantive. *Id.* The Court:

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

There is a rebuttable presumption that the lead plaintiff presumed to be most capable of adequately representing the Class is the investor that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added). Congress' goal in enacting the PSLRA was to empower investors to "have greater control over their class action cases."[4]

### 2. Movant Complied with the PSLRA and Timely Filed this Motion

The first procedural requirement is that the plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the class action was filed on November 17, 2022, and notice was published nationally via *Business Wire* (a national business-oriented wire service) the same day. *See* Gilmore Decl., Ex. C (Published Notice).

The second procedural requirement is met within sixty days after publication of notice, when "any person" who is a member of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa). After the procedural requirements are satisfied, the Court is charged with selecting the class member "most capable of adequately representing the interests of the class" to serve as Lead Plaintiff, based on the substantive considerations outlined in the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Only by a showing that a presumptive Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under the PSLRA test, Movant meets the criteria of "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed Class. First, Movant met the procedural requirements of the PSLRA by timely moving this Court for appointment as Lead Plaintiff within sixty days of publication of the notice. Accordingly, Movant meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa),

---

[4] *See* 141 Cong. Rec. S8895 (Sen. D'Amato) ("the legislation empowers investors so that they, not their lawyers, have greater control over their class action cases") (June 22, 1995).

and has filed his motion within the 60-day time period requirement. Next, as outlined below, Movant has the largest known financial interest in the case and he satisfies the requirements of Rule 23. Movant has hired reputable and experienced counsel and possess the willingness, resources, and expertise to obtain excellent results for the Class. Finally, Movant is not subject to any unique defenses that would bar his ability to represent the class.

Consequently, this Court should appoint Movant as Lead Plaintiff.

### 3. Movant has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As a result of his purchases of Bird Global securities during the Class Period, Movant has suffered losses of over $46,289. Gilmore Decl., Exs. A and B.  To the best of the Movant's knowledge, this represents the largest known financial interest in the relief sought by the Class. Movant, therefore, is presumptively the most adequate to serve as Lead Plaintiff.

### C. Movant Otherwise Satisfies the Requirements of F.R.C.P. Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provides that the lead plaintiff must satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a).[5]

At this stage of the litigation, however, courts focus only on the typicality and adequacy requirements of Rule 23.[6] Further, the inquiry into typicality and adequacy at the lead plaintiff stage are not as rigorous as during a class certification proceeding

---

[5] *See Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 729-30 (9th Cir. 2002).

[6] *See Vignola v. FAT Brands, Inc. et al.,* No. 2:18-cv-70469-PSG-PLA, 2018 WL 6356109, at *3 (C.D. Cal. Nov. 16, 2018) ("[t]he typicality and adequacy requirements . . . are the main focus," and "[e]xamination of the remaining requirements is deferred until the lead plaintiff moves for class certification.") (*citing In re Cavanaugh*, 306 F.3d at 730).

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 7
Case No.: 2:22-cv-08406-ODW-AGR
011147-11/2132324 V1

and Movant must make only a preliminary showing that it meets the Rule 23 typicality and adequacy requirements to be entitled to lead plaintiff status under the PSLRA.[7] As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action.

### 1. Movant's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same course of conduct that gives rise to the claims of the class members and are based on the same legal theory.[8]

The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical, since "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."[9] In this case, the typicality requirement is met because Movant's claims arise from the same conduct as the claims of every other Class Member. Like all Class Period investors, Movant purchased Bird Global securities when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions. Both Movant and the Class Members suffered damages as a result of these purchases. Simply put, Movant, like all the other class members, (1) purchased Bird Global securities between May 14, 2021 and November 14, 2022; (2) purchased Bird Global securities at artificially

---

[7] *See Cavanaugh*, 306 F.3d at 731 (presumptive lead plaintiff must show only "a prima facie showing of typicality and adequacy").

[8] *See Brown v. Innerworkings, Inc.*, No. 8:18-cv-00832-CJC-KES, 2018 WL 4859154, at *1 (C.D. Cal. July 27, 2018) (*citing Guohua Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

[9] *Middlesex Cty. Ret. Sys. v. Semtech Corp.*, No. 2:07-cv-07114-CAS-FMO, 2010 WL 11507255, at *3 (C.D. Cal. Aug. 27, 2010) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, at 1020 (9th Cir. 1998), *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 8
Case No.: 2:22-cv-08406-ODW-AGR
011147-11/2132324 V1

inflated prices as a result of the Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Movant's claims and injuries therefore "arise out of the same event or course of conduct as do the other class members' claims and are based on the same legal theories."[10]

Moreover, Movant is not subject to any unique or special defenses. Thus, he meets the typicality requirement of Rule 23 because his claims are the same as the claims of the other class members.

### 2.    Movant Will Adequately Represent the Interests of the Class

When evaluating whether a class representative is adequate, courts assess whether he "has interests antagonistic to the class, and whether [his] counsel have the necessary capabilities and qualifications."[11] As described below, Movant, a medical doctor and researcher in Minneapolis, Minnesota, will adequately represent the interests of the class.

Movant's interests are clearly aligned with the members of the class because his claims arise from the same conduct as the claims of the Class. There is no evidence of antagonism between Movant's interests and those of proposed class members. Furthermore, Movant has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's shared interests with the members of the class, clearly shows that Movant will adequately and vigorously pursue the interests of the class. In addition, Movant

---

[10] *See Vignola,* 2018 WL 6356109, at *3 *(citing Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999)).

[11] *See Brown,* 2018 WL 4859154, at *2 *(citing In re Emulex Corp.,* 210 F.R.D. 717, 720 (C.D. Cal. 2002)).

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 9
Case No.: 2:22-cv-08406-ODW-AGR
011147-11/2132324 V1

has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent Movant and the class.[12]

In sum, because of Movant's common interests with the class members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Rule 23(a) is met in this case. Therefore, since Movant not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, Movant is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.[13]

### D.      The Court Should Approve Movant's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant selected Hagens Berman to serve as Lead Counsel for the class. Hagens Berman has successfully prosecuted complex class action cases of various types and complex securities fraud actions. Hagens Berman is one of the nation's leading class action law firms, and has earned an international reputation for excellence and innovation in groundbreaking litigation against large corporations. Hagens Berman has recovered hundreds of millions of dollars in losses for individuals and institutions through securities litigation, in cases that frequently result in industry-leading percentage returns for damaged investors.[14] This Court may be assured that in the

---

[12] *See* Gilmore Decl., Ex. D (Firm Résumé).

[13] The PSLRA clearly envisions a two-part test of a presumption of adequacy and a mechanism for rebutting the presumption. 15 U.S.C. § 78u-1(a)(3)(B)(iii)(I) and (II). Movant meets the presumption of adequacy.

[14] Gilmore Decl., Ex. D (Firm Résumé).

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 10
Case No.: 2:22-cv-08406-ODW-AGR
011147-11/2132324 V1

event that this motion is granted, the members of the class will receive the highest caliber of legal representation.

In sum, because of Movant's common interests with the Class Members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met in this case. Because Movant not only meets both the typicality and adequacy Requirements of Rule 23(a), but has also sustained the largest amount of losses at the hands of the Defendants, Movant is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii), presumptively the most adequate plaintiff to lead this action.

## IV.    CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the related actions; (2) appoint him to serve as Lead Plaintiff in this action; (3) approve his selection of Lead Counsel for the class; and (4) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: January 17, 2023          HAGENS BERMAN SOBOL SHAPIRO LLP

*s/ Lucas E. Gilmore*
          LUCAS E. GILMORE

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
lucasg@hbsslaw.com
reed@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff David Boulware*

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 11
Case No.: 2:22-cv-08406-ODW-AGR
011147-11/2132324 V1