POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for George Newman and*
*Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ARIAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIRD GLOBAL, INC. f/k/a SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING,<br><br>Defendants. | Case No. 2:22-cv-08406-ODW-AGR<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF GEORGE NEWMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL<br><br>DATE:  February 27, 2023<br>TIME:  1:30 p.m.<br>JUDGE:  Otis D. Wright II<br>CTRM:  5D, 5th Floor |
| KAREN CAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIRD GLOBAL, INC. f/k/a SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING,<br><br>Defendants. | Case No. 2:22-cv-09178-ODW-AGR |

MEMORANDUM OF POINTS AND AUTHORITIES - 2:22-cv-08406-ODW-AGR; 2:22-cv-09178-ODW-AGR

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ........................................................................1

II.     STATEMENT OF FACTS ..............................................................................3

III.    ARGUMENT ..................................................................................................6

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ........................................................................................6

    B.    NEWMAN SHOULD BE APPOINTED LEAD PLAINTIFF ......................7

        1.    Newman Is Willing to Serve as Class Representative ...........................8

        2.    Newman Has the "Largest Financial Interest" ......................................9

        3.    Newman Otherwise Satisfies Rule 23's Requirements.........................10

        4.    Newman Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses .................................13

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..............................................................................................14

IV.     CONCLUSION..............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012).......................10

*Hanon v. Dataproducts Corp.*,
976 F.2d 497, 508 (9th Cir. 1992) ..............................................................................11

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018).......................................................................11

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ..........................................................................................9

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779
(E.D.N.Y. Mar. 2, 2007) .....................................................................................9, 14, 15

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...............................................................................9

*In re Petrobras Securities Litigation*,
No. 14-cv-09662 (S.D.N.Y.)........................................................................................14

*In re Solar City Corp. Sec. Litig.*,
No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017).......................11

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) .....................................................................9, 10

*Lax v. First Merchants Acceptance Corp.*,
Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866
(N.D. Ill. Aug. 6, 1997)...............................................................................................9, 10

*Mulligan v. Impax Lab'ys, Inc.*,
No. C-13-1037 EMC, 2013 WL 3354420 (N.D. Cal. July 2, 2013) .............................6

*Nicolow v. Hewlett Packard Co.*,
No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013)...............................10

*Osher v. Guess?, Inc.*,
   No. CV01-00871LGB(RNBX), 2001 WL 861694
   (C.D. Cal. Apr. 26, 2001) ...............................................................................14

*Richardson v. TVIA, Inc.*,
   No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .................6, 11

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ........................................................................12

*Tai Jan Bao v. SolarCity Corp.*,
   No. 14-CV-01435-BLF, 2014 WL 3945879 (N.D. Cal. Aug. 11, 2014) ....................11

**Statutes**

15 U.S.C. §78u-4..............................................................................................*passim*

Private Securities Litigation Reform Act of 1995 .......................................................*passim*

Securities Exchange Act of 1934 ...............................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................................*passim*

Fed. R. Civ. P. 42 ................................................................................................1, 6, 7

Movant George Newman ("Newman") respectfully submits this Memorandum of Points and Authorities in support of his motion pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Newman as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") who purchased or otherwise acquired the publicly traded securities of Bird Global, Inc. ("Bird" or the "Company") f/k/a Switchback II Corporation ("Switchback") between May 14, 2021 and November 14, 2022, both dates inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.   PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Defendants defrauded investors in violation of the Exchange Act.  Bird investors, including Newman, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Bird securities to fall sharply, damaging Newman and other Bird investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are putative class actions alleging violations of the federal securities laws by the same Defendants arising from the same

alleged wrongful conduct.  As such, the Related Actions involve common questions of both law **and** fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, Newman purchased 50,000 Bird shares, expended $56,027 on these purchases, retained 50,000 of his Bird shares, and, as a result of the disclosures of the fraud, incurred losses of approximately $43,265.  *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A.  Accordingly, Newman believes that he has the largest financial interest in the relief sought in the Related Actions.

Beyond his considerable financial interest, Newman also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Newman has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Newman respectfully requests that the Court enter an order consolidating the Related Actions, appointing him as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the Complaints in the Related Actions, Switchback was a special purpose acquisition company formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses.

Bird is purportedly a micromobility company engaged in delivering electric transportation solutions for short distances. The Company partners with cities to bring lightweight, electric vehicles to residents and visitors in an effort to replace car trips by providing an alternative sustainable transportation option. Bird's offerings include its core vehicle-sharing business and operations ("Sharing"), and sales of Bird-designed vehicles for personal use.

On May 14, 2021, Switchback and Bird entered into an Agreement and Plan of Merger.

On November 3, 2021, Switchback filed a press release attached to a Form 8-K. The press release announced that, on November 2, 2021, Switchback's shareholders voted to approve the business combination between Bird and Switchback.

Bird shares began publicly trading on the New York Stock Exchange on or about November 5, 2021.

Throughout the Class Period, Defendants made materially false and/or misleading statements because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and financial results, which were known to Defendants or recklessly disregarded by them.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Bird was improperly recording revenue from its Sharing business ("Sharing Revenue") for certain trips by its customers where collection was not probable; (ii) as such, Bird overstated its Sharing Revenue for the relevant quarters and fiscal year during the Class Period; (iii) Bird failed to disclose that its internal controls were not effective as they relate to calculating Sharing Revenue recognition; (iv) as a result, Bird would need to restate its previously disclosed Sharing Revenue; and (v) as a result, Defendants' public statements were materially false and misleading at all relevant times.

On November 14, 2022, Bird filed a Form 8-K with the U.S. Securities and Exchange Commission announcing that the Company would restate its consolidated financial statements for certain periods due to issues concerning the recognition of Sharing Revenue.  In pertinent part, the press release stated:

> On November 11, 2022, the Audit Committee of the Board of Directors (the "Audit Committee") of Bird Global, Inc. (the "Company"), after discussion with management, determined that (i) *the Company's audited consolidated financial statements as of December 31, 2021 and 2020, and for the years*

MEMORANDUM OF POINTS AND AUTHORITIES - 2:22-cv-08406-ODW-AGR; 2:22-cv-09178-ODW-AGR

4

*then ended, and quarterly periods within those years*, included in the Annual Report on Form 10-K filed with the Securities and Exchange Commission (the "SEC") on March 15, 2022, (ii) *its condensed consolidated financial statements as of March 31, 2022*, and for the three months then ended, included in the Quarterly Report on Form 10-Q filed with the SEC on May 16, 2022 and (iii) *its condensed consolidated financial statements as of June 30, 2022*, and for the three and six months then ended, included in the Quarterly Report on Form 10-Q filed with the SEC on August 15, 2022 (collectively, the "Original Filings", and each such quarterly or annual period covered therein, an "impacted period"), *should no longer be relied upon. Similarly, any previously furnished or filed reports, related earnings releases, investor presentations or similar communications of the Company describing the Company's financial results contained in the Original Filings should no longer be relied upon.*

The determination results from *an error identified in connection with the preparation of the Company's condensed consolidated financial statements* as of September 30, 2022, and the three and nine months then ended, related to its business system configuration *that impacted the recognition of revenue on certain trips completed by customers of its Sharing business ("Rides") for which collectability was not probable. Specifically, for certain customers with insufficient preloaded "wallet" balances, the Company's business systems recorded revenue for uncollected balances following the completion of certain Rides that should not have been recorded. The Company believes the error resulted in an overstatement of Sharing revenue in the consolidated statements of operations for the impacted periods and an understatement of deferred revenue in the consolidated balance sheets as of the end of each impacted period.*

The Company intends to amend the Original Filings as soon as practicable. In connection with the restatement, management has reevaluated the effectiveness of the Company's disclosure controls and procedures. Management has concluded that the Company's disclosure controls and procedures are not effective at a reasonable assurance level, due to a material weakness in its internal control over financial reporting related to the ineffective design of controls around its business systems that resulted in the recording of revenue for uncollected balances following the completion of certain Rides that should not have been recorded. The Company is in the process of designing and implementing controls to remediate these deficiencies.

(Emphases added.)

On this news, Bird's share price plummeted $0.069 per share, or 15.94%, from the prior trading date to close on November 14, 2022 at $0.364 per share, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Lab'ys, Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at *2-3 (N.D. Cal. July 2, 2013).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed."  15

MEMORANDUM OF POINTS AND AUTHORITIES - 2:22-cv-08406-ODW-AGR; 2:22-cv-09178-ODW-AGR

6

U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Section 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the same Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

## B.    NEWMAN SHOULD BE APPOINTED LEAD PLAINTIFF

Newman should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Related Actions to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Newman satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Newman Is Willing to Serve as Class Representative

On November 17, 2022, counsel for the plaintiff in the first-filed of the Related Actions caused the statutorily required Notice of that action to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that the first-filed of the Related Actions had been filed against Bird and other Defendants, and which advised investors in Bird securities that they had until January 17, 2023—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B.

Newman has filed the instant motion pursuant to the Notice and has attached a sworn Certification executed by him attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Newman satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.      Newman Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Newman has the largest financial interest of any Bird investor or investor group seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with courts nationwide,[1] these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015);

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

MEMORANDUM OF POINTS AND AUTHORITIES - 2:22-cv-08406-ODW-AGR; 2:22-cv-09178-ODW-AGR

*Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at \*4 (N.D. Cal. Mar. 4, 2013); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at \*4 (N.D. Cal. Jan. 9, 2012).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 WL 792642, at \*4.

During the Class Period, Newman: (1) purchased 50,000 shares of Bird securities; (2) expended $56,027 on his purchases of Bird securities; (3) retained 50,000 of his shares of Bird securities; and (4) as a result of the disclosure the fraud, incurred losses of approximately $43,265 in connection with his transactions in Bird securities.  *See* Pafiti Decl., Ex. A.  To the extent that Newman possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Newman Otherwise Satisfies Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or

MEMORANDUM OF POINTS AND AUTHORITIES - 2:22-cv-08406-ODW-AGR; 2:22-cv-09178-ODW-AGR

defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2014 WL 3945879, at *3 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 WL 1129344, at *4 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Newman's claims are typical of those of the Class. Newman alleges, like all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to

disclose material facts concerning Bird. Newman, like other Class members, purchased Bird securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Bird's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Newman is an adequate representative for the Class. Here, Newman has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C. There is no antagonism between Newman's interests and those of the Class, and Newman's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, Newman has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In

addition to Pomerantz, Newman is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

Further demonstrating his adequacy, Newman has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. D.

### 4. Newman Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Newman as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Newman's ability and desire to fairly and adequately represent the Class has been discussed above.  Newman is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Newman should be appointed Lead Plaintiff of the Class.

## C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The Court should interfere with the Lead Plaintiff's selection only when necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Newman has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Pafiti Decl., Ex. E.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, U.K., and Tel Aviv, Israel.  *See id.*  For over 85 years, Pomerantz has represented defrauded investors. *See id.*  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010.  *See id.*  More recently, as Lead Counsel on

MEMORANDUM OF POINTS AND AUTHORITIES - 2:22-cv-08406-ODW-AGR; 2:22-cv-09178-ODW-AGR

behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Newman's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute these Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Newman's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, Newman respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Newman as Lead Plaintiff for the Class; and (3) approving Newman's selection of Pomerantz as Lead Counsel for the Class.

Dated: January 17, 2023   Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for George Newman and Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES - 2:22-cv-08406-ODW-AGR; 2:22-cv-09178-ODW-AGR

15

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for George Newman*

CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jennifer Pafiti
Jennifer Pafiti