Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Plaintiff and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ARIAS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, AND YIBO LING, <br><br> Defendants. | No. 2:22-cv-08406-ODW-AGR <br><br> **MEMORANDUM OF LAW OF LAWRENCE LOU IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** <br><br> CLASS ACTION <br><br> JUDGE: Otis D. Wright, II <br> Hearing Date: April 17, 2023 <br> Time: 1:30 p.m. <br> CTRM: 5D (Los Angeles) |

[Additional caption on next page]

MEMORANDUM OF LAW OF LAWRENCE LOU IN OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTIONS — 2:22-cv-08406-ODW-AGR



| KAREN CAIN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING,<br><br>Defendants. | Case No. 2:22-cv-09178-ODW-AGR<br><br>CLASS ACTION<br><br>JUDGE: Otis D. Wright, II |
| --- | --- |

Lawrence Lou ("Movant" or "Mr. Lou") respectfully submits this memorandum in opposition to competing lead plaintiff motions.

## I.     INTRODUCTION

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") courts are to appoint as lead plaintiff the person or group of persons with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. §78u-4(a)(3)(B).

Mr. Lou has triggered the PSLRA's "most adequate plaintiff" presumption. First, no other movant has a larger financial interest than Mr. Lou. David Boulware ("Mr. Boulware") claims $46,289.89 in losses. (Dkt. No. 24-2). However, when accounting only for losses recoverable under *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), Mr. Boulware has

2

$43,818.95 in losses. Mr. Lou has $44,525.00. (Dkt. No. 16-3). Therefore, Mr. Lou has the largest recoverable loss:

| Movant | Losses |
| --- | --- |
| 1. Lawrence Lou | 1. $44,525.00 |
| 2. David Boulware | 2. $43,818.95 |
| 3. George Newman | 3. $43,265.00 |
| 4. Timothy Kane | 4. $37,569.52 |
| 5. Glen Dworkin | 5. 19,858.52 |

Second, as set forth in Mr. Lou's opening papers, he has made a *prima facie* showing of adequacy and typicality under Rule 23. (Dkt. No. 15, at 7-9).

Finally, the presumption that Mr. Lou is the "most adequate plaintiff" — *i.e.* the presumptive lead plaintiff — "may be rebutted only upon proof." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Because competing movants can offer no proof to rebut the presumption in favor of Mr. Lou, the Court should grant Movant's motion in its entirety and deny the competing Lead Plaintiff Motions.

## ARGUMENT

**II.   MR. BOULWARE DOES NOT HAVE THE LARGEST FINANCIAL INTEREST; MR. LOU HAS THE LARGEST FINANCIAL INTEREST**

Mr. Boulware claims $46,289.89 in losses. (Dkt. No. 24-2). However, Mr. Boulware's losses are inflated because he credits losses on shares that he sold during the class period prior to any corrective disclosures.  It is well settled that courts do not credit losses that are not compensable.  As the Supreme Court

3

MEMORANDUM OF LAW OF LAWRENCE LOU IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS — 2:22-cv-08406-ODW-AGR

explained in *Dura*, only losses attributable to the alleged fraud are recoverable. *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 342, 346 (2005) ("[If] the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss. [. . .] The [PSLRA] thereby makes clear Congress' intent to permit private securities fraud actions for recovery where, but only where, plaintiffs adequately allege and prove the traditional elements of causation and loss."); *Shi v. Ampio Pharms., Inc.*, No. CV1807476SJORAOX, 2019 WL 13149926, at *3 (C.D. Cal. Sept. 27, 2019) ("Here, the complaint alleges that the class members purchased shares at artificially inflated prices, but does not allege a corresponding fall in price until the corrective disclosure was made. ***Thus, any shares that were sold prior to this disclosure are not properly included in a defendant's loss because their price was not negatively affected by the alleged wrongdoing.***"); *HsingChing Hsu. v. Puma Biotechnology, Inc.* No. SACV1500865AGSHKX, 2019 WL 11637311, at *2 (C.D. Cal. May 22, 2019 ("***An inflated purchase payment may not lead to any loss when, for example, the purchaser quickly sells the shares "before the relevant truth begins to leak out."*** "); *In re Daou Sys., Inc.*, 411 F.3d 1006, 1026 (9th Cir. 2005) ("Plaintiffs' economic loss was not that they purchased stock at inflated prices; rather, ***their economic loss was the decline in their stock value that was the direct result of [Defendant]'s misrepresentations.***"); *In re Comverse Technology, Inc. Securities Litigation*, 2007 WL 680779, at *4 (E.D.N.Y. March 2, 2007) ("[U]nder *Dura* and its progeny, any losses that [movant] may have incurred before [Defendant's] misconduct was ever disclosed to the public are not recoverable, because ***those losses cannot be proximately linked to the misconduct at issue in this litigation.*** While the *Dura* Court decided a motion to dismiss, and not a lead plaintiff motion, the logical outgrowth of that holding is

4

that ***any such losses must not be considered in the recoverable losses calculation that courts engage in when selecting a lead plaintiff.***") (Emphasis added); *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 237-40 (E.D.N.Y. 2011) ("[L]osses incurred before the misconduct is disclosed to the public are not recoverable because they cannot be proximately linked to the misconduct. [. . .] Many other courts have similarly considered loss causation in determining the appointment of lead plaintiff.").

Following this authority as this Court should, and excluding losses on shares sold prior to a corrective disclosure, Mr. Boulware's losses are only $43,818.95. Mr. Lou's losses are $44,525.00. Therefore, Mr. Lou has the largest financial interest.

## III.    MR. LOU SHOULD BE APPOINTED LEAD PLAINTIFF

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. After determining that notice of the action is appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.*, at 730 (emphasis in original). Importantly, "a straightforward application of the statutory scheme … provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id.*, at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

5

Utilizing this simple process confirms that Mr. Lou is the presumptive lead plaintiff and the Court should grant Movant's motion.

Mr. Lou has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Movant has the largest losses of any movants before the Court. Therefore, Mr. Lou has the largest financial interest.

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Cendant*, 264 F.3d at 263 ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

Like all purported class members, Mr. Lou alleges that Defendants violated the Securities Exchange Act of 1934 by publicly disseminating false and misleading statements about Bird Global's business. Mr. Lou purchased Bird Global securities at artificially inflated prices and was damaged thereby. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, Movant satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999). Mr. Lou has demonstrated his adequacy as class representative by submitting a sworn certification affirming to his willingness to serve as, and carry out the responsibilities of, class representative (Dkt. No. 16-2). Based on his financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage,

6

Mr. Lou has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

## IV.    MR. LOU'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

Here, Mr. Lou selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. As demonstrated in its opening papers (Dkt. No. 15, at 9-10), Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As such, the Court should grant Movant's selection of Rosen Law as Lead Counsel.

## V.    COMPETING MOTIONS SHOULD BE DENIED

7

MEMORANDUM OF LAW OF LAWRENCE LOU IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS — 2:22-cv-08406-ODW-AGR

The competing motions should be denied as Mr. Lou has the largest financial interest in the litigation and should therefore be appointed lead plaintiff without further analyses.

In no way is Mr. Lou conceding or acknowledging that the other movants are adequate and/or typical.  Movant respectfully reserves the right to address questions of adequacy and/or typicality.

## VI.    CONCLUSION

For the foregoing reasons, Movant respectfully request that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) denying competing Lead Plaintiff Motion.

Dated:   February 6, 2023          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
 /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Plaintiff and the Class*

8

MEMORANDUM OF LAW OF LAWRENCE LOU IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS — 2:22-cv-08406-ODW-AGR

## PROOF OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On February 6, 2023, I electronically filed the following **OPPOSITION OF LAWRENCE LOU TO COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on February 6, 2023.

/s/ Laurence M. Rosen
Laurence M. Rosen

9

MEMORANDUM OF LAW OF LAWRENCE LOU IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS — 2:22-cv-08406-ODW-AGR