Reed R. Kathrein (139304)
reed@hbsslaw.com
Lucas E. Gilmore (250893)
lucasg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001

*Attorneys for [Proposed] Lead Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MARIO ARIAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING,<br><br>Defendants. | No. 2:22-cv-08406-ODW-AGR<br><br>**DAVID BOULWARE'S RESPONSE IN SUPPORT OF HIS MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date:       April 17, 2023<br>Time:      1:30 p.m.<br>Courtroom: 5D, 5th Floor<br>Judge:     Hon. Otis D. Wright, II<br><br>ORAL ARGUMENT REQUESTED |

[Caption continued on the next page.]

RESPONSE ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL
Case No.: 2:22-cv-08406-ODW-AGR

| KAREN CAIN, Individually and On Behalf of All Others Similarly Situated, | No. 2:22-cv-09178-ODW-AGR |
|---|---|
| Plaintiff, | |
| v. | |
| BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING, | |
| Defendants. | |

## I.   INTRODUCTION

Five motions for appointment as lead plaintiff are pending before this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1] A review of the competing filings reveals that movant David Boulware, M.D. ("Dr. Boulware") is the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

First, Dr. Boulware claims the largest financial interest, having suffered $46,289.89 in losses on his Class Period transactions (ECF No. 24-2), which is the primary focus of the PSLRA appointment criteria. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

| **Movant** | **Loss Claimed** |
|---|---|
| David Boulware | $46,289.89 |
| Lawrence Lou | $44,525.00 |
| George Newman | $43,265.00 |
| Timothy R. Kane | $37,569.52 |
| Glen Dworkin | $19,858.52 |

While movants Lou's and Newman's purported losses are close to Dr. Boulware's loss (ECF Nos. 16-3 and 28-1), for purposes of identifying the movant with the largest financial interest, "***any financial difference is meaningful***." *Hessefort v. Super Micro Comp., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (emphasis added) (collecting cases).

---

[1] All capitalized terms are defined in Boulware's initial brief, unless otherwise indicated. *See* ECF No. 24.

RESPONSE ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 1
Case No.: 2:22-cv-08406-ODW-AGR

***Second***, Dr. Boulware also made a *prima facie* showing of typicality and adequacy. Here, like other class members, Dr. Boulware's claims raise the common question of whether Defendants made material misrepresentations that artificially inflated the Company's stock price. Moreover, Dr. Boulware, a medical doctor and researcher who resides in Minneapolis, Minnesota, has demonstrated his adequacy given his significant financial stake and ability to zealously prosecute the class's claims.

Having satisfied these two steps, Dr. Boulware is entitled to a strong presumption that he is the "most adequate plaintiff." That presumption can only be rebutted "upon proof" that Dr. Boulware is inadequate or atypical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that Dr. Boulware is somehow unfit to represent the Class. Accordingly, the Court should appoint Dr. Boulware Lead Plaintiff and approve his choice of counsel.

## II.   ARGUMENT

### A.   Dr. Boulware's Financial Interest in this Action is Larger than Any Other Movant

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Dr. Boulware suffered losses of $46,289.89 on his purchases of Bird Global securities during the Class Period. *See* Gilmore Decl., Ex. B (ECF No. 24-2). Thus, Dr. Boulware indisputably has the largest financial interest in the relief sought by the Class. *See*, *Lechner v. InfuSystem Holdings, Inc.*, 2017 WL 5640523, at *3 (C.D. Cal. Feb. 17, 2017) (comparing movants' claimed losses in evaluating movants' respective financial interest).

Any contention that losses should not control the selection of lead plaintiff because the difference in losses between other movants and Dr. Boulware is *de minimus*, is without merit. Courts have consistently rejected identical arguments, holding "that any financial difference is meaningful in determining a lead plaintiff." *Super Micro Comp., Inc.*, 317 F. Supp. 3d at 1060; *see also*, *Hall v. Medicis Pharm.*

*Corp.*, 2009 WL 648626, at *6 (D. Ariz. Mar. 11, 2009) ("[T]he Court cannot rely on the fact that the difference between Steamfitters and Rand is only a few hundred dollars. Rand has a greater financial stake in the controversy, however minute that greater stake may be in relation to the overall damage claim."); *Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004) ("Although the Massachusetts Group concludes that the '*de minimus*' difference of $26,000 should not be conclusive on the financial interest determination, the Ninth Circuit has given no indication that courts are free to ignore the statutory presumption given to the plaintiff with the 'largest financial interest in the relief sought by the class.'").

## B. Dr. Boulware also Satisfies the Typicality and Adequacy Requirements of Rule 23

Dr. Boulware also satisfies the typicality and adequacy requirements of Rule 23. As demonstrated in Dr. Boulware's moving papers, Dr. Boulware is a typical class representative. Here, like all other Class members, Dr. Boulware: (1) purchased Bird Global shares on the open market during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements; and (3) was harmed when the truth was revealed. "Because of shared claims based on similar legal theory and events, [Dr. Boulware] satisfies the typicality requirement." *InfuSystem Holdings, Inc.*, 2017 WL 5640523, at *4.

Dr. Boulware similarly satisfies Rule 23's adequacy requirement because he is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). Dr. Boulware has a substantial financial stake in the litigation as well as the incentive and ability to vigorously pursue the Class's claims. Further, Dr. Boulware's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Dr. Boulware and the Class. Finally, Dr. Boulware's selected counsel, Hagens Berman, is highly experienced in securities litigation. *See* Gilmore Decl., Ex. D (ECF No. 24-4).

RESPONSE ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 3
Case No.: 2:22-cv-08406-ODW-AGR

Because there is no contrary evidence against Dr. Boulware, the Court should appoint Dr. Boulware as lead plaintiff.

**C.   Hagens Berman Should Be Appointed Lead Counsel**

Dr. Boulware's counsel, Hagens Berman, readily satisfies statutory requirements for lead class counsel and would fairly and adequately represent the class. Hagens Berman has also previously prosecuted a number of similar securities fraud class actions and has been successful. *See id*. at pages 31-32. Because Hagens Berman has demonstrated its competency to represent the class, the Court should appoint Hagens Berman as lead counsel.

## III.   CONCLUSION

For the reasons discussed above and in the opening brief (ECF No. 24), Dr. Boulware respectfully requests that the Court consolidate the related actions, appoint him Lead Plaintiff, and approve his selection of Hagens Berman as Lead Counsel for the Class.

Respectfully submitted,

DATED: February 6, 2023                HAGENS BERMAN SOBOL SHAPIRO LLP

*s/ Lucas E. Gilmore*
LUCAS E. GILMORE

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
lucasg@hbsslaw.com
reed@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff David Boulware*

RESPONSE ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 4
Case No.: 2:22-cv-08406-ODW-AGR