Reed R. Kathrein (139304)
reed@hbsslaw.com
Lucas E. Gilmore (250893)
lucasg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001

*Attorneys for [Proposed] Lead Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MARIO ARIAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING,<br><br>Defendants. | No. 2:22-cv-08406-ODW-AGR<br><br>**DAVID BOULWARE'S REPLY IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** |

[Caption continued on the next page.]

REPLY ISO MOT. TO APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL
Case No.: 2:22-cv-08406-ODW-AGR

KAREN CAIN, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

  v.

BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING,

        Defendants.

No. 2:22-cv-09178-ODW-AGR

In accordance with the Court's May 9, 2023 Order Regarding Filing of Rebuttal Evidence (ECF No. 53), movant David Boulware ('Dr. Boulware") hereby submits this reply brief in support of his motion for appointment as lead plaintiff, which is limited solely to addressing and rebutting competing movant Timothy R. Kane's ("Mr. Kane") adequacy and typicality challenges to Dr. Boulware under U.S.C. § 78u-4(a)(3)(B)(iii)(II).[1]

## I.    THE COURT SHOULD DECLINE MR. KANE'S REQUEST TO SHRINK THE CLASS'S DAMAGES

Mr. Kane erroneously contends that Dr. Boulware's (as well as movants Lou's and Newman's) lead plaintiff applications are "defective" since these movants calculated their loss calculations on shares held through the alleged corrective disclosure by commencing the PSLRA's 90-day lookback period on November 15, 2022.  ECF No. 51 at p. 20. According to Mr. Kane, the 90-day lookback period should commence a day earlier on November 14, 2022, the calendar date on which the alleged corrective disclosures were made. *Id.* at pp. 20-23. Mr. Kane contends the competing movants' failure to apply the "clear-cut, bright-line language of the PSLRA" renders them inadequate.  *Id.* at p. 20.  This adequacy challenge fails for several reasons.

***First***, Mr. Kane's argument misconstrues both the PSLRA and the factual record.  The PSLRA dictates that the date to commence the 90-day lookback period is "the date on which the information correcting the misstatement or omission that is the basis for the action is ***disseminated to the market***." 15 U.S.C. § 78u-4(e)(1).  Here, the alleged fraud concerns Defendants' misrepresentations and omissions concerning Bird Global's improper recording of Sharing Revenue for certain trips by its customers where collection was not probable. ECF No. 1 at ¶ 26. The information correcting

---

[1] As set forth in the parties' Joint Submission RE: Lead Plaintiff (ECF No. 51), the remaining competing movants, Lawrence Lou ("Lou") and George Newman ("Newman"), do not challenge Dr. Boulware's adequacy.

these statements and omissions was not fully disseminated to the market until after trading had already closed on November 14, 2022.

Specifically, in addition to Bird Global filing a Form 8-K with the SEC announcing that the Company would restate its consolidated financial statements on November 14, 2022 prior to the market opening, later that same day, *five minutes after the close of the market at 4:05 pm Eastern time*, Bird Global released restated historical revenue and announced that it was withdrawing its previous fiscal year 2022 revenue guidance, in part due to the restatement. Gilmore Reply Decl., Ex. 1. Thereafter, from 4:30 pm - 5:12 pm Eastern, the Company hosted a Q3 2022 earnings call with analysts, in which Defendants expanded on the cause and impact of the restatement on Bird's historical revenue. Gilmore Reply Decl., Ex. 2.  Significantly, the market reacted adversely to this new, corrective information, as Bird Global's stock fell an additional 20% from $0.3640 per share at the close of market on November 14, 2022 to $0.2940 at the close of market on November 15, 2022. Gilmore Reply Decl., Ex. 3.  Since the actual corrective information was released and the fraud was not fully revealed until after the close of the market on November 14, 2022, Dr. Boulware (as well as movants Lou and Newman) properly commenced on November 15, 2022, the actual trading date on which the information fully correcting the misstatement or omission that is the basis for the action was disseminated to and digested by the market.  *See* ECF No. 51 at p. 11, citing *Lundy v. Ideanomics, Inc.*, 2020 WL 7389027, at *3, n. 7 (S.D.N.Y. Dec. 16, 2020) (rejecting movant's attempt to start 90-day period because argument ignored corrective information and was contrary to the alleged class definition).

*Second*, Mr. Kane's argument undermines his adequacy to represent the class as it evinces Mr. Kane's willingness to limit his own and the putative class's damages before Defendants have even responded to the allegations.  Consequently, the Court should be skeptical of Mr. Kane's "self-serving" arguments which, if successful, may

foreclose the lead plaintiff's ability to attempt to pursue a recovery for significant alleged partial disclosures and a substantial amount of the alleged fraud-based stock price inflation in this case. *See, e.g., Marcus v. J.C. Penney Co., Inc.*, 2014 WL 11394911, at *7 (E.D. Tex. Feb. 28, 2014) (finding that lead plaintiff applicant's argument that sought to limit the potential amount of damages available to the class was "precisely the type of rebuttable evidence provided in the PSLRA that would prohibit this Court from appointing [the movant] lead plaintiff.").

*Finally*, even if the date to commence the 90-day lookback period should begin on November 14, 2022, Mr. Kane has offered no authority or compelling reason that an applicant's misapplication of the 90-day lookback renders the applicant inadequate. To the contrary, as Dr. Boulware has demonstrated, courts have rejected similar challenges. *See*, ECF No. 51 at p. 30, citing *Ideanomics*, 2020 WL 7389027, at *3, n. 7.

## II.  DR. BOULEWARE HAS PROVIDED THE REQUISITE INFORMATION ABOUT HIMSELF TO ESTABLISH HIS ADEQUACY AND TYPICALITY

Contrary to Mr. Kane's contentions (ECF No. 51 at pp. 25-26), Dr. Boulware has provided sufficient evidence establishing his typicality and adequacy. As demonstrated in Dr. Boulware's PSLRA certification, Dr. Boulware is a typical class representative. ECF No. 24-1. Specifically, the sworn Certification shows that, like all other Class members, Dr. Boulware: (1) purchased Bird Global shares on the open market during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements; and (3) was harmed when the truth was revealed. *Id*. "Because of shared claims based on similar legal theory and events, [Dr. Boulware] satisfies the typicality requirement." *InfuSystem Holdings, Inc.*, 2017 WL 5640523, at *4.

Dr. Boulware similarly satisfies Rule 23's adequacy requirement because he is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4).  Dr. Boulware has a substantial financial stake in the litigation as well as the

REPLY ISO MOT. TO APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 3
Case No.: 2:22-cv-08406-ODW-AGR

incentive and ability to vigorously pursue the Class's claims. Indeed, Dr. Boulware's sworn certification expressly notes that he has "authorized the filing of a motion for appointment as lead plaintiff", and is "willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary." ECF No. 24-1 at ¶¶ 1, 3. Further, Dr. Boulware's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Dr. Boulware and the Class. Finally, Dr. Boulware's selected counsel, Hagens Berman, is highly experienced in securities litigation. *See* ECF No. 24-4.

Mr. Kane contends that Dr. Boulware has not provided sufficient information about his background and experience. ECF No. 51 at pp. 25-26. But even if such background information were required, Boulware did provide such information. Boulware repeatedly indicated that he is a medical doctor and researcher in Minneapolis, Minnesota. ECF No. 21 at 1, 9. A simple internet search of these terms brings up Boulware's education and work experience. Dr. Boulware is a Professor of Medicine at the University of Minnesota and works as an infectious disease physician-scientist. Gilmore Reply Decl., Ex. 4. Dr. Boulware graduated from Wabash College with a Bachelor of Arts degree. *Id*. at Ex. 5. He then obtained a Doctor of Medicine degree (MD) from Indiana University School of Medicine. *Id*. He also obtained a Master of Public Health degree in Epidemiology from the University of Minnesota. *Id*. Thus, Dr. Boulware is more than qualified to lead the class. Tellingly, despite having several months to conduct an investigation on Dr. Boulware, Mr. Kane has not uncovered any fact bearing on Boulware's inadequacy – because there is none.

\*\*\*

Based on the foregoing, Dr. Boulware respectfully requests that the Court appoint him Lead Plaintiff and approve his selection of Hagens Berman as Lead Counsel for the Class.

Respectfully submitted,

DATED: May 16, 2023          HAGENS BERMAN SOBOL SHAPIRO LLP

                             *s/ Lucas E. Gilmore*
                                 LUCAS E. GILMORE

                             Reed R. Kathrein (139304)
                             Lucas E. Gilmore (250893)
                             715 Hearst Avenue, Suite 202
                             Berkeley, CA  94710
                             Telephone: (510) 725-3000
                             Facsimile:  (510) 725-3001
                             lucasg@hbsslaw.com
                             reed@hbsslaw.com

                             *Attorneys for [Proposed] Lead Plaintiff*
                             *David Boulware*

REPLY ISO MOT. TO APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 5
Case No.: 2:22-cv-08406-ODW-AGR