Sophia M. Rios (SBN 305801)
BERGER MONTAGUE PC
401 B Street, Suite 2000
San Diego, CA 92101
Telephone: (619) 489-0300
Email: srios@bm.net

*Attorneys for [Proposed] Lead Plaintiff*
*Timothy R. Kane*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MARIO ARIAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIRD GLOBAL, INC. F/K/A SWITCHBACK II CORPORATION, TRAVIS VANDERZANDEN, and YIBO LING,<br><br>Defendants. | No. 2:22-cv-08406-ODW-AGR<br><br>**MOVANT TIMOTHY R. KANE'S BRIEF PURSUANT TO MAY 9, 2023 ORDER REGARDING FILING OF REBUTTAL EVIDENCE**<br><br>Courtroom:   5D, 5th Floor<br>Judge:          Hon. Otis D. Wright, II |

TIMOTHY R. KANE'S BRIEF REGARDING REBUTTAL EVIDENCE
Case No.: 2:22-cv-08406-ODW-AGR

Movant Timothy R. Kane ("Kane") respectfully submits this Brief Pursuant to the Court's May 9, 2023 Order Regarding Filing of Rebuttal Evidence (ECF No. 53),[1] and states as follows:

## I.   THE ROLE OF REBUTTAL EVIDENCE IN THE PSLRA'S LEAD PLAINTIFF APPOINTMENT ANALYSIS

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the "most adequate plaintiff" – the movant entitled to appointment as lead plaintiff – is the movant asserting the largest financial interest in the relief sought by the class who *also* makes a *prima facie* showing of typicality and adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing the process for selecting a lead plaintiff under the PSLRA).

The PSLRA sets forth a three-step process for the selection of a lead plaintiff: (1) "[t]he first step consists of publicizing the pendency of the action, the claims made and the purported class period"; (2) "[i]n step two, the district court must consider the losses allegedly suffered by the various plaintiffs before selecting…the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the [adequacy and typicality] requirements of Rule 23 of the Federal Rules of Civil Procedure'"; and (3) "[t]he third step of the process is to *give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements*." *Id.* at 729-30 (emphasis added).

Pursuant to the Court's May 9, 2023 Order, this Brief focuses on the third step: rebuttal evidence. Under the PSLRA, rebuttal evidence comes into play when such evidence "would demonstrate that the presumptive lead plaintiff: (1) 'will not fairly and adequately protect the interests of the class' or (2) 'is subject to unique defenses that

---

[1] The Court's May 9, 2023 Order permitted the remaining lead plaintiff movants to submit briefs containing rebuttal evidence, as provided in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). (*See* ECF No. 53.)

render such plaintiff incapable of adequately representing the class.'" *See Lechner v. InfuSystem Holdings, Inc.*, No. 2:16-cv-08295 (ODW) (AGRx), 2017 WL 5640523, at *2 (C.D. Cal. Feb. 17, 2017).

As argued by movant Kane in Competing Movants' Joint Submission Re: Lead Plaintiff (ECF No. 51), all of the other movants suffer from disqualifying defects that subject them to unique defenses and challenges to their adequacy. Thus, in order to save the purported class from the unnecessary and potentially costly burden of litigating those unique challenges that do not go to the merits, the motions of Boulware, Lou, and Newman should be rejected, and movant Kane should be appointed lead plaintiff.

## II.    MOVANT KANE HAS PROVIDED SUFFICIENT EVIDENCE TO REBUT ANY PRESUMPTION AFFORDED TO THE REMAINING MOVANTS

In the Competing Movants' Joint Submission Re: Lead Plaintiff, movant Kane provided ***proof***, as the PSLRA requires, that Boulware, Lou, and Newman fail to satisfy the adequacy requirement of Rule 23. By contrast, Boulware, Lou, and Newman do not assert that movant Kane suffers from any disqualifying defect. Therefore, as movant Kane stands alone as the ***only*** movant who satisfies the typicality and adequacy requirements – and has a financial interest only $8,640 less than that claimed by Boulware (who claims the largest loss despite disqualifying defects) – he should be appointed lead plaintiff.

### A.    Boulware, Lou, And Newman Should Be Disqualified Because They Misapplied The PSLRA's "90-Day Lookback" Provision

Boulware, Lou, and Newman all failed to comply with the clear-cut, bright-line language of the PSLRA when calculating their losses. The PSLRA's "90-day lookback" provision guides the calculation of losses for retained shares – that is, shares purchased during the class period and held for at least 90 days following the last day of the class period. As this Court has plainly recognized, the 90-day lookback price "is the average trading price of the share during the 90 days after the market learns of the fraud." *Knox*

TIMOTHY R. KANE'S BRIEF REGARDING REBUTTAL EVIDENCE
Case No.: 2:22-cv-08406-ODW-AGR                                                              2

*v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1164 fn. 3 (C.D. Cal. 2015) (Wright, J.); *In re Wrap Technologies, Inc. Securities Exchange Act Litigation*, No. 20-cv-8760 (DMG) (PVC), 2021 WL 71433 at *2 (Jan. 1, 2021 C.D. Cal.) ("the PSLRA itself provides for a statutory cap on damages that is calculated based on the "difference between the purchase or sale price paid ... by the plaintiff for the subject security and the mean trading price of that security during the 90-day period ***beginning on the date on which [disclosure is made]***.") (emphasis added).

Here, the 90-day period begins on ***November 14, 2022***, the date of the corrective disclosure event alleged in the initial complaints filed by counsel for Lou and Newman. (*See* ECF No. 1, at 7 and ECF No. 1, at 8 (No. 2:22-cv-09178) (both complaints allege that the market reacted to the November 14, 2022 disclosure, closing down "$0.0069 per share, or 15.94%, from the prior trading date to close on November 14, 2022 at $0.364 per share.").) Therefore, the PSLRA compels that the 90-day lookback period for the calculation of retained shares begins on November 14, 2022.

Notwithstanding the clear statutory directive, the loss calculations submitted by Boulware, Lou, and Newman indicate that they incorrectly started the 90-day lookback period on ***November 15, 2022***, the first day ***after*** the disclosure was made.[2] That is wrong because there is no allegation in any complaint that the market reacted to the alleged corrective disclosure on November 15, 2022. Boulware, Lou, and Newman simply misapplied the statute. The collective failure to comply with the plain language of the PSLRA calls into question their adequacy and subjects them to unique attacks at later stages in this litigation.

Tellingly, after Kane alerted Boulware, Lou, and Newman to their error in Competing Movants' Joint Submission Re: Lead Plaintiff (ECF No. 51), they sought to

---

[2] (*See* Boulware loss analysis ("90-Day Mean Share Price ***after last Day*** of [Class Period]") (emphasis added) (ECF No. 24-2); Lou loss calculation (reflecting incorrect "Lookback Price") (ECF No. 16-3); and Neuman loss calculation ("Avg Closing Prices ***from November 15, 2022*** to January 13, 2023") (emphasis added) (ECF No. 28-1).)

mitigate the mistake by attempting to rewrite the complaints, asserting that "the fraud was not fully revealed until after the close of the market on November 14, 2022," which meant that the 90-day lookback period should commence on November 15, 2022, the trading date on which the corrective information was absorbed by the market. (*See* ECF No. 51, at 10.) There is no basis for such an assertion in either of the complaints, and in so asserting, Boulware, Lou, and Newman have compounded the error: not only have they misapplied the PSLRA, but they have also misread the plain language of the complaints. Doing so calls into question their ability to adequately lead this class action on behalf of Bird Global investors. Movant Kane is the only remaining[3] movant who accurately applied the plain language of the PSLRA.

### B.  Boulware, Lou, and Newman Submitted Inaccurate Certifications

Boulware, Lou, and Newman executed and submitted to the Court, under penalty of perjury, certifications pursuant to the PSLRA that indicate that they authorized their counsel ***to file a complaint***.[4] However, Boulware, Lou, and Newman have not filed a complaint. Their certifications are thus inaccurate. At a minimum, this disconnect bespeaks a compounding of errors which, in the context of other infirmities, further warrants rejection of their motions. *See e.g.*, *Camp v. Qualcomm Inc.*, Case No. 18-cv-1208 (AJB) (BLM), 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) ("This Court has similar reservations. Looking at [movant]'s 'Certification . . .' [movant] did sign under penalty of perjury that he 'reviewed the complaint and authorized its filing,' however, there was indeed no filing made on behalf of [movant].").

---

[3] Movant Glen Dworkin, who withdrew his motion for appointment as lead plaintiff, used the correct 90-day lookback period. *See* ECF No. 22-3 ("The 90-Day Average Priced used in this loss chart is the average closing price between November 14, 2022 and January 13, 2023.").

[4] (*See* Boulware's Certification ("Authorization to File a Complaint") (ECF No. 24-1); Lou's Certification ("authorized . . . the filing of an amended complaint") (ECF No. 16-2); and Newman's Certification ("authorize the filing of a comparable complaint on my behalf.") (ECF No. 28-3).)

**C.      Boulware, Lou, and Newman Failed to Establish Their Adequacy to Serve as Lead Plaintiff**

Boulware, Lou, and Newman failed to provide the Court with basic identifying information to establish that they satisfy the Rule 23 requirements. For example, movants Boulware and Lou failed to inform the Court how they selected their counsel, whether they personally selected their counsel, or whether they ever communicated with their counsel. Likewise, movant Newman submitted a declaration stating that he participated in "a call with an attorney from Pomerantz to discuss the litigation" with no additional detail. *See* ECF No. 28-4. This lack of information is disfavored. *See In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (denying a lead plaintiff motion because "[i]n short, the [movants] provide no briefing and proffer no declarations concerning their ability to act as lead plaintiffs.").

By stark contrast, with his initial lead plaintiff motion, movant Kane furnished information regarding his education, current employment, investment history (he has been investing in the stock market for about 14 years), as well as other identifying facts upon which the Court could make an adequacy finding. (*See* Kane Declaration (ECF No. 13-6) at 1.) Further, Kane stated in his Declaration that he understands "the responsibilities and obligations of serving as lead plaintiff pursuant to the [PSLRA], which include acting as a fiduciary for all class members, staying informed about this litigation, and selecting and overseeing lead counsel." (*Id*.) Kane represented that he is "willing to serve in a lead plaintiff capacity on behalf of the other Bird Global investors harmed by defendants' alleged misconduct." (*Id*.) Kane also stated that he is "willing to oversee the vigorous prosecution of this litigation in order to maximize the recovery for the class." (*Id*.)

**D.      Movant Kane Demonstrated His Knowledge of the Local Rules and This Court's General Motion Requirements**

On January 25, 2023, prior to the date upon which response briefs in opposition to the competing lead plaintiff motions were due, the Court, on its own motion,

continued the hearing on the lead plaintiff motions and rescheduled the hearing for April 17, 2023. *See* ECF No. 30. As a result, the dates to file both response briefs and reply briefs were adjusted. *See* L.R. 7-11. Notwithstanding a modification to the briefing schedule, Boulware, Lou, and Newman filed response briefs on the original deadline of February 6, 2023, rather than the date set by the Local Rules. (*See* ECF Nos. 32, 33, 35.) In response, movant Kane filed a request that the Court clarify that the briefing schedule had, in fact, been modified, and the Court confirmed that movant Kane's understanding of the Local Rules was accurate.[5] (*See* ECF Nos. 36, 37.) Like his application of the plain language of the PLSRA, movant Kane correctly interpreted and applied the Court's Local Rules.

## III.   MOVANT KANE SHOULD BE APPOINTED LEAD PLAINTIFF

In sum, movant Kane is the ***only*** movant who meets all the necessary elements for appointment as lead plaintiff under the PSLRA, and who correctly applied the PSLRA's dictates for calculating losses pursuant to the PSLRA. *See* 15 U.S.C. § 78u4(a)(3)(B)(iii)(I). Movant Kane is likewise the only movant who satisfies the adequacy and typicality requirements of Rule 23. Unlike the other lead plaintiff movants, movant Kane is perfectly situated to represent all class members and should be appointed lead plaintiff.

DATED: May 16, 2023                    BERGER MONTAGUE PC


                                       */s/ Sophia M. Rios*
                                       Sophia M. Rios (SBN 305801)
                                       401 B Street, Suite 2000
                                       San Diego, CA 92101
                                       Telephone: (619) 489-0300
                                       Email:   srios@bm.net

---

[5] Prior to filing his request for clarification that the briefing schedule had been modified, movant Kane discharged his obligations under this Court's meet and confer requirement, and contacted counsel for Boulware, Lou, and Newman. *See* Exhibit A attached to Declaration of Sophia M. Rios. Not one of them responded.

Sherrie R. Savett*
Michael Dell'Angelo*
Andrew D. Abramowitz*
James Maro*
1818 Market Street, Suite 3600
Philadelphia, Pa 19103
Tel: (215) 875-3000
Email:   ssavett@bm.net
         mdellangelo@bm.net
         aabramowitz@bm.net
         jmaro@bm.net

*pro hac vice application forthcoming

Attorneys for [Proposed] Lead Plaintiff
Timothy R. Kane