JASON DE BRETTEVILLE, State Bar No. 195069
  jdebretteville@stradlinglaw.com
LISA M. NORTHRUP, State Bar No. 293784
  lnorthrup@stradlinglaw.com
TUCKER ATKINS, State Bar No. 343188
  tatkins@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  949 725 4000
Facsimile:  949 725 4100

Attorneys for Defendants
BIRD GLOBAL, INC.,
TRAVIS VANDERZANDEN, YIBO LING,
JIM MUTRIE, and SCOTT McNEILL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DAVID BOULWARE and LAWRENCE LOU, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BIRD GLOBAL, INC., TRAVIS VANDERZANDEN, YIBO LING, JIM MUTRIE, and SCOTT MCNEILL, <br><br> Defendants. | Lead Case No. 2:22-CV-08406-ODW-AGRx <br> *Member Case No.: 2:22-cv-09178-ODW-AGRx* <br><br> Hon. Otis D. Wright, II <br> Magistrate Alicia G. Rosenberg <br><br> **DEFENDANTS TRAVIS VANDERZANDEN, YIBO LING, SCOTT McNEILL, AND JIM MUTRIE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PROPOSED SECOND AMENDED COMPLAINT** <br><br> Related to Dkt. 84 <br><br> <u>Hearing</u> <br> Date:          February 26, 2024 <br> Time:          1:30 p.m. <br> Courtroom: 5D, 5th Floor <br><br><br> Case Consolidated: February 13, 2023 <br> Consolidated Complaint Filed: August 10, 2023 <br> Trial Date:  Not Set |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

# **TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION ................................................................................. 6

II.   PROCEDURAL HISTORY .................................................................. 7

III.  ARGUMENT ....................................................................................... 10

    A.   Judicial Economy Necessitates First Ruling on Defendants' Pending Motion to Dismiss the CAC ............................................................. 10

    B.   Leave to Amend Should Be Denied Under Rule 15 ........................ 11

        1.   Plaintiff Unduly Delayed In Seeking To Add the Proxy Claims To The CAC ................................................................ 11

        2.   Granting Leave To Amend At This Time Would Prejudice Defendants ............................................................................. 13

    C.   Amendment Would Be Futile ......................................................... 14

        1.   The PSAC Fails To Cure The Deficiencies In The CAC's Section 10(b) Claims Identified In The Pending Motion To Dismiss ................................................................................. 15

        2.   The Proxy Claims Are Procedurally Improper ...................... 17

        3.   The Proxy Claims Are Improperly Pled .............................. 19

IV.  CONCLUSION ................................................................................... 23

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
TABLE OF CONTENTS

4855-2719-7848v7/107426-0006                                    2:22-CV-08406-ODW-AGR

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berry v. UCSF*,
  No. C-09-0499 EMC, 2009 U.S. Dist. LEXIS 122621
  (N.D. Cal. Dec. 17, 2009)................................................................................. 19

*Bonin v. Calderon*,
  59 F.3d 815 (9th Cir. 1995)......................................................................... 11, 14

*Carvalho v. Equifax Info. Servs., LLC*,
  629 F.3d 876 (9th Cir. 2010)............................................................................ 14

*Castle v. Knowles,*
  No. CV 1-08-01267-JAT, 2010 U.S. Dist. LEXIS 54860
  (E.D. Cal. June 2, 2010) ................................................................................... 15

*Contreras v. Wray*,
  No. CV 21-9797-JVS (JPR), 2022 U.S. Dist. LEXIS 156688
  (C.D. Cal. Aug. 30, 2022) ................................................................................. 13

*Contreras v. Wray*,
  No. CV 21-9797-JVS (JPR), 2022 U.S. Dist. LEXIS 157729
  (C.D. Cal. June 15, 2022)................................................................................. 13

*Desaigoudar v. Meyercord*,
  223 F.3d 1020 (9th Cir. 2000).......................................................................... 20

*In re Gemstar-TV Guide, Int'l Inc. Sec. Litig.*,
  No. CV 02-02775 MRP, 2003 U.S. Dist. LEXIS 25884
  (C.D. Cal. Aug. 15, 2003) ................................................................................. 20

*Golub v. Gigamon Inc.*,
  847 F. App'x 368.............................................................................................. 23

*In re Hansen Nat. Corp. Sec. Litig.*,
  527 F. Supp. 2d 1142 (C.D. Cal. 2007)............................................................ 20

*Int'l Med. Devices v. Cornell*,
  No. CV 20-3503 CBM(RAOx), 2021 U.S. Dist. LEXIS 205502
  (C.D. Cal. Aug. 11, 2021) ................................................................................. 11

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4855-2719-7848v7/107426-0006

2:22-CV-08406-ODW-AGR

*Jackson v. Bank of Haw.*,
  902 F.2d 1385 (9th Cir. 1990) ......................................................... 11, 12, 14

*Jian Zhou v. Faraday Future Intelligent Elec. Inc.*,
  No. 2:21-cv-09914-CAS, 2022 U.S. Dist. LEXIS 192565
  (C.D. Cal. Oct. 20, 2022) ....................................................................... 20

*Krause v. Book*,
  714 F. App'x 652 (9th Cir. 2017) .......................................................... 14

*Loehr v. Ventura County Community College Dist.*,
  743 F.2d 1310 (9th Cir. 1984) ............................................................... 11

*May v. KushCo Holdings, Inc.*,
  2020 U.S. Dist. LEXIS 213905 (C.D. Cal. Sept. 25, 2020) ........................ 20

*In re McKesson HBOC, Inc. Sec. Litig.*,
  126 F. Supp. 2d 1248 (N.D. Cal. 2000) ................................................. 20

*Mendoza v. HF Foods Grp., Inc.*,
  No. 2:20-CV-02929-ODW, 2021 U.S. Dist. LEXIS 160982
  (C.D. Cal. Aug. 25, 2021) ............................................... 20, 21, 22, 23

*Moreno v. Castlerock Farming & Transp., Inc.*,
  No. 1:12-cv-00556-AWI-JLT, 2012 U.S. Dist. LEXIS 138708
  (E.D. Cal. Sep. 25, 2018) ....................................................................... 13

*Pallottino v. City of Rio Rancho*,
  31 F.3d 1023 (10th Cir. 1994) ............................................................... 12

*In re Peregirne Sys., Inc. Sec. Litig.*,
  No. 02CV870-BEN (RBB), 2005 U.S. Dist. LEXIS 59408
  (S.D. Cal. Mar. 30, 2005) ................................................................ 21, 22

*In re Portal Software Sec. Litig.*,
  No. C-03-5138 VRW, 2005 U.S. Dist. LEXIS 41178
  (N.D. Cal. Mar. 9, 2005) ................................................................. 18, 19

*Rubke v. Capitol Bancorp, Ltd.*,
  551 F.3d 1156 (9th Cir. 2009) ............................................................... 20

*Sanchez v. United States*,
  No. 18-cv-1550-AJB-AGS, 2020 U.S. Dist. LEXIS 42317
  (S.D. Cal. Mar. 10, 2020) ....................................................................... 10

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

TABLE OF AUTHORITIES

4855-2719-7848v7/107426-0006                    2:22-CV-08406-ODW-AGR

*Sheperd v. Am. Honda Motor Co.*,
822 F. Supp. 625 (N.D. Cal. 1993).................................................................... 19

*Skiadas v. Acer Therapeutics Inc.*,
No. 1:19-cv-6137-GHW, 2020 U.S. Dist. LEXIS 105814
(S.D.N.Y. June 16, 2020) ................................................................................. 16

*Stambanis v. TBWA Worldwide, Inc.*,
No. 2:19-cv-3962-ODW (JEMx), 2020 U.S. Dist. LEXIS 127426
(C.D. Cal. July 20, 2020)................................................................................. 14

*Doe ex rel. United States v. Vratsinas Constr. Co.*,
853 F. App'x 133 (9th Cir. 2021)..................................................................... 11

*Von Poppenheim v. Portland Boxing & Wrestling Com.*,
442 F.2d 1047 (9th Cir. 1971) ......................................................................... 14

*Ward v. Crow Vote LLC*,
No. 8:21-cv-01110-FWS-DFM, 2022 U.S. Dist. LEXIS 195393
(C.D. Cal. Oct. 11, 2022)................................................................................. 11

*In re White Elec. Designs*,
416 F. Supp. 2d 754 (D. Ariz. 2006)........................................................... 17, 19

**Statutes**

11 U.S.C. § 362 ..................................................................................................... 7

Securities Exchange Act of 1934 Section 10(b) ........................................... *passim*

Securities Exchange Act of 1934 Section 14(a) ........................................... *passim*

Securities Exchange Act of 1934 Section 20(a) ..................................... 7, 17, 23

**Rules**

Federal Rule of Civil Procedure 9(b) ................................................................. 20

Federal Rule of Civil Procedure Rule 12(b)(6)................................................... 19

Federal Rule of Civil Procedure 15 ............................................................. 11, 14

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

TABLE OF AUTHORITIES

## I.    INTRODUCTION

Thirteen months after the filing of the complaint in this action, long after this Court took a motion to dismiss the consolidated amended complaint under submission (the "CAC"), lead Plaintiff David Boulware ("Plaintiff") now seeks leave to file a proposed second amended complaint.  We respectfully submit that the Court should rule on the pending Motion to Dismiss before considering this new Motion for Leave to File Proposed Second Amended Complaint (the "Motion for Leave").  The Motion for Leave is an attempt to obscure the incurable deficiencies of the pending Section 10(b)-5 and Section 20(a) claims by inserting a new plaintiff with different claims into this proceeding.  It should be denied for the following three reasons.

First, the proposed amendments to the existing Section 10(b)-5 and Section 20(a) claims consist of minor, immaterial changes that do nothing to cure the failings identified in the pending Motion to Dismiss.  In failing to correct those fatal deficiencies, these proposed amendments conclusively demonstrate that granting leave to amend would be futile, and that the CAC that should be dismissed with prejudice.

Second, the substantive changes in the proposed second amended complaint improperly seek to graft an entirely new class action, consisting of Section 14(a) claims, onto the existing non-viable class action.  Plaintiff admits lacking standing to bring these new Section 14(a) claims, and therefore attempts to add a new named plaintiff to this action who purportedly has standing, while also proposing the addition of six new defendants.  Notably, Plaintiff fails to actually demonstrate that the new proposed plaintiff's share purchase history provides him with standing.  But even if such standing is presumed, this new plaintiff should not be allowed to insert himself into an existing, non-viable class action.  Rather, he must comply with the Private Securities Litigation

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

Reform Act ("PSLRA") requirements, including providing notice and going through the requisite lead plaintiff appointment process, by filing a new action.

Third, the new Section 14(a) allegations plainly rely on the type of group pleading and generic allegations about the defendants' access to information that this Court has held inadequate to state a claim under Section 14(a), as a matter of law.

Accordingly, defendants Travis VanderZanden, Yibo Ling, Jim Mutrie, and Scott McNeill (collectively the "Individual Defendants")[1] oppose Plaintiff's Motion for Leave because Plaintiff unduly delayed in seeking leave, leave would prejudice the Individual Defendants, and in any event granting leave would be futile.

## II.    PROCEDURAL HISTORY

Mario Arias filed a complaint on November 17, 2022 (the "Complaint"), and approximately a month later in December 2022 Karen Cain filed a related, similar complaint. (*See* Dkt. 1, 10.) The Complaint purported to assert claims for an alleged violation of Section 10(b) of the Exchange Act against Bird and the Individual Defendants and an alleged violation of Section 20(a) of the Exchange Act against the Individual Defendants Based on Bird's restatement of certain financial statements in November 2022.

Pursuant to the PSLRA, various counsel filed, and continued to file, notices seeking potential lead plaintiffs. (*See* Declaration of Lisa M. Northrup in Support of the Individual Defendants' Opposition to Plaintiff's Motion for Leave to File Proposed Second Amended Complaint ("Northrup Decl.") at ¶¶ 2-6, Exs. 1-5.) On January 8, 2023, present lead counsel Hagens Berman Sobol Shapiro LLP ("Hagens Berman") issued a press release seeking investors in Bird

---

[1] Bird did not join in this opposition only because Bird is subject to an automatic stay following Bird filing a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Florida, Miami Division, under case number 23-BK-20514-CLC, on December 20, 2023. *See* 11 U.S.C. § 362; (Dkt. 85.)

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE  PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006                                        2:22-CV-08406-ODW-AGR

who had losses based on Bird's restatement of certain financial statements around November 2022. (*See id.* at ¶ 2, Ex. 1.)  Hagens Berman did not state that it was seeking prior investors in Switchback II Corporation ("Switchback"), or that it was investigating claims relating to the merger between Switchback and Bird that had taken place more than a year prior in November 2021. (*See id.*)  Hagens Berman also did not file a complaint on behalf of a plaintiff, but merely participated in the ensuing fight to be appointed lead plaintiff.

In February 2023, this Court consolidated the two related cases filed by Arias and Cain for all purposes. (*See* Dkt. 38.)  Then on June 2, 2023, this Court appointed David Boulware as lead plaintiff, and his counsel Hagens Berman as lead counsel for the putative class. (*See* Dkt. 56.)  Boulware, along with plaintiff Lawrence Lou, then filed the CAC on August 11, 2023 followed by a corrected version of the CAC on August 15, 2023. (*See* Dkt. 60, 63.)  Like the Complaint, the CAC asserted claims for an alleged violation of the Section 10(b) and Section 20(a). (*See* Dkt. 1 at ¶¶ 39-54; Dkt. 63 at ¶¶ 314-331.)

Defendants filed a motion to dismiss the CAC on September 11, 2023 for failure to state a claim, including because Plaintiff failed to adequately allege a false or misleading statement and scienter. (*See* Dkt. 72, 78.)  This Court took the matter under submission on November 7, 2023. (*See* Dkt. 79.)

On November 15, 2023, nearly a year after the filing of the Complaint, and the week following this Court taking the pending Motion to Dismiss under submission, Plaintiff sought to avoid a ruling on that motion by filing a so-called Notice of Intent For Leave to Amend Complaint (the "Notice"). (*See* Dkt. 80.)  The Notice proclaimed Plaintiff's intent to add a new claim "for violations of Section 14(a) of the Securities Exchange Act of 1934 challenging the material misrepresentations and omissions in the proxy statements sent to Switchback II Corporation shareholders in connection with the Merger" which Plaintiff, as a stockholder of Bird, had no standing to pursue. (*See id.* at 1.)

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE  PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006

2:22-CV-08406-ODW-AGR

The Notice made it plain Plaintiff sought to dissuade this Court from deciding the Motion to Dismiss, stating: "Lead Plaintiff is filing this notice . . . due to the fact that, if the motion for leave to amend is granted, the ensuing amended complaint would supersede the current amended complaint and therefore render moot the pending motion to dismiss." (*See id*. at 2.) Defendants filed an objection to Plaintiff's Notice as a procedurally improper device. (*See* Dkt. 81.)

A month later, more than a year after the filing of the Complaint, Plaintiff filed his Motion for Leave attaching the proposed Second Amended Consolidated Class Action Complaint for Violations of the Securities Laws (the "PSAC"), on December 18, 2023. (*See* Dkt. 84 (Motion for Leave); Dkt. 84-2 (PSAC).) In that proposed amendment, Plaintiff seeks to add a new plaintiff, Christos Givas ("Givas"), who unlike the Plaintiff, purportedly has standing to pursue the proposed new claims for a violation of Section 14(a) and Section 20(a) of the Exchange Act for allegedly false and misleading statements in the proxy statements and other materials in connection with Switchback's merger with Bird (the "Proxy Claims"). The PSAC also adds six new defendants, who are alleged to be directors of Switchback. (*See* Dkt. 84-2 at ¶¶ 27-32.) In addition, Plaintiff made slight changes and additions to the claims already pled in the CAC. (*See* Dkt. 84 at 2.)

On December 20, 2023, Bird filed a voluntary Chapter 11 petition, which triggered an automatic stay in this case as to Bird. In their notice, Defendants suggested this case should be stayed as to the Individual Defendants as well in light of the interdependent nature of the claims alleged against Bird and the Individual Defendants and in the interests of judicial economy. (*See* Dkt. 85 at 2.) This Court ordered the parties to submit a status report on or before January 17, 2024 after meeting and conferring concerning the proposed handling of the action moving forward. (*See* Dkt. 86.) The parties met and conferred on

-9-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE  PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006                              2:22-CV-08406-ODW-AGR

January 10, 2024. The parties agree the case is stayed as to Bird, but Plaintiff disagreed with the Individual Defendants' position that the case should be stayed as to the Individual Defendants as well.

## III.   ARGUMENT

### A.   Judicial Economy Necessitates First Ruling on Defendants' Pending Motion to Dismiss the CAC

Defendants respectfully submit that this Court, in consideration of judicial economy, should first decide Defendants' Motion to Dismiss presently under submission. (*See* Dkt. 72, 78.) Faced with a similar circumstance, in *Sanchez v. United States*, the court found it appropriate to first address the briefed motion to dismiss, and then address the motion for leave to amend. No. 18-cv-1550-AJB-AGS, 2020 U.S. Dist. LEXIS 42317, at *5-6 (S.D. Cal. Mar. 10, 2020). The same is true here.

Notably, despite having months to conduct a post-filing investigation, including additional months following the filing of the pending Motion to Dismiss, the PSAC fails to allege any new material facts, much less facts that might somehow transform a self-disclosed and corrected error in Bird's internal back-end IT systems into fraud. (*See* Section II(C)(1), *infra*.) As a result, it does nothing to bolster the claims in the CAC, and instead confirms the propriety of a dismissal with prejudice, pursuant to the pending motion.

Such a dismissal would, of course, eliminate the Court's need to address Plaintiff's Motion for Leave, and the new proposed plaintiff would be free to file his proposed new Proxy Claims in an initial complaint, assuming he can actually establish standing to assert those claims. If, however, the Court rules on the newly filed Motion for Leave, that motion should be denied for the reasons stated herein.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-

**B.      Leave to Amend Should Be Denied Under Rule 15.**

Judicially recognized factors governing a motion for leave to amend a complaint under Federal Rule of Civil Procedure 15 include "(1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opponent." *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).

This Court should deny the Motion for Leave based on Plaintiff's undue delay and the prejudice to the Individual Defendants.  These two factors alone are a sufficient basis for denying leave to amend.  *See Jackson,* 902 F.2d at 1388 & n.*4; Doe ex rel. United States v. Vratsinas Constr. Co.*, 853 F. App'x 133, 135 (9th Cir. 2021).  Moreover, it would be an exercise in futility to grant Plaintiff leave to amend because the PSAC fails to cure the deficiencies in the CAC and the Proxy Claims fail to state a viable claim.  This futility provides an additional and an independent basis for denying Plaintiff's Motion for Leave. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

### 1.      Plaintiff Unduly Delayed In Seeking To Add the Proxy Claims To The CAC

Plaintiff argues there was no delay between the time he was contacted by the proposed new plaintiff and seeking leave to amend (*see* Dkt. 84 at 12).  That is plainly false.  As a threshold matter, Plaintiff's delay should be evaluated based on the passage of time between the original pleading and the proposed amended pleading.  *See Ward v. Crow Vote LLC*, No. 8:21-cv-01110-FWS-DFM, 2022 U.S. Dist. LEXIS 195393, at *8 (C.D. Cal. Oct. 11, 2022) (denying motion for leave filed a year after original pleading); *Int'l Med. Devices v. Cornell*, No. CV 20-3503 CBM(RAOx), 2021 U.S. Dist. LEXIS 205502, at *5 (C.D. Cal. Aug. 11, 2021) ("When deciding whether a party unduly delayed in raising a counterclaim, a court should first evaluate the time that has passed

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE  PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006                    2:22-CV-08406-ODW-AGR

between the original pleading and the proposed amendment.")  Plaintiff did not move for leave to amend until more than a year, thirteen months, after the filing of the Complaint.  This is undue delay.

Moreover, "[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990); *see also Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.").  Plaintiff knew, or at least should have known, of his proposed amendments long ago.

The PSAC relies entirely on public information that was readily available to Plaintiff at the time of filing the CAC.  (*See* Dkt. 84-2.)  Additionally, Plaintiff's attribution of his delay to his counsel's failure to be retained by Givas is a situation of Plaintiff's and Givas's own making, and should not inure to the detriment of the Individual Defendants.  In January 2023, when Hagens Berman issued its press release seeking investors in Bird, it could have, but did not include in the notice information regarding a potential proxy claim.  (*See* Northrup Decl. at ¶ 2, Ex. 1.)  This is despite all the information on which Plaintiff now seeks to rely having been available in January 2023 at the time of the press release.  Instead, Plaintiff unduly delayed by waiting until thirteen months after filing the Complaint, until after Defendants' Motion to Dismiss to the CAC was fully briefed and taken under submission by this Court, to seek leave to amend the CAC by adding Givas and six new defendants to his action.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

### 2.    Granting Leave To Amend At This Time Would Prejudice Defendants

Granting Plaintiff leave to amend the CAC would prejudice Defendants in two primary ways.

First, Plaintiff's delay prejudices Defendants by threatening to moot extensive, costly briefing on the Motion to Dismiss.  Under similar circumstances, in *Moreno v. Castlerock Farming & Transp., Inc.*, where plaintiffs filed a motion for leave to file a first amended complaint after the court had taken defendants' motion to dismiss under submission, the court denied the motion for leave on the grounds that leave would cause undue delay and prejudice to defendants because: "If leave to amend were granted at this juncture, Defendants' motion to dismiss would be rendered moot" and would delay "the ultimate decision of the Court as to whether Plaintiffs may proceed in this action."  No. 1:12-cv-00556 - AWI - JLT, 2012 U.S. Dist. LEXIS 138708, at *6-8 (E.D. Cal. Sep. 25, 2012); *see also Contreras v. Wray*, No. CV 21-9797-JVS (JPR), 2022 U.S. Dist. LEXIS 157729, at *9 (C.D. Cal. June 15, 2022) (recommending dismissal with prejudice and explaining that granting leave to amend the complaint "would unduly prejudice [defendant], who seeks dismissal with prejudice"); *Contreras v. Wray*, No. CV 21-9797-JVS (JPR), 2022 U.S. Dist. LEXIS 156688 (C.D. Cal. Aug. 30, 2022) (accepting report and recommendation and dismissing claims with prejudice against defendant).

Here, Defendants' Motion to Dismiss has been taken under submission and it would prejudice Defendants not to receive a ruling on that motion. Plaintiff's explicit attempt to moot Defendants' Motion to Dismiss and delay the decision as to whether Plaintiff's may proceed in this action, should this Court grant this Motion and then need to rule on a subsequent motion to dismiss, should be rejected.  (*See* Dkt. 80 at 2 (". . . if the motion for leave to amend is

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE  PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006

2:22-CV-08406-ODW-AGR

granted, the ensuing amended complaint would supersede the current amended complaint and therefore render moot the pending motion to dismiss.").)

Second, Defendants would be prejudiced by the expansion of Plaintiff's claims, which would require more expansive future discovery increasing both the burden and litigation costs for the Individual Defendants.  In *Stambanis v. TBWA Worldwide, Inc.*, the Court denied a motion for leave to amend the complaint where plaintiff sought to add new legal claims that would have prejudiced defendant by requiring defendant to "expend more time and incur additional litigation costs to conduct additional discovery." No. 2:19-cv-3962-ODW (JEMx), 2020 U.S. Dist. LEXIS 127426, at *5-6 (C.D. Cal. July 20, 2020).  The Court relied on the Ninth Circuit having previously explained "that 'putting the defendants 'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.'" *Jackson*, 902 F.2d at 1388 (quoting *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973)).

Of final note, in attempting to anticipate Defendants' prejudice argument, Plaintiff has misleadingly cited to *Von Poppenheim v. Portland Boxing & Wrestling Com.*, 442 F.2d 1047, 1054 (9th Cir. 1971), for the standard in deciding whether undue prejudice exists. (*See* Dkt. 84 at 14.)  That case involved an involuntary dismissal as a sanction under Federal Rule of Civil Procedure 41(b), not a motion for leave to amend or Rule 15, and is wholly inapplicable.

## C.    Amendment Would Be Futile

This Court is not required to prolong litigation by permitting amendment to non-viable claims deficient claims.  *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010).  To the contrary, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Krause v. Book*,

-14-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE  PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006                                        2:22-CV-08406-ODW-AGR

714 F. App'x 652, 655 (9th Cir. 2017) (affirming denial of motion for leave to file amended complaint where only new claim barred by statute of limitations and thus proposed amendment was futile).  Because the proposed amendments to the existing Section 10(b)-5 claims do not cure the deficiencies identified in the pending Motion to Dismiss, and because the proposed Proxy Claims are both procedurally improper and substantively deficient, amendment is futile and leave should be denied.

**1.     The PSAC Fails To Cure The Deficiencies In The CAC's Section 10(b) Claims Identified In The Pending Motion To Dismiss**

The Individual Defendants should not have to go through another round of briefing on the same non-viable claims from the CAC, that are again asserted in the PSAC without curative amendment.  In *Castle v. Knowles*, the court denied a request to file a second amended complaint that failed to cure the deficiencies in the first amended complaint, noting that defendants would be prejudiced by having to again move to dismiss.  *See* No. CV 1-08-01267-JAT, 2010 U.S. Dist. LEXIS 54860, at *10-11 (E.D. Cal. June 2, 2010).  The same is true here.

Plaintiff first argues the proposed additional allegations regarding Bird's "going concern" warning issued in November 2022 support VanderZanden and Ling's scienter by providing "additional motive to exaggerate Bird's financial performance and its financial prospects to  complete the merger and receive the cash necessary for Bird to continue operations." (*See* Dkt. 84 at 11.)  This is nonsense.  The "going concern" warning, issued on the same day as Bird announced its restatement, provides no indication, much less some further indication, of VanderZanden and Ling's knowledge or intentions at the time of any alleged misstatements, which date as far back as regarding financial statements from the first quarter of 2020.  That warning reflects Bird's financial

-15-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE  PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006

2:22-CV-08406-ODW-AGR

struggles at that time, which allegedly coincides with Bird's stock price declining to $0.43, and in no way evidences some supposed motive to commit fraud in the preceding years. (*See* Dkt. 84-2 at ¶ 127.)

Plaintiff cites to the inapposite decision in *Skiadas v. Acer Therapeutics Inc.*, arguing the company's "going concern" status at the time of the alleged misstatements gave defendants an "incentive to gamble" by making misstatements in service of their fundraising efforts. No. 1:19-cv-6137-GHW, 2020 U.S. Dist. LEXIS 105814, at *23-24, *31-34 (S.D.N.Y. June 16, 2020); (*see* Dkt. 84 at 11.) Specifically, the defendant company made allegedly misleading positive statements related to potential FDA approval of a product ***contemporaneous with*** the company's going concern warning (and were also accompanied by other adequately alleged indica of scienter). *See* 2020 U.S. Dist. LEXIS 105814 at *23-24. Those are not the alleged facts here.

In contrast, Bird's going concern warning allegedly occurred well after the alleged misrepresentations, alongside announcement of the restatement. (*See* Dkt. 84-2 at ¶¶ 125, 153-307.) There is no alleged attempt to mitigate the going concern warning with accompanying positive misstatements. The only alleged contemporaneous statement is a boilerplate, generic disclosure regarding the possibility Bird may not be able to achieve or maintain profitability in the future and that its longevity may depend upon obtaining additional financing, not a going concern waring. In short, this going concern amendment does nothing, much less enough, to support Plaintiff's woefully inadequate scienter allegations. (*See* Dkt. 84 at 11; Dkt. 84-2 at ¶¶ 311, 315.)

Plaintiff also points to new statements by Bird alleged in the PSAC, (i) referencing Bird's "compelling current revenues" and (ii) asserting that Bird's management's demonstrated execution of excellence was a driver of Bird's performance. (*See* Dkt. 84 at 10; Dkt. 78 at 7-8.) But these are just two more non-actionable statements of corporate optimism that fail as a matter of

-16-

law for the same reasons already stated in the Motion to Dismiss. Moreover, the PSAC still fails to allege facts showing defendants Mutrie and McNeill, neither of whom are alleged to have made the statements personally, actually had the requisite control and/or authority over the statements to be liable for their issuance by Bird. (*See* Dkt. 72 at 17; Dkt. 84 at 8.)

In sum, the PSAC does not overcome Plaintiff's failure to state a Section 10(b) claim as to any individual defendant in the CAC, and instead demonstrates exactly why it would be futile to grant leave to amend.

### 2. The Proxy Claims Are Procedurally Improper

Amendment to add the new Section 14(a) claim and Section 20(a) would be futile because Plaintiff failed to provide notice as required under the PSLRA to pursue the Proxy Claims. In *In re White Elec. Designs Corp. Sec. Litig.*, the Court granted a motion to strike finding that plaintiffs did not comply with the PSLRA's notice requirements. 416 F. Supp. 2d 754, 775-76 (D. Ariz. 2006). The court explained the requirements and purpose of the notice requirement as follows:

> Under the notice requirement, proposed lead plaintiffs must advise potential class members about 'the pendency of the action, the claims asserted therein, and the purported class period.' 15 U.S.C. § 77z-1(a)(3)(A)(I). The description of the claims in the notice must be congruent with the claims as alleged in the pleadings. The main purpose of the notice requirement is to provide information describing the legal and factual basis of the claims so that an investor can make an informed determination whether intervention is appropriate to protect his interests.

*Id*. at 775 (internal quotations and citations omitted). Finding that the notice did not mention the Securities Act or the relevant registration statement and was therefore unlikely to place potential Securities Act

-17-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006

2:22-CV-08406-ODW-AGR

claimants on notice of any claims related to the registration statement, the court held plaintiff did not comply with the PSLRA notice requirement.

Here, Plaintiff likewise failed to comply with the PSRLA notice requirement as to the Proxy Claims because none of the notices provided in connection with the lead plaintiff process identified potential Proxy Claims or even referenced the proxy statement. (*See* Northrup Decl. ¶¶ 2-6, Exs. 1-5.) Rather, the notices are focused on the Section 10(b) claim. (*See id.*) As a result, the purpose of the PSLRA in aiming to appoint the most adequate plaintiff as lead plaintiff has been thwarted because the current lead plaintiff has no standing (and thus no personal interest) to pursue the Proxy Claims. Plaintiff instead seeks to have a new plaintiff, who holds an unknown financial interest, parachute in to represent a putative class of Proxy Claim plaintiffs, without any members of this putative class receiving any notice.

Plaintiff cites several cases regarding adding another named plaintiff at the class certification stage or otherwise, but only cites one case, *In re Portal Software, Inc. Sec. Litig.*, involving a motion for leave to amend a complaint. (*See* Dkt. 84 at 12-13.) In that case, the lead plaintiff sought to add another plaintiff who had purchased securities in a secondary offering to support new claims under the Securities Act in addition to the Exchange Act claims brought by lead plaintiff based on purchase of securities in the open market. *In re Portal Software Sec. Litig.*, No. C-03-5138 VRW, 2005 U.S. Dist. LEXIS 41178, at *3-4 (N.D. Cal. Mar. 9, 2005). The court granted leave only because it found that while it was a "close question[,]" the prior notice purportedly was adequate for purposes of the PSLRA. *Id*. at *12-13.

Here, it is not a close question, but rather apparent on the face of the notices that the notices are inadequate to inform members of this new putative class that the instant actions would include Proxy Claims made on their behalf.

-18-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE  PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006

2:22-CV-08406-ODW-AGR

(*See* Northrup Decl. ¶¶ 2-6, Exs. 1-5.)  Moreover, in this case, the time gap between the October 2021 proxy statement giving rise to the Section 14(a) claims, and the November 2022 press release alleged as the triggering event for the Section 10(b) claims, is far longer than in *In re Portal* (*see* Dkt. 84-2 at ¶¶ 124, 208), and is just as long as the gap in *In re White Elec. Designs*, which distinguished *In re Portal Software* on this very basis.  *See In re White Elec. Designs* 416 F. Supp. 2d at 777; (*See* Dkt. 84-2 at ¶¶ 124, 199-216.)

### 3.     The Proxy Claims Are Improperly Pled

Even if Plaintiff could overcome the lack of compliance with the PSLRA's notice requirements, permitting amendment would still be an exercise in futility because the Proxy Claims are improperly pled.  "The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Sheperd v. Am. Honda Motor Co.*, 822 F. Supp. 625, 634 (N.D. Cal. 1993); *see also Berry v. UCSF*, No. C-09-0499 EMC, 2009 U.S. Dist. LEXIS 122621, at *4 (N.D. Cal. Dec. 17, 2009) (denying motion for leave to file amended complaint on grounds of futility where proposed claim could not withstand a motion to dismiss).

Here, the Proxy Claims fail from the start because the PSAC fails to adequately plead facts establishing the proposed new plaintiff's standing.  Plaintiff conclusory alleges in the PSAC that Givas held Switchback stock at the close of business on the record date for the merger, but Givas's certification attached to the Motion for Leave does not identify what stock he purchased, when, in what quantity, the value of that stock, or that even assert that he still holds the stock.  (*See* Dkt. 84-2 at PAGE ID #1402.)  For this reason alone the PSAC fails.  Moreover, even if these standing allegations were sufficient, the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE  PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006                                   2:22-CV-08406-ODW-AGR

proposed Proxy Claims fail because they rely on improper group pleading and do not to adequately allege negligence.

This Court, and others, have long held that the PSLRA's pleading requirements apply to Section 14(a) claims requiring a complaint to be plead with particularity and to allege facts giving rise to a strong inference of negligence. *See In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1267-68 (N.D. Cal. 2000)*; In re Gemstar-TV Guide, Int'l Inc. Sec. Litig.*, No. CV 02-02775 MRP (PLAx), 2003 U.S. Dist. LEXIS 25884, at *30-31 (C.D. Cal. Aug. 15, 2003); *Mendoza v. HF Foods Grp., Inc.*, No. 2:20-CV-02929-ODW (JPRx), 2021 U.S. Dist. LEXIS 160982, at *32 (C.D. Cal. Aug. 25, 2021) (citing *Gemstar-TV Guide*). Additionally, because Plaintiff's allegations sound in fraud,[2] the heightened pleading standards under Federal Rule of Civil Procedure 9(b) apply. *See Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000); *In re Gemstar-TV Guide*, 2003 U.S. Dist. LEXIS 25884, at *30-31 (C.D. Cal. Aug. 15, 2003).

Accordingly, courts in the Ninth Circuit have repeatedly rejected reliance on the group pleading doctrine in PSLRA cases whereby a complaint groups individual defendants together with no particularized facts as to each individual on the assumption that the alleged misrepresentations are the collective action of the individual defendants. *See In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1153 (C.D. Cal. 2007); *May v. KushCo Holdings, Inc.*, 2020 U.S. Dist. LEXIS 213905, at *22 (C.D. Cal. Sept. 25, 2020). In the PSAC, Plaintiff refers to the six new defendants collectively as the "Additional Proxy Defendants" or

---

[2] The Proxy Claim allegations sound in fraud because as in *Rubke v. Capitol Bancorp, Ltd.*, the PSAC relies on many of the same factual allegations to allege the violation of Section 14(a) as it does to allege a violation of Section 10(b)(5). *See* 551 F.3d 1156, 1161 (9th Cir. 2009); *see also Jian Zhou v. Faraday Future Intelligent Elec. Inc.*, No. 2:21-cv-09914-CAS (JCx), 2022 U.S. Dist. LEXIS 192565, at *37 (C.D. Cal. Oct. 20, 2022) (applying Rule 9(b) pleading requirement despite plaintiffs' disclaimers to the contrary where Section 10(b) and Section 14(b) claims rested on the same allegations).

-20-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE  PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006

2:22-CV-08406-ODW-AGR

the "Switchback Director Defendants" and then combines these six defendants with the four Individual Defendants to allege action on behalf of the "Proxy Defendants." (*See, e.g.* Dkt. 84-2 at 33, 369, 370, 379, 380, 385.)[3]  Lumping six or ten individual defendants together and collectively referring to them is a classic example of impermissible group pleading.  The Section 14(a) claim thus fails to state a claim.  *See Mendoza*, U.S. Dist. LEXIS 160982 at *32-33 (granting motion to dismiss Section 14(a) claim where plaintiffs relied on group pleading).

Compounding Plaintiff's impermissible group pleading is Plaintiff's reliance on boilerplate allegations and resulting failure to adequately allege facts giving rise to a strong inference of negligence.  In *In re Peregrine Sys., Inc. Sec. Litig.*, the court held that "[u]nder Section 14(a), the Defendants are only responsible for revealing those material facts reasonably available to them" and that accordingly the complaint failed to adequately allege a Section 14(a) claim as to defendants on which the complaint relied on a board meeting and reports to establish negligence.  No. 02CV870-BEN (RBB), 2005 U.S. Dist. LEXIS 59408, at *234-35 (S.D. Cal. Mar. 30, 2005) (internal quotation and citation omitted).  The complaint failed because there was no particular information in the meeting or reports from which the defendants could have learned of the falsity of defendant company's financial statements.  *See id*.  The court also pointed to the complaint's failure to identify any specific information defendants overlooked that would have warned them the company was engaging in fraud.  *See id.*

The PSAC attempts to rely on similarly deficient allegations as to the Individual Defendants, and even more inadequate allegations as to the proposed

---

[3] Paragraph 164 in the PSAC references several other paragraphs as alleging misrepresentations, but none of these allegations refer to any of the Proxy Defendants individually either.  (*See* Dkt. 84-2.)

-21-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE  PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006

2:22-CV-08406-ODW-AGR

new defendants.  Bird allegedly announced a restatement of certain financial statements because "[d]uring the evaluation of [its] rider wallet subledger" Bird "found a design error within our internal back-end IT systems."  (*See* Dkt. 84-2 at ¶ 130.)  The PSAC attempts to plead negligence by (i) pointing to the positions of the Individual Defendants as officers and/or directors at Bird and/or Switchback and the participation of Individual Defendants with Switchback in the due diligence process, and (ii) assuming that they all must have known of the design error at some unspecified, earlier date.  But, as argued in the Motion to Dismiss, both the CAC and the PSAC fail to allege how any of the Individual Defendants or any of the proposed six new defendants (who were directors at a company other than Bird) had access to any specific information that would have revealed the error inside Bird's back-end IT systems, much less the implications of that error with respect to Bird's financial statements.  (*See* Dkt. 84-2 at ¶¶ 85-91, 378-383.)

Notably, the allegations are exceedingly sparse with respect to the proposed new defendants, and do not even identify any meetings attended by, or reports reviewed by, any of these individuals.  (*See id*.)  And again, the PSAC is, like the CAC, devoid of allegations identifying any information that should have warned any new defendant of the error.  Thus, as in *In re Peregrine Sys., Inc. Sec. Litig.,* the PSAC fails to adequately allege negligence because there are no allegations of the particular information in the meeting or reports from which the Individual Defendants or proposed six new defendants could have learned of the alleged falsity of Bird's financial statements.  *See* 2005 U.S. Dist. LEXIS 59408, at *234-35.  Thus, as in *Mendoza v. HF Foods Grp., Inc.,* where the plaintiff relied both on group pleading and "conclusory labels" and "boilerplate references to corporate executive duties[,]" and this Court dismissed a Section 14(a) claim for failure to allege negligence, Plaintiff has failed to adequately

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-22-

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE  PROPOSED SECOND AMENDED COMPLAINT

4855-2719-7848v7/107426-0006                    2:22-CV-08406-ODW-AGR

allege negligence and failed to state a Section 14(a) claim. *See* U.S. Dist. LEXIS 160982 at \*32-33.

Because Plaintiff's Section 14(a) claim fails to state a primary violation so too does Plaintiff's Section 20(a) of the Exchange Act claim fail to state claim. *See Golub v. Gigamon Inc.*, 847 F. App'x 368, 373 (9th Cir. 2021 ("Because Golub has failed to state an actionable claim under § 14(a), we also affirm the dismissal of his § 20(a) claims against all Defendants."). Therefore, it would be an exercise in futility to permit filing the PSAC to add the Proxy Claims because Plaintiff failed to provide adequate notice under the PSLRA and moreover fails to state a claim.

## IV.    CONCLUSION

For the foregoing reasons, the Individual Defendants request that the Court deny Plaintiff's Motion for Leave.

Dated:  January 16, 2024    STRADLING YOCCA CARLSON & RAUTH LLP

By:    */s/ Jason de Bretteville*
Jason de Bretteville
Lisa M. Northrup
Tucker Atkins
Attorneys for Defendants

BIRD GLOBAL, INC, TRAVIS VANDERZANDEN, YIBO LING, JIM MUTRIE, and SCOTT McNEILL

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-23-

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants BIRD GLOBAL, INC., TRAVIS VANDERZANDEN, YIBO LING, JIM MUTRIE, and SCOTT McNEILL, certify that this brief contains 5,565 words, which:

☒ complies with the word limit of L.R. 11-6.1.

□ complies with the word limit set by court order dated _____.

Dated: January 16, 2024

/s/ Jason de Bretteville
Jason de Bretteville

CERTIFICATE OF COMPLIANCE

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4855-2719-7848v7/107426-0006

2:22-CV-08406-ODW-AGR