UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-08406-ODW (AGRx) | Date | January 18, 2024 |
|---|---|---|---|
| Title | *Mario Arias v. Bird Global, Inc. et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**          **In Chambers**

On January 3, 2024, Defendant Bird Global, Inc. filed a Notice of Suggestion of Bankruptcy, indicating that it commenced a voluntary Chapter 11 bankruptcy action in the United States Bankruptcy Court for the Southern District of Florida. (ECF No. 85.) Therein, Bird requests that the Court stay the proceeding as to all Defendants, including Travis VanderZanden, Yibo Ling, Jim Mutrie, and Scott McNeil (collectively, the "Individual Defendants"). (*Id.*)

On January 17, 2024, the parties submitted a joint status report stating that 11 U.S.C. § 362 automatically stays this matter as to Bird pending the resolution of its bankruptcy proceeding or a lift of the stay. The Court agrees. The parties are less agreeable, however, as to how Bird's bankruptcy filing affects this matter with respect to the Individual Defendants.

As a general rule, "[i]n the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants." *Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987). These special circumstances are limited to instances "where: (1) there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor, or (2) extending the stay against codefendants contributes to the debtor's efforts of rehabilitation." *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 n.3 (9th Cir. 1993) (internal citations omitted). It does not appear, at this time, that the automatic stay under § 362 extends to Plaintiffs' claims against the Individual Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-08406-ODW (AGRx) | Date | January 18, 2024 |
|---|---|---|---|
| Title | *Mario Arias v. Bird Global, Inc. et al.* | | |

Nonetheless, a court also has the authority to stay the entire action under its inherent authority to do so.  A "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).  A federal district court has broad discretion in deciding whether to issue a stay.  *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).  A stay is appropriate when "it would be more efficient to stay the entire case while claims against [some defendants] are subject to the [bankruptcy] automatic stay, rather than to proceed with [the] litigation on a piecemeal basis." *King v. San Bernardino Police Officers*, No. 16-cv-02249-AG (Ex), 2017 WL 11634379 (C.D. Cal. Apr. 10, 2017) (alterations in original).

Here, the Court finds that the interests of judicial economy, efficiency, and fairness are best served by staying the entire case, including Plaintiffs' claims against the Individual Defendants.  Allowing Plaintiffs to proceed with their claims against the Individual Defendants, and then later against Bird, would waste judicial resources and involve significant relitigation of the same factual issues on a piecemeal basis.  Plaintiffs' claims against the Individual Defendants are substantially similar and factually intertwined with those against Bird.

Accordingly, the Court **STAYS** all further proceedings in this action.  All dates and deadlines are **VACATED**.  The Court **ORDERS** the parties to file a joint status report **every 3 months** until this action is reinstated, detailing the status of the bankruptcy case proceedings, Case No. 23-BK-20514-CLC, United States Bankruptcy Court for the Southern District of Florida, Miami Division.  The first joint status report must be filed no later than **April 1, 2024**.  Furthermore, in light of the stay, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss, (ECF No. 72), and Plaintiffs' Motion for Leave to File a Second Amended Complaint, (ECF No. 84).  Upon the stay being lifted, the parties may renew their motions.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |