Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Lead Counsel and Counsel for*
*Lead Plaintiff David Boulware*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| DAVID BOULWARE and LAWRENCE LOU, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>BIRD GLOBAL, INC., TRAVIS VANDERZANDEN, YIBO LING, JIM MUTRIE, and SCOTT MCNEILL,<br><br>      Defendants. | Lead Case No.<br>2:22-cv-08406-ODW (AGRx)<br><br>**REPLY IN SUPPORT OF LEAD PLAINTIFF DAVID BOULWARE'S MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT**<br><br>Courtroom: 5D, 5th Floor<br>Judge:   Hon. Otis D. Wright II<br><br>Trial Date: Not Set<br>Date Action Filed: November 17, 2022 |

No. 2:22-cv-08406-ODW (AGRX)
REPLY ISO MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT
011147-11/3208559 V3

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ..................................................................................................... 2

  A.   The SAC Further Strengthens the Section 10(b) and 20(a) Claims ................................................................................................ 2

  B.   The Proxy Claims are Properly Pled and Not Futile ......................... 3

    1.   The Proxy Claims are Procedurally Proper ............................... 3

    2.   The Proxy Claims are Properly Pled .......................................... 4

  C.   The Proxy Claims Are Timely ............................................................ 5

    1.   Relation Back Under Rule 15(c) is Liberally Applied ..................................................................................... 5

    2.   The CAC Provided Fair Notice of the SAC's Proxy Claims ......................................................................................... 6

    3.   An Identity of Interests Exists Between Lead Plaintiff and Givas ................................................................... 6

    4.   Relation Back Will Not Unfairly Prejudice Defendants ................................................................................. 8

  D.   Defendants Fail to Establish Undue Delay, Bad Faith, or Prejudice ............................................................................................. 8

  E.   Granting Leave Will Promote Judicial Efficiency ............................. 9

III.  CONCLUSION ................................................................................................ 10

REPLY ISO MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT
011147-11/3208559 V3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Similasan Corp.*,
96 F. Supp. 3d 1063 (S.D. Cal. 2015) ......................................................... 6

*Alpern v. UtilCorp United, Inc.*,
84 F.3d 1525 (8th Cir. 1996) ..................................................................... 5

*In re Am. Apparel, Inc. S'holder Litig.*,
2013 WL 174119 (C.D. Cal. Jan. 16, 2013) .............................................. 2

*ASARCO, LLC v. Union Pac. R.R. Co.*,
765 F.3d 999 (9th Cir. 2014) ..................................................................... 5

*Avila v. INS*,
731 F.2d 616 (9th Cir. 1984) ..................................................................... 6

*Baker v. Twitter, Inc.*,
2023 WL 6932568 (C.D. Cal. Aug. 25, 2023) .......................................... 3

*Bensinger v. Denbury Res. Inc.*,
2013 WL 3353975 (E.D.N.Y. July 3, 2013) .............................................. 6

*Bitton v. Gencor Nutrientes, Inc.*,
654 F. App'x 358 (9th Cir. 2016) ............................................................ 10

*Castle v. Knowles*,
2010 WL 2232394 (E.D. Cal. June 3, 2010) ............................................. 2

*Contreras v. Wray*,
2022 WL 3904004 (C.D. Cal. June 15, 2022) ........................................... 9

*Ctr. for Biological Diversity v. Env't Prot. Agency*,
316 F. Supp. 3d 1156 (N.D. Cal. 2018) ..................................................... 5

*In re Enron Corp.*,
2005 WL 1637914 (S.D. Tex. June 20, 2005) ........................................... 6

*Holm v. Acima Credit Digital, LLC*,
2025 WL 951273 (S.D. Cal. Mar. 27, 2025) ............................................. 3

*Howard v. Hui*,
   2001 WL 1159780 (N.D. Cal. Sept. 24, 2001) (N.D. Cal. Sep. 24, 2001) ............................................................................................................... 8

*Immigrant Assistance Project of L.A. Cty. Fed'n of Labor v. INS*,
   306 F.3d 842 (9th Cir. 2002) ................................................................. 7, 8

*Jackson v. Bank of Hawaii*,
   902 F.2d 1385 (9th Cir. 1990) ................................................................... 9

*Johnson v. Serenity Transp., Inc.*,
   2015 WL 4913266 (N.D. Cal. Aug. 17, 2015) ........................................... 8

*In re Juniper Networks, Inc. Sec. Litig.*,
   542 F. Supp. 2d 1037 (N.D. Cal. 2008) ..................................................... 6

*Larsen v. PTT, LLC*,
   2024 WL 5088342 (W.D. Wash. Dec. 12, 2024) ....................................... 9

*Martinez v. City of W. Sacramento*,
   2019 WL 469038 (E.D. Cal. Feb. 6, 2019) ................................................ 8

*Melnek v. Las Vegas Metro. Police Dep't*,
   2025 WL 1159773 (D. Nev. Apr. 21, 2025) ............................................... 2

*Mitchell v. Cnty. of Orange*,
   65 F. App'x 164 (9th Cir. 2003) ................................................................ 8

*Moreno v. Castlerock Farming & Transp., Inc.*,
   2012 WL 4468439 (E.D. Cal. Sept. 26, 2012) ........................................... 9

*In re Network Assocs., Inc. II Sec. Litig.*,
   2003 WL 24051280 (N.D. Cal. Mar. 25, 2003) .......................................... 7

*In re Packaged Seafood Prod. Antitrust Litig.*,
   338 F. Supp. 3d 1079 (S.D. Cal. 2018) ..................................................... 9

*In re Portal Software, Inc. Sec. Litig.*,
   2005 WL 8179740 (N.D. Cal. Mar. 9, 2005) ............................................. 3

*Raynor Bros. v. Am. Cyanimid Co.*,
   695 F.2d 382 (9th Cir. 1982) .................................................................... 7

*In re Real Est. Assocs. Ltd. P'ship Litig.*,
   223 F. Supp. 2d 1142 (C.D. Cal. 2002) ..................................................... 4

REPLY ISO MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT
011147-11/3208559 V3

*Reckstin Fam. Tr. v. C3.ai, Inc.*,
   2025 WL 490470 (N.D. Cal. Feb. 13, 2025)..........................................................2

*San Diego Coastkeeper v. Pick-Your-Part Auto Wrecking*,
   2023 WL 2801199 (S.D. Cal. Apr. 5, 2023) ..........................................................9

*Sanchez v. United States*,
   2020 WL 1157200 (S.D. Cal. Mar. 10, 2020)......................................................10

*Skiadas v. Acer Therapeutics Inc.*,
   2020 WL 3268495 (S.D.N.Y. June 16, 2020)........................................................2

*In re South African Apartheid Litig.*,
   617 F.Supp.2d 228 (S.D.N.Y. 2009) ......................................................................8

*Stambanis v. TBWA Worldwide, Inc.*,
   2020 WL 4060171 (C.D. Cal. July 20, 2020) ........................................................9

*In re Syntex Corp. Sec. Litig.*,
   95 F.3d 922 (9th Cir. 1996) ...............................................................................6, 7

*Thomas v. Magnachip Semiconductor Corp.*,
   167 F. Supp. 3d 1029 (N.D. Cal. 2016)..................................................................8

REPLY ISO MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3208559 V3

## I.    INTRODUCTION

Defendants' Opposition offers no basis to deny leave for the Proposed Second Amended Complaint ("SAC"). In securities class actions, where the lead plaintiff faces a heightened pleading standard yet must zealously prosecute the case on behalf of absent class members, the Ninth Circuit's liberal Rule 15(a) standard strongly favors the opportunity to amend, including by alleging new factual allegations to cure purported deficiencies and bringing on additional plaintiff representatives with statutory standing to assert new class claims. To establish futility, Defendants must show the claims are incurably defective—not merely raise fact-dependent disputes. Defendants fall well short of that threshold and offer no proper ground for denial.

***The SAC Cures Ostensible Deficiencies***. The SAC directly assesses the purported Section 10(b) and 20(a) deficiencies Defendants identified, including scienter, "speaker maker" and control person allegations. Defendants' attempts to re-litigate these substantive issues ignore that futility requires more than contested allegations.

***The SAC Properly Alleges Section 14(a) Proxy Claims***. Defendants' objections to the addition of a new class representative Givas and proxy claims fail. Courts routinely allow lead plaintiffs to add class members with standing to assert new claims without triggering additional PSLRA notice. The SAC satisfies the applicable negligence standard by identifying specific misstatements, linking them to proxy materials, and alleging a failure to exercise reasonable care.

***The Proxy Claims Are Timely***. Defendants' belated statute of limitations argument is meritless. The SAC's proxy claims relate back under Rule 15(c) to the Amended Consolidated Class Action Complaint ("CAC", ECF No. 63), which gave Defendants adequate notice of the Proxy Claims by alleging misstatements arising from the same merger transaction and the same alleged misconduct. Plaintiffs share an identity of interests—Givas has always been a class member, and the same false financial reporting gives rise to the claims asserted in the CAC and SAC.

REPLY ISO MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

***No Other Ground for Denial Demonstrated***. Finally, Defendants identify no cognizable prejudice, undue delay, or bad faith. Plaintiffs have not yet had an opportunity to amend ***their*** complaint (the CAC). The amendment is timely, before discovery, and will streamline the litigation by clarifying the claims at issue. Defendants have long been aware of the underlying facts and will have every opportunity to assert their defenses.

The Court should therefore grant Plaintiffs leave to file the SAC.

## II.    ARGUMENT

### A.    The SAC Further Strengthens the Section 10(b) and 20(a) Claims

The proposed amendment is not futile. Courts have consistently held that denial of leave to amend on futility grounds is rare, and that challenges to the merits are typically deferred until after amendment is granted. *Melnek v. Las Vegas Metro. Police Dep't*, 2025 WL 1159773, at *1 (D. Nev. Apr. 21, 2025) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). Defendants' assertion that Plaintiffs will not ultimately prevail on the new allegations does not render the amendment futile. *See, e.g.*, *Reckstin Fam. Tr. v. C3.ai, Inc.*, 2025 WL 490470, at *3 (N.D. Cal. Feb. 13, 2025) (granting leave where arguments went to "strength of the parties' eventual evidence, not the futility of amendment"). Their reliance on *Castle* is misplaced: there, amendment was futile only because it added defendants without new substantive allegations. Opp. at 15 (citing *Castle v. Knowles*, 2010 WL 2232394, at *4 (E.D. Cal. June 3, 2010)).

Defendants contend Bird's "going concern" warning does not support scienter because, unlike in *Skiadas*, it came after the misstatements. Opp. at 16 (citing *Skiadas v. Acer Therapeutics Inc.*, 2020 WL 3268495 (S.D.N.Y. June 16, 2020)). But this ignores that concealing a going concern risk by misrepresenting financial health is itself powerful scienter evidence. *In re Am. Apparel, Inc. S'holder Litig.*, 2013 WL 174119, at *32 (C.D. Cal. Jan. 16, 2013). Importantly, Bird issued its warning

-2-    No. 2:22-cv-08406-ODW (AGRX)

REPLY ISO MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3208559 V3

concurrent with its admission of misstatements— probative of its intentionally concealed insolvency. SAC ¶¶ 125, 311, 315.

**B.** **The Proxy Claims are Properly Pled and Not Futile**

Defendants' assertion that the Section 14(a) proxy claims are futile is legally and factually incorrect. *See* Opp. at 17–23. At this stage, "the Court is not ruling on the sufficiency of the proposed pleadings, but only on whether 'no set of facts' can be proven that would constitute a valid and sufficient claim." *Holm v. Acima Credit Digital, LLC*, 2025 WL 951273, at *3 (S.D. Cal. Mar. 27, 2025). The SAC easily meets that standard. Its proxy allegations arise from the same merger between Bird and Switchback at this case's core—specifically, materially false proxy materials that misled investors into approving the merger and buying Bird stock at inflated prices. *Cf.* CAC ¶¶ 24–134 with SAC ¶¶ 34–152. The SAC pleads detailed facts supporting each element of a Section 14(a) claim and related Section 20(a) control-person claim. *See* SAC ¶¶ 27–33, 83–86, 90–91, 163–65, 170–78, 182–88, 192–95, 203–07, 368–93.

**1.** **The Proxy Claims are Procedurally Proper**

Defendants argue adding Givas is improper under the PSLRA because he must file a separate complaint and seek lead plaintiff status. *See* Opp. at 6–7, 17. That is incorrect. "'Nothing in the PSLRA requires court approval for the addition of additional named plaintiffs by the Lead Plaintiff. … Indeed, Lead Plaintiffs have a responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses.'" *Baker v. Twitter, Inc.*, 2023 WL 6932568, at *13 (C.D. Cal. Aug. 25, 2023) (cleaned up). The SAC does not replace the lead plaintiff or alter the nature of the case. It adds a class member with statutory standing to assert claims on behalf of an overlapping class of Bird investors. The amendment does not trigger the PSLRA's notice and appointment procedures. *See*, e.g., *In re Portal Software, Inc. Sec. Litig.*, 2005 WL 8179740, at *2–4 (N.D. Cal. Mar. 9, 2005) (rejecting idea that adding a plaintiff restarts the PSLRA process).

## 2.    The Proxy Claims are Properly Pled

Defendants next argue the proxy claims are deficient, first questioning Givas's standing. *See* Opp. at 19–20. But the SAC clearly alleges he "held Switchback common stock on the close of business of the record date August 16, 2021 . . . and was entitled to vote on the Merger at the November 2, 2021 special meeting." SAC ¶ 16. At this stage, well-pleaded allegations must be accepted as true.[1]

Defendants also seek to impose a heightened pleading standard by conflating Section 14(a) claims with Rule 10b-5 claims, which require scienter. *See* Opp. at 20. But "scienter is not required to prove a violation of Rule 14a–9's prohibitions against material misstatements and omissions in connection with a proxy solicitation. A showing of negligent conduct will suffice." *In re Real Est. Assocs. Ltd. P'ship Litig.*, 223 F. Supp. 2d 1142, 1147 (C.D. Cal. 2002). Although the proxy claims share factual allegations with the 10b-5 claims, the SAC expressly disclaims any fraud-based theory and proceeds solely on negligence. SAC ¶ 374.

Applying that standard, the SAC identifies specific false or misleading proxy statements concerning Bird's revenue recognition, GAAP compliance, and internal controls, detailing precisely why each was false. SAC ¶¶ 163–65, 170–78, 182–88, 192–95, 203–07. It also alleges Defendants—including the then-Switchback directors—had access to financials through diligence efforts like audits and presentations but failed to disclose what Bird's new management later admitted were basic accounting errors requiring restatement. SAC ¶¶ 83–92, 152–53. These allegations support a strong inference of negligence. As Defendants admit, their objections largely recycle their dismissal arguments. *See* Opp. at 22. Those arguments fail here for the reasons stated in Plaintiffs' opposition to that motion.

---

[1] Defendants also take issue with the contents of Givas's PSLRA certification, *see* Opp. at 19, which is re-filed here with his transaction history. *See* Declaration of Lucas Gilmore, Exhibit 1.

REPLY ISO MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT
011147-11/3208559 V3

Defendants challenge the Section 20(a) proxy claim solely based on the underlying Section 14(a) claim. *See* Opp. at 23. Because the Section 14(a) claim is properly pled, the control-person claim survives too.

**C.      The Proxy Claims Are Timely**

In the June 6, 2025 Sixth Joint Status Report, Defendants raised for the first time that the SAC's Proxy Claims are barred by Section 14(a)'s one-year statute of limitations. ECF No. 107 at 4. Even if the Court considers this waived argument, it fails. Binding Ninth Circuit authority makes clear that Givas's addition relates back at least to the filing date of the CAC (August 11, 2023) under Rule 15(c), which falls within one year of when Defendants contend discovery of the claim occurred. *Id.* (citing September 21 and November 14–18, 2022 disclosures).

**1.      Relation Back Under Rule 15(c) is Liberally Applied**

Rule 15 allows relation back where the amended complaint arises from the same conduct, transaction, or occurrence as the original. The Ninth Circuit applies this rule "liberally," focusing on whether the claims share a "common core of operative facts." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). The doctrine is designed to give fair notice of the *facts*—not every legal theory. *Ctr. for Biological Diversity v. Env't Prot. Agency*, 316 F. Supp. 3d 1156, 1166 (N.D. Cal. 2018).

Courts routinely apply relation back to new claims alleging violations of different sections of the federal securities laws when they rely on the same documents or statements. *See Alpern v. UtilCorp United, Inc.*, 84 F.3d 1525, 1543–44 (8th Cir. 1996) (§ 11 claim based on same misleading financials as § 10(b) claim); *In re Enron Corp.*, 2005 WL 1637914, at *2 (S.D. Tex. June 20, 2005) (same).

The Ninth Circuit also applies relation back under Rule 15(c) through adding new plaintiffs when: (1) the original complaint gave notice of their claims; (2) relation back causes no unfair prejudice; and (3) there is an identity of interests. *In re*

REPLY ISO MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

*Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935–36 (9th Cir. 1996). All elements are satisfied here.

### 2.    The CAC Provided Fair Notice of the SAC's Proxy Claims

Notice is the "critical element" of relation back. *Avila v. INS*, 731 F.2d 616, 620 (9th Cir. 1984). That includes whether the original complaint showed plaintiffs sought to represent others. *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1069 (S.D. Cal. 2015).

The SAC arises from the same transaction and set of facts as the CAC. The CAC brought class claims on behalf of investors in Bird Global (formerly Switchback II) between May 12, 2021, and November 18, 2022, alleging misstatements in proxy materials soliciting shareholder approval of the merger. CAC at 5. Givas has always been part of that class. His Section 14(a) claims involve the same documents, transaction, and conduct. Given that, "defendants had adequate notice that someone [like Givas] who held [Switchback] stock at the time of the Merger would bring a claim under § 14(a)." *Bensinger v. Denbury Res. Inc.*, 2013 WL 3353975, at *5 (E.D.N.Y. July 3, 2013); *see also, In re Juniper Networks, Inc. Sec. Litig.*, 542 F. Supp. 2d 1037, 1052–53 (N.D. Cal. 2008) (amendment adding noteholder plaintiffs to assert new negligence claims under Sections 11 and 13 of Securities Act related back to original securities fraud complaint since original complaint put defendants on notice that anyone who relied on allegedly false financial statements may be included in action).

### 3.    An Identity of Interests Exists Between Lead Plaintiff and Givas

Lead Plaintiff and Givas are "similarly situated." *Immigrant Assistance Project of L.A. Cty. Fed'n of Labor v. INS*, 306 F.3d 842, 858 (9th Cir. 2002). Identity of interest exists where "[t]he circumstances giving rise to the[ir] claims remain[ ] the same." *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982). Here, alleged misstatements in the proxy materials give rise to the class claims asserted in both the CAC and SAC. *In re Asyst Techs., Inc. Derivative Litig.*, 2008

REPLY ISO MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3208559 V3

WL 4891220, at *8 (N.D. Cal. Nov. 12, 2008) (interests of new plaintiff asserting new class claim to rescind transactions under Section 29(b) of the Securities Exchange Act were aligned with original plaintiffs asserting 10(b) claims since they both sought redress for same alleged fraudulent backdating scheme).

Defendants argue there is no identity of interest for four reasons, but each fails. ECF No. 107 at 4–5. *First*, they claim Givas is in a different class—incorrectly. Givas is, and always has been, part of the class. *See* Ex. 1 at 2.

*Second*, their assertion that Givas and Boulware are shareholders of different companies ignores that Switchback *became* Bird Global through merger, and Bird Global took over Switchback's listing. Plaintiffs thus purchased the *same securities* of the same company, albeit under different corporate names.

*Third*, their claim that the proxy and 10b-5 claims arise from different laws is unavailing. The salient inquiry is whether the core factual and legal premise of the alleged misconduct remains unified. *See Asyst Techs.,* 2008 WL 4891220, at *8; *Juniper Networks*, 542 F. Supp. 2d at 1052–53.

*Fourth*, their claim that the proxy and 10b-5 claims allege different disclosures is wrong. The claims allege the same corrective disclosures and subsequent stock drops.

Defendants' cases are inapposite. ECF No. 107 at 4–5. In *In re Syntex*, 95 F.3d at 935, the new plaintiffs were not in the original class and sought to expand the class period based on different corrective disclosures and stock drops. Here, Givas was in the original class. Further, all proposed claims "are based on the same underlying allegations as the original class members (*i.e.*, improper accounting practices and misleading statements), and they all "are based on the same … [corrective] disclosure[s] and subsequent stock drop[s]." *In re Network Assocs., Inc. II Sec. Litig.*, 2003 WL 24051280, at *7 (N.D. Cal. Mar. 25, 2003) (citing *In re Syntex*, 95 F.3d at 935).

REPLY ISO MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT
011147-11/3208559 V3

In *Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1054 (N.D. Cal. 2016), the added plaintiff brought an entirely different claim based on a different offering. In *Howard v. Hui*, 2001 WL 1159780, at \*7 (N.D. Cal. Sept. 24, 2001) (N.D. Cal. Sep. 24, 2001),[2] the additional plaintiff's new Section 20A insider trading claim changed the focus of the litigation, as it relied on a different set of core facts and elements from the original plaintiff's claims requiring different proof, including evidence of contemporaneous trading by both the defendant and the plaintiff and that the defendant made a profit or avoided a loss. No such disconnect exists here.

**4.     Relation Back Will Not Unfairly Prejudice Defendants**

Because there is an identity of interests between Plaintiffs, there is no prejudice. *See Immigrant Assistance*, 305 F.3d at 858. Defendants do not contend that adding Givas "would surprise and frustrate reasonable possibilities for a defense." *See In re South African Apartheid Litig.*, 617 F.Supp.2d 228, 290 (S.D.N.Y. 2009).

**D.     Defendants Fail to Establish Undue Delay, Bad Faith, or Prejudice**

It is black letter law that delay alone is not a basis to deny leave to amend, particularly absent prejudice. *Mitchell v. Cnty. of Orange*, 65 F. App'x 164, 165 (9th Cir. 2003). Courts routinely find no prejudice when amendment is sought at the pleadings stage. *Martinez v. City of W. Sacramento*, 2019 WL 469038, at \*6 (E.D. Cal. Feb. 6, 2019); *Johnson v. Serenity Transp., Inc.*, 2015 WL 4913266, at \*5 (N.D. Cal. Aug. 17, 2015). That Plaintiffs' Section 14(a) claims could have been brought in a separate proceeding also weighs against a finding of prejudice. *Larsen v. PTT, LLC*, 2024 WL 5088342, at \*6 (W.D. Wash. Dec. 12, 2024).

---

[2] The *dicta* in *Howard v. Hui* suggesting that a new plaintiff asserting a claim the original plaintiff lacked standing creates "different interests," is unsupported by Ninth Circuit law. *See, e.g., Immigrant Assistance Project of Los Angeles Cnty.*, 306 F.3d at 853 (allowing relation back add new representative plaintiffs to establish standing for claims the original plaintiff lacked, holding "similarly situated" plaintiffs met identity of interest).

-8-                    No. 2:22-cv-08406-ODW (AGRX)

Defendants' citation to *Moreno v. Castlerock Farming & Transp., Inc.*, 2012 WL 4468439, at *2 (E.D. Cal. Sept. 26, 2012), is unavailing. Opp. at 13. The Ninth Circuit has made clear that delay and prejudice are distinct and independent factors. Their reliance on *Contreras* is also misplaced. That case involved a motion to amend for voluntary dismissal, where the opposing party sought dismissal with prejudice based on statute-of-limitations grounds. *Contreras v. Wray*, 2022 WL 3904004, at *4 (C.D. Cal. June 15, 2022), *report and recommendation adopted*, 2022 WL 3910472 (C.D. Cal. Aug. 30, 2022).

Defendants' claim that discovery-related burdens constitute prejudice also fails. The Section 14(a) claims substantially overlap with the existing Section 10(b) claims and will not significantly expand discovery. In *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990), discovery had already begun and would have required duplication—unlike here, where discovery has yet to start. Similarly, in *Stambanis*, leave was denied after two prior dismissals—circumstances not present here. *Stambanis v. TBWA Worldwide, Inc.*, 2020 WL 4060171, at *2 (C.D. Cal. July 20, 2020).

Finally, Defendants' argument that Lead Plaintiff and Lead Counsel unduly delayed is unpersuasive. Lead Plaintiff promptly sought to add Givas upon his retention and at a very early stage in the case.

**E.  Granting Leave Will Promote Judicial Efficiency**

When a plaintiff moves for leave to amend while a motion to dismiss is pending, courts typically grant leave because doing so moots the dismissal motion. *San Diego Coastkeeper v. Pick-Your-Part Auto Wrecking*, 2023 WL 2801199, at *1 (S.D. Cal. Apr. 5, 2023); *see also In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1079, 1106–07 (S.D. Cal. 2018). Granting leave here would similarly moot the current dismissal motion.

Defendants argue otherwise, urging dismissal with prejudice—even though the Ninth Circuit has emphasized that leave to amend should be freely granted,

particularly where the plaintiff has not previously amended. *Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-2 v. Fid. Nat'l Title Ins. Co.*, 2021 WL 5002215, at *2 (9th Cir. Oct. 28, 2021). Dismissal with prejudice is appropriate only where it is "clear that amendment of the complaint would be futile." *Bitton v. Gencor Nutrientes, Inc.*, 654 F. App'x 358, 364 (9th Cir. 2016). Defendants' claim that dismissal would obviate the need to address the motion for leave is incorrect: futility cannot be assessed without reviewing the proposed amendments. Their reliance on *Sanchez v. United States*, 2020 WL 1157200, at *2 (S.D. Cal. Mar. 10, 2020) is misplaced (Opp. at 10); there, the court granted leave to amend after dismissing the complaint without prejudice—undermining, not supporting, Defendants' argument.

## III.    CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court grant their Motion.

DATED: June 25, 2025                Respectfully submitted,

By: */s/ Lucas E. Gilmore*
Lucas E. Gilmore (250893)
Reed R. Kathrein (139304)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
lucasg@hbsslaw.com
reed@hbsslaw.com

Nathan Emmons (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
nathane@hbsslaw.com

*Lead Counsel and Counsel for*

*Lead Plaintiff David Boulware*

Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
**THE ROSEN LAW FIRM, P.A.**
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
lrosen@rosenlegal.com

Jonathan Stern (*pro hac vice* forthcoming)
**THE ROSEN LAW FIRM, P.A.**
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jstern@rosenlegal.com

*Counsel for Additional Plaintiff
Lawrence Lou*

-11-    No. 2:22-cv-08406-ODW (AGRX)

REPLY ISO MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3208559 V3

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff David Boulware, certifies that this brief contains 3,112 words, which complies with this Court's procedures.

DATED: June 25, 2025

/s/ *Lucas E. Gilmore*
Lucas E. Gilmore (250893)

-12-    No. 2:22-cv-08406-ODW (AGRX)

REPLY ISO MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3208559 V3