JASON DE BRETTEVILLE, State Bar No. 195069
 jdebretteville@stradlinglaw.com
LISA M. NORTHRUP, State Bar No. 293784
 lnorthrup@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: 949 725 4000
Facsimile: 949 725 4100

Attorneys for Defendants
TRAVIS VANDERZANDEN, YIBO LING
JIM MUTRIE, and SCOTT McNEILL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DAVID BOULWARE and LAWRENCE LOU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIRD GLOBAL, INC., TRAVIS VANDERZANDEN, YIBO LING, JIM MUTRIE, and SCOTT MCNEILL,<br><br>Defendants. | Lead Case No. 2:22-CV-08406-ODW-AGRx<br>*Member Case No.: 2:22-cv-09178-ODW-AGRx*<br><br>Hon. Otis D. Wright, II<br>Magistrate Alicia G. Rosenberg<br><br>**DEFENDANTS TRAVIS VANDERZANDEN, YIBO LING, JIM MUTRIE, AND SCOTT MCNEILL'S SUPPLEMENTAL BRIEFING ADDRESSING RECENT LEGAL AUTHORITIES PURSUANT TO THE COURT'S JUNE 17, 2025 ORDER**<br><br><br>Case Consolidated: February 13, 2023<br>Consolidated Complaint Filed: August 10, 2023<br>Trial Date: Not Set |

2:22-CV-08406-ODW-AGR

## I.   INTRODUCTION

Pursuant to the Court's order, dated June 17, 2025 (*see* Dkt. 108), defendants Travis VanderZanden, Yibo Ling, Jim Mutrie, and Scott McNeill (together, the "Individual Defendants") submit for the Court's consideration this supplemental brief identifying recent legal authorities that post-date the briefing on Defendants' Motion to Dismiss Amended Consolidated Class Action Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss"; Dkt. 72, 77, 78) and Lead Plaintiff David Boulware's Motion for Leave to File [Proposed] Second Amended Complaint (the "Motion for Leave to Amend").  (*See* Dkt. 84, 90, 109.)

## II.   MOTION TO DISMISS SUBSEQUENT AUTHORITIES

Three recent court decisions further establish that the operative Amended Consolidated Class Action Complaint (*see* Dkt. 63) fails to state a claim because it fails to allege facts capable of supporting the requisite strong inference of scienter. The first two decisions underscore the need to establish a defendant's knowledge at the time of the alleged misstatement.  The third decision concerns the insufficiency of scienter allegations that merely identify accounting errors.

In *Local 282 Pension Tr. Fund v. BioMarin Pharm., Inc*., the Ninth Circuit affirmed the dismissal of a Section 10(b) claim for failure to plead falsity with sufficient particularly as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA") because the plaintiff did "not sufficiently plead that BioMarin's statements were 'untrue or misleading when made.'"  No. 23-15433, 2024 U.S. App. LEXIS 3553, at *3 (9th Cir. Feb. 15, 2024) (internal citation omitted).  The Ninth Circuit explained that the allegations referencing statements in the defendant's SEC filings were insufficient, without additional explanation, to show that the defendant's executives knew the operative facts at the time of any alleged misstatement.  *See id*. at *4.

DEFENDANTS SUPPLEMENTAL BRIEFING
2:22-CV-08406-ODW-AGR

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

In, *Victor J. NG v. Berkeley Lights, Inc.,* applying the legal standard that "[f]alsity is alleged when a plaintiff points to [the] defendant's statements that directly contradict what the defendant knew at that time[,]" the court concluded the allegedly false and misleading statements plead in support of a Section 10(b) claim failed to meet the PSLRA's heightened pleading standard.  No. 21-cv-09497-HSG, 2024 U.S. Dist. LEXIS 28776, at *15-37 (N.D. Cal. Feb. 20, 2024) (quoting *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1007 (9th Cir. 2018)).  Additionally, the court rejected plaintiff's scienter arguments individually and when assessed holistically including application of the core operations theory, allegations of profit from stock sales, and the timing of executive departures.  *See Victor J. NG*, 2024 U.S. Dist. LEXIS 28776 at *40-46.

The court found in *Bouzaglo v. Inspirato Inc.*, that plaintiffs failed to adequately allege scienter in support of their Section 10(b) claim in "alleging GAAP violations but not tying those violations to any broader scheme or more detailed assertions of knowledge that would permit a reasonable inference of the Defendants' scienter."  Civil Action No. 1:23-cv-00438-RMR-SBP, 2024 U.S. Dist. LEXIS 142939, at *12-13 (D. Colo. July 16, 2024) (report and recommendation adopted by *Koch v. Inspirato Inc*., Civil Action No. 1:23-cv-00438-RMR-MEH, 2024 U.S. Dist. LEXIS 196735 (D. Colo. Sep. 23, 2024)).  The court further explained that:  "Plaintiffs offer no direct evidence of any Inspirato official having actual (or even constructive) knowledge that the company's accounting for its leases violated ASC 842 and GAAP. Plaintiffs do not identify anyone who reported concerns about the accounting for the leases to any corporate official at the time, nor indicate any basis to conclude that the Defendants themselves harbored any concerns about the lease accounting." *Bouzaglo*, 2024 U.S. Dist. LEXIS 142939 at *14.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DEFENDANTS SUPPLEMENTAL BRIEFING
2:22-CV-08406-ODW-AGR

## III.    MOTION FOR LEAVE TO AMEND SUBSEQUENT AUTHORITIES

Four recent court decisions further support denying the Motion for Leave to Amend.  (*See* Dkt. 84, 90, 109.) The first speaks to the propriety of narrowing a grant of leave to amend to encompass only amendments addressing deficiencies in the operative complaint identified by the court in the order of dismissal.  The second and third concern when a proposed amendment "relates back" for statute of limitations purposes. The fourth addresses the impropriety of adding additional defendants under Federal Rule of Civil Procedure 15(c)(1)(C)(i).

In *Cesario v. Biocept, Inc.*, the court found that "permitting Plaintiff's proposed TAC to replace the SAC as the operative complaint, rendering the present Motions to Dismiss moot, would be inefficient and not in the interests of judicial economy."  No. 23-cv-1803-WQH-BLM, 2025 U.S. Dist. LEXIS 28660, at *100 (S.D. Cal. Feb. 18, 2025).  Because the Court determined amendment would not be futile, it granted leave to file not the proposed TAC, but "an amended complaint that addresses the deficiencies in this Order [that ruled on the motions to dismiss]." *Id*. at *101.

In *TrustLabs, Inc. v. Jaiyong An*, No. 21-cv-02606-CRB, 2024 U.S. Dist. LEXIS 58995, at *26-28, *48 (N.D. Cal. Mar. 30, 2024), the court denied a motion for leave to amend counterclaims.  The court held one of the proposed claims was futile on the grounds that it was time barred and did not relate back under Federal Rule of Civil Procedure 15 because it was a "new legal theory, depending on different facts." *Id*. at *28.

In *Jones v. Cty. of San Diego*, the court rejected plaintiff's argument his claims related back to a complaint filed in another action.  *See* No. 23-cv-529-WQH-VET, 2025 U.S. Dist. LEXIS 10486, at *7-14, *28-29 (S.D. Cal. Jan. 21, 2025).  The court explained that "district courts within the Ninth Circuit have held that complaints filed in separate cases do not 'relate back' to complaints in prior cases." *Id*. at *13.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DEFENDANTS SUPPLEMENTAL BRIEFING
2:22-CV-08406-ODW-AGR

In *Miller v. Unknown Gordan*, the court denied a motion for leave to amend, partially based on the plaintiff's failure to meet the requirement in Federal Rule of Civil Procedure 15(c)(1)(C)(i), where the proposed complaint sought to add new defendants (with the court noting there is a split in the Ninth Circuit such that some courts view Rule 15 as only permitting substitution of party).  *See* No. CV-21-1867-PHX-DGC, 2024 U.S. Dist. LEXIS 76311, at *9 & n.1 (D. Ariz. Apr. 26, 2024).  The court rejected the argument that the proposed defendants knew they were part of the alleged events because "if a new party's mere knowledge that he had participated in an event was sufficient to constitute notice of a claim under Rule 15(c)(1)(C)(i), the rule would be meaningless in most cases."  *Id*. at *10.

Respectfully submitted,

DATED: July 2, 2025          STRADLING YOCCA CARLSON & RAUTH LLP

By:  */s/ Jason de Bretteville*
Jason de Bretteville
Lisa M. Northrup

Attorneys for Defendants
TRAVIS VANDERZANDEN, YIBO LING JIM MUTRIE, and SCOTT McNEILL

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
DEFENDANTS SUPPLEMENTAL BRIEFING
2:22-CV-08406-ODW-AGR