Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Lead Counsel and Counsel for
Lead Plaintiff David Boulware*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DAVID BOULWARE and LAWRENCE LOU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIRD GLOBAL, INC., TRAVIS VANDERZANDEN, YIBO LING, JIM MUTRIE, and SCOTT MCNEILL,<br><br>Defendants. | Lead Case No. 2:22-cv-08406-ODW (AGRx)<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING SUBSEQUENT AUTHORITY** |

Plaintiffs submit this supplemental brief addressing subsequent authorities since the Defendants and Plaintiffs filed their Motion to Dismiss and Motion to Amend, respectively, in 2023. *See* ECF No. 108. The following recent authorities concern the application of the core operations doctrine to establish scienter, the determination of who is a "maker" of an alleged false and misleading statement, and the standard for pleading loss causation.

**A.    Application of the Core Operations Doctrine.**

Recent post-opposition decisions from both the Ninth Circuit and the Northern District of California reaffirm that the core operations doctrine supports a strong inference of scienter where the alleged misstatements concern fundamental aspects of the business and the complaint plausibly alleges both the absurdity of executive ignorance and their actual access to the underlying information.

***First***, the Ninth Circuit's recent decision in *Oklahoma Firefighters Pension & Ret. Sys. v. Snap Inc.*, 2024 WL 5182634 (9th Cir. Dec. 20, 2024), reinforces that the core operations doctrine supports a strong inference of scienter. In *Snap*, a company executive overstated the fraction of advertisers who had switched to a new framework for measuring the success of app install campaigns. *Id*. at *1. The Ninth Circuit reversed the district court's dismissal of Exchange Act claims and held that plaintiffs adequately pled scienter based on allegations that (1) the misstatements involved a core aspect of the company's business; (2) the defendants repeatedly touted the importance of that metric; and (3) the magnitude and visibility of the issue rendered it implausible that senior executives were unaware. *Id*. at *2–3.

The Ninth Circuit found that the complaint's allegations were sufficiently particularized to support an inference that the defendant executive "had actual access to the disputed information." *Id*. at *2 (quoting *S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 786 (9th Cir. 2008)). The Ninth Circuit also held that the complaint satisfied the absurdity test, which permits an inference of scienter "without accompanying particularized allegations, in rare circumstances where the nature of

the relevant fact is of such prominence that it would be 'absurd' to suggest that management was without knowledge of the matter." *Id.* at *3 (quoting *S. Ferry*, 542 F.3d at 786). The court found that because the complaint alleged "the [framework] transition threatened more than half of Snap's revenue," and the speaker was directly responsible for that revenue stream, "it would be absurd to suggest [the speaker] did not know that advertisers representing a majority of [advertising] revenue had not implemented [the new framework.]" *Id.*

**Second**, a recent decision from the Northern District of California, *Uniformed Sanitationmen's Ass'n Comp. Accrual Fund v. Equinix, Inc.*, 2025 WL 39936 (N.D. Cal. Jan. 6, 2025), further supports the notion that the core operations doctrine supports a strong inference of scienter. In denying the defendants' motion to dismiss, the court reaffirmed that scienter may be inferred both from the "absurd[ity]" of management's claimed ignorance and from particularized allegations that executives had "actual access" to the disputed information. *Id*. at *5. The decision is directly relevant to the issues before this Court.

On the "absurdity" prong, the *Equinix* court held that the prominence of the advertised metric ("adjusted funds from operation," or AFFO) made it "absurd to suggest that management was without knowledge of the matter." *Id.* (citation omitted). The court emphasized that AFFO was Equinix's "core" and "lighthouse" performance metric, repeatedly touted by senior executives.

On the "actual access" prong, the court credited detailed allegations that senior executives repeatedly discussed capital expenditures and AFFO in investor presentations. That was sufficient to establish that they had access to the underlying data they were misstating. *Id.* at *5–6.

**B.    Determination of the "Maker" of a Statement Under *Janus*.**

In *Courter v. Cytodyn, Inc.*, et al., 2025 WL 1771244, at *13 (W.D. Wash. June 25, 2025), the court recently addressed the issue of who qualifies as a "maker" of a false or misleading statement under Section 10(b). There, the court denied

-2-

defendants' motion to dismiss, including rejecting defendants' attempt to avoid liability by claiming the plaintiffs had merely pled they had "some role" in the alleged misstatements. That court clarified that under *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011), the "maker" of a statement is "the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it." Crucially for plaintiffs, the court emphasized that the defendants repeatedly signing SEC filings provided a powerful basis to establish "maker" status, as such signatures demonstrated ultimate authority and responsibility for the contained statements.

## C.    Standard for Pleading Loss Causation.

In *Leventhal v. Chegg, Inc.*, 721 F. Supp. 3d 1003, 1017 (N.D. Cal. 2024), *reconsideration denied*, 2024 WL 3447516 (N.D. Cal. July 17, 2024), the court held that the plaintiffs had met their burden in pleading loss causation for a stock drop based on the defendants' announcement that it was lowering its Q4 2021 revenue projections.  In doing so, the court directly addressed and rejected the defendants' arguments designed to sever the link between misrepresentations and subsequent stock drops. The court affirmed that when the very facts about which a defendant allegedly lied—such as the true, unsustainable drivers of revenue growth—are revealed through disappointing financial results, and the market corrects in response to this revelation, plaintiffs have met their burden. Crucially, the court emphasized that a stock price drop immediately following the exposure of the truth, especially when analysts note the probable relationship between the alleged misstatements and the decline, strongly indicates causation and helps rule out alternative causes. Given the "low bar of pleading proximate cause for purposes of loss causation," *Leventhal* underscores that merely a plausible connection between the undisclosed fraud and the market's negative reaction is sufficient to survive a motion to dismiss.

Dated: July 2, 2025

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Lucas E. Gilmore*
Lucas E. Gilmore (250893)
Reed R. Kathrein (139304)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email:   lucasg@hbsslaw.com
Email:   reed@hbsslaw.com

Nathan Emmons (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950
Email: nathane@hbsslaw.com

*Lead Counsel and Counsel for Lead Plaintiff David Boulware*

Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
**THE ROSEN LAW FIRM, P.A.**
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile:  (213) 226-4684
Email: lrosen@rosenlegal.com

-4-

Jonathan Stern (*pro hac vice* forthcoming)
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile:  (212) 202-3827
Email: jstern@rosenlegal.com

*Counsel for Additional Plaintiff Lawrence Lou*

PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING SUBSEQUENT AUTHORITY
Case No. 2:22-cv-08406-ODW (AGRx)

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2025, a true and correct copy of the foregoing was filed electronically by CM/ECF.

*/s/ Lucas E. Gilmore*
Lucas E. Gilmore