UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-08406-ODW (AGRx) | Date | November 7, 2025 |
|---|---|---|---|
| Title | *Mario Arias v. Bird Global, Inc. et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Patricia Kim | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**          **In Chambers: Denying Motion to Amend with Leave to Refile [85]**

On November 17, 2022, Mario Arias initiated this securities class action. (Compl., Dkt. No. 1.) On February 13, 2023, the Court consolidated the action with *Cain v. Bird Global, Inc. et al.*, No. 2:22-cv-09178-ODW (AGRx). (Order Consol. Case, Dkt. No. 38.) On August 15, 2025, Plaintiffs filed their Consolidated Amended Class Action Complaint against Bird Global, Inc. ("Bird"), Travis VanderZanden, Yibo Ling, Jim Mutrie, and Scott McNeill (collectively without Bird, "Individual Defendants" and collectively with Bird, "Defendants"). (Consol. Am. Class Action Compl. ("CACAC"), Dkt. No. 63.) Plaintiffs assert causes of action for violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder against all Defendants, and for violation of Section 20(a) against the Individual Defendants. (*Id.* ¶¶ 314–31.)

On September 11, 2023, Defendants moved to dismiss the CACAC under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss 9, Dkt. No. 72.) On December 18, 2023, Plaintiffs moved for leave to amend the CACAC under Rule 15(a). (Mot. Amend, Dkt. No. 84.)

On January 3, 2024, Bird filed a Notice of Suggestion of Bankruptcy, indicating that Bird commenced a voluntary Chapter 11 bankruptcy action in the United States Bankruptcy Court for the Southern District of Florida. (Dkt. No. 85.) On January 18, 2024, the Court stayed the entire case pursuant to 11 U.S.C. § 362 ("Section 362") and in the interest of judicial economy, efficiency, and fairness. (Order Stay 1–2, Dkt. No. 92.) In its order, the Court denied as moot Defendants' Motion to Dismiss and Plaintiffs' Motion to Amend. (*Id.* at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-08406-ODW (AGRx) | Date | November 7, 2025 |
|---|---|---|---|
| Title | *Mario Arias v. Bird Global, Inc. et al.* | | |

On June 6, 2025, the parties stipulated to lift the stay as to the Individual Defendants. (Stip. Lift Stay 4, Dkt. No. 106.) The parties also stipulated that Plaintiffs are enjoined from proceeding in this action against Bird. (*Id.* at 3.) That same day, the parties filed a joint status report addressing how the case should proceed once the stay is lifted. (Status Report 2, Dkt. No. 107.) The Individual Defendants requested that the Court rule on their Motion to Dismiss before addressing Plaintiffs' Motion to Amend. (*Id.*) Conversely, Plaintiffs requested that the Court consider their Motion to Amend before addressing Defendants' Motion to Dismiss. (*Id.* at 5.)

On June 17, 2025, the Court granted the parties' stipulation and lifted the stay as to the Individual Defendants. (Order Lift Stay, Dkt. No. 108.) As Bird's bankruptcy action is still pending, the automatic stay remains in effect as to Bird. (*Id.* at 1); *In re Bird Global, Inc.*, No. 1:23-BK-20514 (Bankr. S.D. Fla. 2023). In its order lifting the stay, the Court agreed to consider Defendants' Motion to Dismiss and Plaintiffs' Motion to Amend. (Order Lift Stay 1.)

On reconsideration of Plaintiffs' Motion to Amend, the Court finds that their proposed amendments allege claims against Bird. A Section 362 stay "prohibit[s] the continuation of a judicial action against the debtor that was commenced before the bankruptcy." *In re White*, 186 B.R. 700, 703 (9th Cir. 1995) (citation modified). Once an automatic stay is issued, a court may not rule on any issues that address the debtor's liability. *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756–57 (9th Cir. 1995) (reversing summary judgment because it required the court to determine the debtor's liability).

Here, the Court lifted the stay as to the Individual Defendants only. (Order Lift Stay 1.) As Bird's bankruptcy proceeding is ongoing, Plaintiffs cannot pursue any claims against Bird. (Order Stay 1); *In re White*, 186 B.R. at 703 (noting that a stay pursuant to Section 362 "prohibit[s] the continuation of the judicial action against the debtor that was commenced before the bankruptcy"). However, Plaintiffs propose amendments in their Motion to Amend that include causes of action against Bird under Section 10(b), Rule 10b-5, and Section 14(a) of the Exchange Act. (MTA Ex. 1 Proposed Second Am. Consol. Class Action Compl. ("PSACCAC") ¶¶ 350–60, 374–87, Dkt. No. 84.) For instance, for their Section 10(b) and Rule 10b-5 claims, Plaintiffs propose amendments alleging that, "[d]uring the class period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements." (PSACCAC ¶ 352.) Additionally, in the proposed amendments to their Section 14(a) claims, Plaintiffs also allege that Bird "acted negligently in issuing and/or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-08406-ODW (AGRx) | Date | November 7, 2025 |
|---|---|---|---|
| Title | *Mario Arias v. Bird Global, Inc. et al.* | | |

disseminating the Soliciting Materials because they contained the false and misleading statements alleged." (*Id.* ¶ 381.)

Furthermore, Plaintiffs propose amendments against the Individual Defendants that also implicate Bird. (*See, e.g.*, *id.* ¶ 365 ("[E]ach of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct . . . .").) Plaintiffs' claims against the Individual Defendants are premised on their role as Bird's officers or directors. (*See, e.g.*, *id.* ¶ 19 ("VanderZanden served as the President, Chief Executive Officer, and Director of post-merger Bird").) Thus, any potential liability the Individual Defendants might face appears to depend on Bird's actions or omissions. As such, the Court cannot rule on any of Plaintiffs' claims against the Individual Defendants that implicate Bird or may expose the bankrupt debtor to future liability. *See In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000) (holding that any action without an order from the bankruptcy court "authoriz[ing] any further progress in the stayed proceedings" is in violation of the stay and therefore void). As Plaintiffs are presently enjoined from proceeding against Bird, they are likewise prohibited from asserting claims against the Individual Defendants that implicate Bird.

Accordingly, the Court will not resolve Plaintiffs' pending Motion to Amend because Plaintiffs seek to assert claims that implicate liability against Bird. The Court **DENIES** Plaintiffs' Motion to Amend. (Dkt. No. 84.)

Lastly, the Court questions whether Plaintiffs will be able to propose amendments that assert liability only against the Individual Defendants without implicating Bird. Nevertheless, Plaintiffs may refile their Motion to Amend and Proposed Second Amended Consolidated Class Action Complaint, modified in light of the above findings, **within fourteen (14) days of this Order**. C.D. Cal L.R. 15-1. Should Plaintiffs elect not to file their modified Motion to Amend, Plaintiffs shall file a notice of such intent by the same date. Plaintiffs' failure to file a timely modified motion to amend will be construed as implied notice of the election not to refile, as well as a concession that their claims against the Individual Defendants are unavoidably intertwined with Bird's liability. In that event, the Court will proceed with consideration of Defendants' Motion to Dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-08406-ODW (AGRx) | Date | November 7, 2025 |
|---|---|---|---|
| Title | *Mario Arias v. Bird Global, Inc. et al.* | | |

**IT IS SO ORDERED.**

:     00

Initials of Preparer     PK