Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Lead Counsel and Counsel for*
*Lead Plaintiff David Boulware*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| DAVID BOULWARE and LAWRENCE LOU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIRD GLOBAL, INC., TRAVIS VANDERZANDEN, YIBO LING, JIM MUTRIE, and SCOTT MCNEILL,<br><br>Defendants. | Lead Case No.<br>2:22-cv-08406-ODW (AGRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF DAVID BOULWARE'S RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT**<br><br>Date:        February 23, 2026<br>Time:        1:30 p.m.<br>Courtroom:   5D, 5th Floor<br>Judge:       Hon. Otis D. Wright II<br><br>Trial Date: Not Set<br>Date Action Filed: November 17, 2022 |

No. 2:22-cv-08406-ODW (AGRX)

MPA RE: MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   SUMMARY OF THE SAC .................................................................................. 3

III.  ARGUMENT ...................................................................................................... 5

    A.    Under Rule 15(a)'s Lenient Standard and Because Justice so Requires, the Court Should Grant Plaintiffs Leave to file the SAC ........................................................................................... 5

    B.    The Proposed Amendments Are Not Futile .......................................... 6

        1.    The SAC's Allegations are not Inextricably Intertwined with Allegations Against Bird ................................ 6

        2.    The SAC Asserts Viable Proxy Claims ..................................... 8

        3.    The SAC Asserts Actionable New Statements Made by Defendants Mutrie and McNeill ............................... 14

        4.    The SAC Includes New Scienter Facts ................................... 15

    C.    There Is No Undue Delay ................................................................... 16

    D.    Defendants Will Not Be Prejudiced by the Amendment ................... 16

    E.    Plaintiffs Did Not Engage in Bad Faith or Have a Dilatory Motive ................................................................................................. 18

IV.   CONCLUSION ................................................................................................. 19

MPA Re: Renewed Motion For Leave to File [Proposed] Second Amended Complaint

011147-11/3371373 V1

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allen v. Similasan Corp.*,
96 F. Supp. 3d 1063 (S.D. Cal. 2015) ...................................................................... 12

*Alpern v. UtilCorp United, Inc.*,
84 F.3d 1525 (8th Cir. 1996) ................................................................................... 11

*In re AMBAC Fin. Grp., Inc. Deriv. Litig.*,
2008 WL 5262428 (S.D.N.Y. Dec. 11, 2008) ........................................................ 17

*ASARCO, LLC v. Union Pac. R.R. Co.*,
765 F.3d 999 (9th Cir. 2014) ................................................................................... 11

*In re Asyst Techs., Inc. Derivative Litig.*,
2008 WL 4891220 (N.D. Cal. Nov. 12, 2008) ................................................... 12, 13

*Avila v. INS*,
731 F.2d 616 (9th Cir. 1984) ................................................................................... 12

*Baker v. Twitter, Inc.*,
2023 WL 6932568 (C.D. Cal. Aug. 25, 2023) .................................................. 10, 18

*Bensinger v. Denbury Res. Inc.*,
2013 WL 3353975 (E.D.N.Y. July 3, 2013) ........................................................... 12

*Bodri v. GoPro, Inc.*,
2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ......................................................... 18

*Bowles v. Reade*,
198 F.3d 752 (9th Cir. 1999) ................................................................................... 16

*Contreras v. Wray*,
2022 WL 3904004 (C.D. Cal. June 15, 2022) ......................................................... 18

*Ctr. for Biological Diversity v. Env't Prot. Agency*,
316 F. Supp. 3d 1156 (N.D. Cal. 2018) ................................................................... 11

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir. 1987) ................................................................................... 16

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

*De Luca v. City of Port Hueneme*,
2014 WL 7186983 (C.D. Cal. Dec. 17, 2014) .......................................................6

*Defazio v. Hollister, Inc.*,
2008 WL 2825045 (E.D. Cal. July 21, 2008) .......................................................6

*Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council, Inc.*,
2013 WL 485830 (N.D. Cal. Feb. 6, 2013)...........................................................17

*Duval v. Gleason*,
1990 WL 261364 (N.D. Cal. Oct. 19, 1990) ..........................................................1

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003)..............................................................................16

*In re Enron Corp.*,
2005 WL 1637914 (S.D. Tex. June 20, 2005) .....................................................11

*In re Excel Innovations, Inc.*,
502 F.3d 1086 (9th Cir. 2007).................................................................................6

*Film Allman, LLC v. N.Y. Marine & Gen. Ins. Co.*,
2015 WL 4093536 (C.D. Cal. July 7, 2015) ..........................................................5

*Foman v. Davis*,
371 U.S. 178 (1962) .................................................................................................5

*In re Glob. Crossing, Ltd. Sec. Litig.*,
313 F. Supp. 2d 189 (S.D.N.Y. 2003)...................................................................19

*In re Hot Topic Sec. Litig.*,
2014 WL 7499375 (C.D. Cal. May 2, 2014).........................................................10

*Howard v. Hui*,
2001 WL 1159780 (N.D. Cal. Sept. 24, 2001).....................................................14

*Immigrant Assistance Project of L.A. Cty. Fed'n of Labor v. INS*,
306 F.3d 842 (9th Cir. 2002) ..........................................................................12, 14

*In re Juniper Networks, Inc. Sec. Litig.*,
542 F. Supp. 2d 1037 (N.D. Cal. 2008).........................................................12, 13

*Knappenberger v. City of Phoenix*,
566 F.3d 936 (9th Cir. 2009).................................................................................6

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

*Moreno v. Castlerock Farming & Transp., Inc.*,
  2012 WL 4468439 (E.D. Cal. Sept. 26, 2012) ...................................................... 18

*Morongo Band of Mission Indians v. Rose*,
  893 F.2d 1074 (9th Cir. 1990) ............................................................................. 17

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ................................................................................. 5

*N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*,
  564 B.R. 192 (S.D.N.Y. 2016) ............................................................................... 7

*Nejo v. Wilshire Credit Corp.*,
  2010 WL 2888905 (S.D. Cal. July 21, 2010) ...................................................... 18

*In re Network Assocs., Inc. II Sec. Litig.*,
  2003 WL 24051280 (N.D. Cal. Mar. 25, 2003) .................................................. 13

*In re PG&E Corp. Sec. Litig.*,
  100 F.4th 1076 (9th Cir. 2024) .............................................................................. 1

*In re Portal Software, Inc. Sec. Litig.*,
  2005 WL 8179740 (N.D. Cal. Mar. 9, 2005) ........................................... 3, 11, 19

*Raynor Bros. v. Am. Cyanimid Co.*,
  695 F.2d 382 (9th Cir. 1982) ............................................................................... 12

*Ret. Sys. v. Jobs*,
  593 F.3d 1018 (9th Cir. 2010) ............................................................................... 8

*Rudolph v. UTStarcom*,
  560 F. Supp. 2d 880 (N.D. Cal. 2008) .................................................................. 8

*S. Ferry LP #2 v. Killinger*,
  687 F. Supp. 2d 1248 (W.D. Wash. 2009) ............................................................ 7

*Skiadas v. Acer Therapeutics Inc.*,
  2020 WL 3268495 (S.D.N.Y. June 16, 2020) .................................................... 16

*In re South African Apartheid Litig.*,
  617 F.Supp.2d 228 (S.D.N.Y. 2009) ................................................................... 14

*In re Syntex Corp. Sec. Litig.*,
  95 F.3d 922 (9th Cir. 1996) ........................................................................... 11, 13

011147-11/3371373 V1

*Thomas v. Magnachip Semiconductor Corp.*,
    167 F. Supp. 3d 1029 (N.D. Cal. 2016)...............................................................14

*In re Thornburg Mortg., Inc. Sec. Litig.*,
    824 F. Supp. 2d 1214 (D.N.M. 2011)...................................................................7

*In re Twitter Inc. Sec. Litig.*,
    326 F.R.D. 619 (N.D. Cal. 2018) .........................................................................19

*Va. Bankshares, Inc. v. Sandberg*,
    501 U.S. 1083 (1991) ...........................................................................................9

*Venugopal v. Citibank, NA*,
    2013 WL 174483 (N.D. Cal. Jan. 16, 2013) .........................................................3

*Wixon v. Wyndham Resort Dev. Corp.*,
    2007 WL 3101331 (N.D. Cal. Oct. 22, 2007)......................................................18

*Zwick Partners, LP v. Quorum Health Corp.*,
    456 F. Supp. 3d 949 (M.D. Tenn. 2020) ..............................................................7

**STATUTES**

11 U.S.C. § 362........................................................................................................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a)(2)..........................................................................................2, 5

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

## I.   INTRODUCTION

Plaintiffs submit this renewed Motion for Leave to File a Second Amended Complaint in response to the Court's November 7, 2025, Order (Dkt. No. 112) ("Order"). In that Order, the Court denied Plaintiffs' prior motion because the proposed pleading continued to assert claims against Bird Global, Inc. ("Bird"), a Chapter 11 debtor protected by the automatic bankruptcy stay (11 U.S.C. § 362), and because certain allegations risked "implicat[ing] Bird or expos[ing] the bankrupt debtor to future liability." Order at 3. The Court invited Plaintiffs to refile a modified motion and proposed complaint. *Id*.

***This renewed motion eliminates the Order's concerns***. The revised Proposed Second Amended Complaint ("SAC"):

1.   Dismisses Bird as a defendant and removes all claims against Bird, thereby ensuring full compliance with the bankruptcy stay and the Court's directive that Plaintiffs "are enjoined from proceeding in this action against Bird." *Id.* at 2.

2.   Eliminates all control-person claims against the Individual Defendants, which the Court found impermissibly intertwined with Bird because they rested on proving Bird's alleged primary violations. *Id*. at 3.

3.   Re-pleads only those claims against the Individual Defendants that arise from their own actionable statements, omissions, and breaches of duties for which the Individual Defendants have independent liability completely separate from Bird's obligations, and does so without relying on Bird's liability or conduct.

Because the SAC asserts liability solely for the Individual Defendants' own statements and omissions, adjudicating these claims does not require the Court to determine whether Bird engaged in fraud or otherwise acted unlawfully. Courts routinely allow securities claims to proceed against individual executives where their liability is grounded in their own misrepresentations, even if the issuer is bankrupt or stayed. *See, e.g., In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1088 (9th Cir. 2024) (vacating stay as to individual defendants as abuse of discretion); *see also Duval v.*

-1-                    No. 2:22-cv-08406-ODW (AGRX)

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

*Gleason*, 1990 WL 261364, at *4 (N.D. Cal. Oct. 19, 1990) (where "action seeks to attach liability for the specific fraudulent acts of named individuals[,]" it "may go forward without the participation of the corporation"). That is precisely the structure of the SAC. Indeed, Bird and the Individual Defendants jointly stipulated—and the Court ordered—that the automatic stay be lifted as to the Individual Defendants, confirming the parties' shared understanding that claims based on the Individual Defendants' own conduct may proceed without implicating Bird or the bankruptcy estate. Dkt Nos. 106, 108.

Moreover, Plaintiffs' proposed amendment is well-justified under the liberal regime established by Federal Rule 15, which states that courts should "freely give leave [to amend] when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The SAC addresses purported pleading deficiencies Defendants identified in their Motion to Dismiss (Dkt. No. 72) ("MTD") and adds a new plaintiff (Christos Givas) to assert claims under Section 14(a) of the Exchange Act ("Proxy Claim") for Defendants' issuance of false and misleading statements and omissions in the proxy statement and other materials soliciting Switchback II Corp. ("Switchback") shareholders' approval of Switchback's proposed business combination with Bird Rides, Inc. (the "Merger"), while remaining well-grounded in Lead Plaintiff's central theory of wrongdoing: Defendants' false reporting of Bird's historical financial performance as a result of improper revenue recognition practices, which erased over $59 million in shareholder value when it came to light through a series of partial disclosures.

***The Amendment Is Not Futile***. The SAC pleads well-supported Section 10(b) and 14(a) claims against the Individual Defendants based on statements they themselves made to investors that were false or misleading regardless of whether Bird remains a party. The allegations meet the PSLRA's heightened standards for falsity and scienter (for the Section 10(b) claims) and more than plausibly allege negligence (for the Section 14(a) claim). None of these theories require proving

-2-                    No. 2:22-cv-08406-ODW (AGRX)
MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

Bird's liability or attributing conduct to Bird. And because the Section 14(a) claim relates back under Rule 15(c) to the Corrected Consolidated Amended Complaint ("CAC") (Dkt. No. 63), which provided fair notice of the operative facts and the class of investors asserting them, the claim is timely and not barred by the statute of limitations.

*The Amendment Is Timely and Causes No Prejudice*. Following the Court's invitation for Plaintiffs to refile a motion "modified in light of the [Court's] findings," Order at 3, Plaintiffs acted promptly to revise their pleadings accordingly. No undue delay has occurred. Nor would the proposed amendment prejudice Defendants: no scheduling order has been issued, and discovery has not commenced. The proposed amendment will streamline the case, avoid unnecessary litigation, and will moot Defendants' pending motion to dismiss. Moreover, the proposed amendments assert the same central theory of misconduct over the same time period.

*There is No Bad Faith*. Adding a named plaintiff to allege the Proxy Claim is entirely appropriate under the PSLRA. *See In re Portal Software, Inc. Sec. Litig.*, 2005 WL 8179740, at *2 (N.D. Cal. Mar. 9, 2005). Likewise, supplementing the complaint with additional false statements and scienter-related facts is a routine and proper basis for amendment. *See, e.g.*, *Venugopal v. Citibank, NA*, 2013 WL 174483, at *3 (N.D. Cal. Jan. 16, 2013).

Accordingly, the Motion should be granted.

## II.    SUMMARY OF THE SAC

**1.    *The SAC Proceeds Solely Against the Individual Defendants***. The Court's Order denied Plaintiffs' prior motion for leave to amend because the proposed pleading continued to assert claims against Bird and because several theories of liability against the Individual Defendants were framed in a manner that "implicate[d] Bird" or depended on adjudicating Bird's conduct. Order at 3. As noted above, in accordance with the Court's directive that Plaintiffs may refile a complaint

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

"modified in light of the [Court's] findings," the SAC removes Bird entirely as a defendant and eliminates any claims that rest on Bird's liability or require the Court to determine the debtor's culpability.

The CAC alleged securities fraud under Section 10(b) based on categories of false and misleading statements concerning: (1) overstated Sharing Revenue, (2) misrepresented drivers of financial results, and (3) false SOX and internal control certifications. These allegations remain, but only as to the Individual Defendants and only to the extent they arise from statements the Individual Defendants themselves made, independent of Bird's role as a corporate issuer. These allegations remain in the SAC. *See generally* SAC.

**2.** ***The SAC Addresses Previous Pleading Challenges Made by the Individual Defendants***. In their motion to dismiss the CAC, Defendants challenged, among other things, whether certain Individual Defendants were "makers" of false statements and whether scienter was sufficiently pled. MTD at 17. The SAC addresses these perceived deficiencies by adding additional pre-Merger statements personally made by Defendants McNeill and Mutrie, SAC ¶¶ 144–45, 149, 151-53, 170-71, 184, 190, 194, 196-97, 199-202, and by supplementing the scienter allegations relating to Defendants VanderZanden and Ling, including the Company's "going concern" warnings. *Id.* ¶¶ 116, 302, 306.

**3.** ***The SAC Asserts Proxy Claims Against the Individual Defendants***. The SAC alleges a negligence claim for violation of Section 14(a) of the Securities Exchange Act, arising from materially misleading proxy and solicitation materials the Individual Defendants disseminated to Switchback shareholders, including misstatements regarding Bird's revenues, financial condition, and due diligence representations. *Id.* ¶¶ 154-56, 161-169, 173-79, 183-86, and 194-208, 358–70. These claims are pled solely against the Individual Defendants, based on their own roles in preparing, approving, or signing the proxy disclosures, consistent with the Court's

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

instruction that Plaintiffs may not pursue any claim requiring a finding of liability against Bird. Although newly asserted, the Section 14(a) claim arises from the same documents, conduct, and Merger-related misstatements alleged in the original complaint and CAC and therefore relates back under Rule 15(c) to the same core set of operative facts.

In sum, the SAC dismisses Bird, eliminates control person theories that could potentially implicate Bird's conduct, and re-pleads only those allegations that impose liability on the Individual Defendants for their own actionable conduct, thereby curing the concerns identified in the Court's Order.

## III.   ARGUMENT

### A.   Under Rule 15(a)'s Lenient Standard and Because Justice so Requires, the Court Should Grant Plaintiffs Leave to file the SAC

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). The U.S. Supreme Court held that trial courts should freely grant leave to amend absent special circumstances, such as: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies with previous amendment; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The party opposing the amendment carries the burden of showing why leave to amend should be denied." *Film Allman, LLC v. N.Y. Marine & Gen. Ins. Co.*, 2015 WL 4093536, at *2 (C.D. Cal. July 7, 2015) (Wright II, J.) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

Here, the Individual Defendants cannot show the presence of any special circumstance that would warrant denial of leave to amend. *See, e.g.*, *id.* at *2 (granting leave to amend where defendants failed to carry their burden showing why

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

leave to amend should be denied); *De Luca v. City of Port Hueneme*, 2014 WL 7186983, at *3 (C.D. Cal. Dec. 17, 2014) (Wright II, J.) (same).

## B.     The Proposed Amendments Are Not Futile

An amendment is futile only if the court determines "that the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (citation omitted). "While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that denial of leave to amend on futility grounds is rare." *Defazio v. Hollister, Inc.*, 2008 WL 2825045, at *2 (E.D. Cal. July 21, 2008) (quotation omitted). Here, the proposed amendments are not futile because they: (1) are not "inextricably intertwined" with allegations against Bird; (2) state meritorious Proxy Claims; (3) assert new actionable statements made by Defendants Mutrie and McNeill, and (3) allege additional facts that establish a strong inference of Defendants VanderZanden's and Ling's scienter, which considered holistically with the rest of the SAC adequately state claims that the Individual Defendants violated the federal securities laws.

### 1.     The SAC's Allegations are not Inextricably Intertwined with Allegations Against Bird

With Bird Global dismissed from this action, there is no barrier to proceeding against the Individual Defendants, as their conduct is not "inextricably intertwined" with that of Bird.

First, it is unclear that the "inextricably intertwined" doctrine applies in the Ninth Circuit at all. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007).

Second, to the extent that the doctrine applies at all, it requires an affirmative showing of "unusual circumstances" not applicable here. *Id*. For instance, in *Excel*, the Ninth Circuit reversed a stay order under the "inextricably intertwined" doctrine on the basis that the court below had not found the existence of an actual indemnity agreement that would have covered the dispute against the individual. *Id*.

-6-                          No. 2:22-cv-08406-ODW (AGRX)

MPA Re: Renewed Motion For Leave To File [Proposed] Second Amended Complaint

011147-11/3371373 V1

Here, in contrast, the bankruptcy Bar Order affirmatively precludes any action or claim for indemnity by the Individual Defendants against Bird. *See* Ex. 3 at § 11.4 ("Indemnification and Reimbursement"). Thus, to the extent the bankruptcy is finalized, the Individual Defendants will have no claim for indemnification against Bird. *Id*.

In addition, courts have previously found that proceedings against individual officers of the debtor corporation for their violation of the securities laws do not violate the automatic stay. *See, e.g.*, *S. Ferry LP #2 v. Killinger*, 687 F. Supp. 2d 1248, 1251 n.2, 1262 (W.D. Wash. 2009) (sustaining claims against individual defendants despite stay on bankruptcy corporate entity); *Zwick Partners, LP v. Quorum Health Corp.*, 456 F. Supp. 3d 949, 952 (M.D. Tenn. 2020) (no stay as to individual defendants where defendants failed to show "unusual circumstances"). This is because the elements of the individual officers' fraud liability—personal involvement in making false statements, intent to deceive, and materiality—are independent of the debtor corporation's conduct. *See, e.g.*, *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 564 B.R. 192, 196 (S.D.N.Y. 2016) (claims against various defendants "are factually related but legally distinct"). That conclusion is reinforced by the parties' stipulation, entered by the Court, lifting the stay as to the Individual Defendants—a stipulation that necessarily reflects the parties' and the Court's determination that Plaintiffs' claims against the Individual Defendants can proceed without entangling Bird or exposing the debtor to liability. Dkt Nos. 106, 108.

Finally, to the extent that the "inextricably intertwined" doctrine applies here, the appropriate application of that doctrine would require reimposition of a stay of this action, not a denial of leave to amend, as denial of this motion would unfairly prejudice Plaintiffs. *In re Thornburg Mortg., Inc. Sec. Litig.*, 824 F. Supp. 2d 1214, 1279–80 (D.N.M. 2011) (if determining liability of individual defendants requires

011147-11/3371373 V1

deciding liability of bankrupt debtor, "the Court would have to reserve judgment during the pendency of the bankruptcy proceedings") (citing 11 U.S.C. §362(a)).

### 2.   The SAC Asserts Viable Proxy Claims

#### a.   The SAC Alleges the Elements of a Proxy Claim

"To state a claim under § 14(a) and Rule 14a–9, a plaintiff must establish that '(1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction.'" *N.Y.C. Emps.' Ret. Sys. v. Jobs*, 593 F.3d 1018, 1022 (9th Cir. 2010), *overruled on the other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 228 (3d Cir. 2007)). There is also a loss causation requirement. *Id.* "The requisite state of mind under [Section 14(a)] is negligence." *Rudolph v. UTStarcom*, 560 F. Supp. 2d 880, 887 (N.D. Cal. 2008).

Here, the SAC satisfies each of these elements. As a preliminary matter, the Proxy statement and Solicitation Materials made untrue statements of material fact. SAC ¶¶ 154-56, 161-69, 173-79, 183-86, and 194-208. Among other things, the solicitation materials inflated Bird's reported revenues and misrepresented and failed to disclose that:

(i)   the Individual Defendants had improperly recognized Sharing Revenue. Specifically, for certain customers with insufficient preloaded "wallet" balances, Bird's business systems recorded revenue for uncollected balances following the completion of certain Rides that should not have been recorded;

(ii)   the Individual Defendants' undisclosed improper recognition of Sharing Revenue resulted in a material overstatement of Sharing Revenue, understatement of deferred revenue in the consolidated balance sheets, and misstatement of metrics dependent upon these figures;

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

(iii) the Individual Defendants' statements relating to compliance with GAAP were false and misleading and omitted to disclose material facts because Bird violated GAAP and did not account for Sharing Revenue according to ASC 840 when it failed to account for the collectability of its Sharing Revenue;

(iv) the Individual Defendants' statements about the drivers for Bird's financial performance were false and misleading because they omitted the material fact that the claimed increase in Sharing Revenue, and thus total revenue and other related financial measures, was driven in part by their false and misleading statement of Bird's Sharing Revenue; and

(v) Bird had material weaknesses in its internal controls over financial reporting. *Id.*

In addition, the proxy materials caused Givas and the Class injury. As a direct result of the Individual Defendants' negligent preparation, review, and dissemination of the false and/or misleading Proxy, Plaintiffs and the Class were precluded from exercising their right to seek redemption of their shares prior to the Merger on a fully informed basis and were induced to vote their shares and accept inadequate consideration in connection with the Merger. The false and misleading Proxy used to obtain shareholder approval of the acquisition deprived Plaintiffs and the Class of their right to a fully informed shareholder vote in connection therewith and the full and fair value for their Switchback shares. SAC ¶¶ 358–70.

The SAC also shows how proxy solicitation itself, rather than the particular defect in the solicitation materials, was "an essential link in the accomplishment of the transaction" that caused Plaintiffs' losses. *Cf. Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1100 (1991). The SAC plausibly alleges that the challenged statements and omissions, which they allege appeared in the proxy statement and solicitation materials, "were material in that a reasonable stockholder would have considered them important in deciding how to vote on the Merger," "significantly

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

alter[ed] the 'total mix' of information made available in the Proxy," and "induced [Switchback shareholders] to vote their shares and accept inadequate consideration in connection with the Merger." SAC ¶¶ 352–70. *See In re Hot Topic Sec. Litig.*, 2014 WL 7499375, at *11 (C.D. Cal. May 2, 2014) (concluding plaintiffs had satisfied their pleading obligations by alleging that "the Proxy Statement makes a series of misrepresentations and omissions that misled shareholders into believing that $14.00 per share was a fair transaction").

Moreover, the SAC adequately pleads loss causation. SAC ¶¶ 314-28. Plaintiffs allege that the extent of Bird's problems was revealed in a series of disclosures on September 21, 2022 and November 14–18, 2022, which caused the price of Bird's shares to decline well below the share price on November 2, 2021, the date of the shareholder vote on the Merger. *Id.* ¶¶ 314-28, 357.

Finally, the SAC adequately alleges the Individual Defendants' negligence. The SAC explains that given their status as officers and/or directors of Switchback and/or post-Merger Bird, each breached their duty owed to shareholders by disseminating inaccurate and untruthful information with respect to Bird's financial condition and results of operations, and by failing to correct promptly the proxy statements. *Id.* ¶¶ 362–67.

### b.    The Proxy Claims are Procedurally Proper

Contrary to Defendants' previous arguments (Dkt. No. 90 at 17-19), no additional notice under the PSLRA is required due to the addition of an additional plaintiff and proxy claims. "'Nothing in the PSLRA requires court approval for the addition of additional named plaintiffs by the Lead Plaintiff. . . . Indeed, Lead Plaintiffs have a responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses.'" *Baker v. Twitter, Inc.*, 2023 WL 6932568, at *13 (C.D. Cal. Aug. 25, 2023) (cleaned up). The SAC does not replace the lead plaintiff or alter the nature of the case; it adds a class member with

-10-                    No. 2:22-cv-08406-ODW (AGRX)
MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

statutory standing to assert claims on behalf of an overlapping class of Bird investors. The amendment does not trigger the PSLRA's notice and appointment procedures. *See, e.g., In re Portal Software, Inc. Sec. Litig.*, 2005 WL 8179740, at *2–4 (rejecting idea that adding a plaintiff restarts the PSLRA process).

### c.   The Proxy Claim was Timely Filed

Binding Ninth Circuit authority makes clear that Givas's addition relates back at least to the filing date of the CAC (August 11, 2023) under Rule 15(c), which falls within one year of when Defendants contend discovery of the claim occurred. *Id.* (citing September 21 and November 14–18, 2022 disclosures).

### i.   Relation Back Under Rule 15(c) is Liberally Applied

Rule 15 allows relation back where the amended complaint arises from the same conduct, transaction, or occurrence as the original. The Ninth Circuit applies this rule "liberally," focusing on whether the claims share a "common core of operative facts." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). The doctrine is designed to give fair notice of the *facts*—not every legal theory. *Ctr. for Biological Diversity v. Env't Prot. Agency*, 316 F. Supp. 3d 1156, 1166 (N.D. Cal. 2018).

Courts routinely apply relation back to new claims alleging violations of different sections of the federal securities laws when they rely on the same documents or statements. *See Alpern v. UtilCorp United, Inc.*, 84 F.3d 1525, 1543–44 (8th Cir. 1996) (§ 11 claim based on same misleading financials as § 10(b) claim); *In re Enron Corp.*, 2005 WL 1637914, at *2 (S.D. Tex. June 20, 2005) (same).

The Ninth Circuit also applies relation back under Rule 15(c) through adding new plaintiffs when: (1) the original complaint gave notice of their claims; (2) relation back causes no unfair prejudice; and (3) there is an identity of interests. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935–36 (9th Cir. 1996). All elements are satisfied here.

### ii. The CAC Provided Fair Notice of the SAC's Proxy Claims

Notice is the "critical element" of relation back. *Avila v. INS*, 731 F.2d 616, 620 (9th Cir. 1984). That includes whether the original complaint showed plaintiffs sought to represent others. *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1069 (S.D. Cal. 2015).

The SAC arises from the same transaction and set of facts as the CAC. The CAC brought class claims on behalf of investors in Bird Global (formerly Switchback II) between May 12, 2021, and November 18, 2022, alleging misstatements in proxy materials soliciting shareholder approval of the merger. CAC at 5. Givas has always been part of that class. His Section 14(a) claims involve the same documents, transaction, and conduct. Given that, "defendants had adequate notice that someone [like Givas] who held [Switchback] stock at the time of the Merger would bring a claim under § 14(a)." *Bensinger v. Denbury Res. Inc.*, 2013 WL 3353975, at *5 (E.D.N.Y. July 3, 2013); *see also In re Juniper Networks, Inc. Sec. Litig.*, 542 F. Supp. 2d 1037, 1052–53 (N.D. Cal. 2008) (amendment adding noteholder plaintiffs to assert new negligence claims under Sections 11 and 13 of Securities Act related back to original securities fraud complaint since original complaint put defendants on notice that anyone who relied on allegedly false financial statements may be included in action).

### iii. An Identity of Interests Exists Between Lead Plaintiff and Givas

Lead Plaintiff and Givas are "similarly situated." *Immigrant Assistance Project of L.A. Cty. Fed'n of Labor v. INS*, 306 F.3d 842, 858 (9th Cir. 2002). Identity of interest exists where "[t]he circumstances giving rise to the[ir] claims remain[ ] the same." *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982). Here, alleged misstatements in the proxy materials give rise to the class claims asserted in both the CAC and SAC. *In re Asyst Techs., Inc. Derivative Litig.*, 2008

-12-     No. 2:22-cv-08406-ODW (AGRX)

011147-11/3371373 V1

WL 4891220, at *8 (N.D. Cal. Nov. 12, 2008) (interests of new plaintiff asserting new class claim to rescind transactions under Section 29(b) of the Securities Exchange Act were aligned with original plaintiffs asserting 10(b) claims since they both sought redress for same alleged fraudulent backdating scheme).

Defendants have previously argued there is no identity of interest for four reasons, but each fails. Dkt. 107 at 4–5. *First*, they claim Givas is in a different class—incorrectly. Givas is, and always has been, part of the class. *See* Ex. 1 at 2.

*Second*, their assertion that Givas and Boulware are shareholders of different companies ignores that Switchback *became* Bird Global through merger, and Bird Global took over Switchback's listing. Plaintiffs thus purchased the *same securities* of the same company, albeit under different corporate names.

*Third*, their claim that the proxy and 10b-5 claims arise from different laws is unavailing. The salient inquiry is whether the core factual and legal premise of the alleged misconduct remains unified. *See Asyst Techs.,* 2008 WL 4891220, at *8; *Juniper Networks*, 542 F. Supp. 2d at 1052–53.

*Fourth*, their claim that the proxy and 10b-5 claims allege different disclosures is wrong. The claims allege the same corrective disclosures and subsequent stock drops.

Defendants' previously cited authorities are inapposite. Dkt. 107 at 4–5. In *In re Syntex*, 95 F.3d at 935, the new plaintiffs were not in the original class and sought to expand the class period based on different corrective disclosures and stock drops. Here, Givas was in the original class. Further, all proposed claims "are based on the same underlying allegations as the original class members (*i.e.*, improper accounting practices and misleading statements), and they all "are based on the same . . . [corrective] disclosure[s] and subsequent stock drop[s]." *In re Network Assocs., Inc. II Sec. Litig.*, 2003 WL 24051280, at *7 (N.D. Cal. Mar. 25, 2003) (citing *In re Syntex*, 95 F.3d at 935).

-13-                    No. 2:22-cv-08406-ODW (AGRX)

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

In *Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1054 (N.D. Cal. 2016), the added plaintiff brought an entirely different claim based on a different offering. In *Howard v. Hui*, 2001 WL 1159780, at *7 (N.D. Cal. Sept. 24, 2001),[1] the additional plaintiff's new Section 20(a) insider trading claim changed the focus of the litigation, as it relied on a different set of core facts and elements from the original plaintiff's claims requiring different proof, including evidence of contemporaneous trading by both the defendant and the plaintiff and that the defendant made a profit or avoided a loss. No such disconnect exists here.

### iv.   Relation Back Will Not Unfairly Prejudice Defendants

Because there is an identity of interests between Plaintiffs, there is no prejudice. *See Immigrant Assistance*, 305 F.3d at 858. Defendants do not contend that adding Givas would "surprise and frustrate reasonable possibilities for a defense." *See In re South African Apartheid Litig.*, 617 F.Supp.2d 228, 290 (S.D.N.Y. 2009).

### 3.   The SAC Asserts Actionable New Statements Made by Defendants Mutrie and McNeill

In the MTD, Defendants argued that the operative complaint failed to allege Defendants Mutrie and McNeill were "makers" of any alleged false and misleading statements. MTD at 17. The SAC addresses this challenge by including new false and misleading statements made by personally by Defendants McNeill and Mutrie leading up to the closing of the Merger. SAC ¶¶ 144–45, 149, 151-53, 170-71, 184, 190, 194, 196-97, 199-202.

For example, in the May 12, 2021 Switchback-Bird press release announcing the proposed business combination, both Defendants Mutrie and McNeill are quoted

---

[1] The *dicta* in *Howard v. Hui* suggesting that a new plaintiff asserting a claim the original plaintiff lacked standing creates "different interests," is unsupported by Ninth Circuit law. *See, e.g., Immigrant Assistance Project of Los Angeles Cnty.*, 306 F.3d at 853 (allowing relation back add new representative plaintiffs to establish standing for claims the original plaintiff lacked, holding "similarly situated" plaintiffs met identity of interest).

-14-          No. 2:22-cv-08406-ODW (AGRX)

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

as emphasizing Bird's "compelling current revenues" as one of the reasons Switchback decided to acquire Bird. SAC ¶¶ 149–51.

Defendant Mutrie later reiterated Bird's "compelling current revenues" at the May 12, 2021 investor call (*id.* ¶ 152), published an August 19, 2021 investor presentation falsely reporting Bird's revenues (*id.* ¶¶ 170–72), and misrepresented Bird's financial performance at a September 2, 2021 investor conference (*id.* ¶¶ 183-84).

Further, in October 2021, Defendants Mutrie and McNeill deceptively identified Bird's management's demonstrated execution excellence since inception as the drivers for Bird continuing to deliver strong operating and financial results, while omitting to disclose the financial results were inflated as a result of improper revenue recognition practices. *Id.* ¶¶ 194-98.

As explained in the SAC, these statements which were undisputedly made by Defendants Mutrie and/or McNeill, constitute actionable misrepresentation and omissions.

### 4.    The SAC Includes New Scienter Facts

Finally, the SAC provides additional motive and opportunity allegations in support of Defendants VanderZanden's and Ling's scienter. SAC ¶¶ 302, 306. The SAC notes that Bird warns in its proxy statements that Bird had incurred significant operating losses in the past and may not be able to achieve or maintain profitability in the future and its longevity may depend upon obtaining additional financing. *Id.* Thereafter, only a year after completing the Merger, Bird issued a "going concern" warning, indicating that without additional funding, the Company would be unable to meet its obligations over the next year. *Id.* ¶ 116. The SAC explains that these circumstances gave Defendants Ling and VanderZanden additional motive to exaggerate Bird's financial performance and its financial prospects to complete the merger and receive the cash necessary for Bird to continue operations. *Id.* ¶¶ 302,

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

306; *see, e.g., Skiadas v. Acer Therapeutics Inc.*, 2020 WL 3268495, at *11, 12 (S.D.N.Y. June 16, 2020) (company's "going concern" status gave defendants an "incentive to gamble" because "[a]n executive at a company that will go belly up if it fails to fundraise has different incentives from a generic corporate insider"). These facts, considered holistically with the SAC's multiple other categories of factual allegations, support a strong inference of scienter.

## C.   There Is No Undue Delay

Plaintiffs did not unduly delay in bringing the proposed amendments. Immediately after being retained by Mr. Givas, a class member with standing to assert the Proxy Claim, Lead Counsel and Plaintiffs informed both the Court and Defendants of their intent to amend. *See* Dkt. No. 80. Plaintiffs have promptly filed motions for leave to amend in accordance with their representations to the Court and the stipulated ordered briefing schedule. Dkt Nos. 80, 83. Under these circumstances, it simply cannot be said that undue delay has occurred here. And in any event, "[u]ndue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999).

## D.   Defendants Will Not Be Prejudiced by the Amendment

Defendants will not be unduly prejudiced if Plaintiffs are granted leave to amend at this early stage of the litigation. Although "[t]he consideration of prejudice to the opposing party [ ] carries the greatest weight" in the Court's analysis, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), only "undue prejudice" warrants denial of leave to amend, *DCD Programs, Ltd.*, 833 F.2d 183 at 186-87.

Despite Defendants' previous claims that it would be "costly" to draft a new motion to dismiss and defend an additional claim (Dkt. No. 90 at 13-14), "[t]he burden of having to defend a new claim alone is not undue prejudice under Rule 15." *Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council, Inc.*, 2013 WL 485830, at

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

*5 (N.D. Cal. Feb. 6, 2013). Courts in the Ninth Circuit have found "undue prejudice" where the proposed amendment "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Defendants' citation to such a case, denying leave to amend a complaint for a third time to assert different legal theories than in the previous complaint, is simply inapplicable. *See* Dkt. No. 90 at 14 (citing *Stambanis v. Tbwa Worldwide, Inc.*, 2020 WL 4060171, at *2 (C.D. Cal. July 20, 2020)).

Here, the proposed amendment would not unduly prejudice Defendants. This case is at its infancy, as no motion to dismiss has been decided, no discovery has been taken, and no pretrial deadlines have been set. And the Proxy Claim arises from the same central theory of misconduct.

Further, amendment does not encourage costly and harassing litigation. The proposed amendments assert the same central theory of misconduct over the same time period, so discovery will be only slightly more "expansive" than it would otherwise be. *See* Dkt. No. 90 at 14. And Plaintiffs have amended at a stage before Defendants have expended significant resources defending the case.

Finally, the amendment does not strain but rather conserves the Court's resources, as it has not issued a decision on the pending motion to dismiss. Indeed, even if the Court were to move forward with ruling on the motion to dismiss, it could still grant Plaintiff leave to amend. This is why courts are typically reluctant to deny a plaintiff leave to amend simply because a motion to dismiss is pending. *See, e.g.*, *In re AMBAC Fin. Grp., Inc. Deriv. Litig.*, 2008 WL 5262428, at *1 (S.D.N.Y. Dec. 11, 2008) (granting plaintiff leave to amend after concluding that "prejudice is not at issue—even if the pending motion to dismiss were granted, the Court would still be within its discretion to grant leave to amend if the pleading defects could be cured in an amendment"); *see also Nejo v. Wilshire Credit Corp.*, 2010 WL 2888905, at *2

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

(S.D. Cal. July 21, 2010) (granting leave to amend complaint despite a pending motion to dismiss because amendment would only cause "garden variety delay already contemplated by Rule 15(a)'s liberal amendment policy").

Defendants' previously cited case law do not change this analysis. *See* Dkt. No. 90 at 13. In *Moreno v. Castlerock Farming & Transp., Inc.*, 2012 WL 4468439, at *2 (E.D. Cal. Sept. 26, 2012), the court had already taken the motion to dismiss under submission, and there was also a motion to consolidate pending. *Id*. And *Contreras v. Wray*, 2022 WL 3904004, at *1 (C.D. Cal. June 15, 2022), *report and recommendation adopted*, 2022 WL 3910472 (C.D. Cal. Aug. 30, 2022), which involved a pro se litigant alleging a 20-year-long "far-reaching conspiracy" against the FBI Director, the City of Los Angeles, the defense attorney, and the United States (among others), is too distinguishable to be persuasive.

**E.    Plaintiffs Did Not Engage in Bad Faith or Have a Dilatory Motive**

"[F]or a court to find that a moving party filed for leave to amend in bad faith, the adverse party must offer evidence that shows 'wrongful motive' on the part of the moving party." *Wixon v. Wyndham Resort Dev. Corp.*, 2007 WL 3101331, at *2 (N.D. Cal. Oct. 22, 2007). There is absolutely nothing in the record that could evidence such a motive by Plaintiffs.

Indeed, the inclusion of Givas is appropriate given his ability to act as a potential class representative for the Proxy Claim. Courts in this Circuit and elsewhere recognize that it is appropriate under the PSLRA for lead plaintiffs to bring in additional named plaintiffs for the purposes of providing an appropriate potential class representative to bring additional claims on behalf of the Class. *See Baker*, 2023 WL 6932568, at *13; *Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *6 (N.D. Cal. Apr. 28, 2016) ("Being a lead plaintiff is not the same thing as being a class representative, and additional named plaintiffs may be added later to represent subclasses of

MPA Re: Renewed Motion For Leave To File [Proposed] Second Amended Complaint

011147-11/3371373 V1

plaintiffs with distinct interests or claims.") (declining to appoint an additional co-lead plaintiff because a lead plaintiff can add additional named plaintiffs).[2]

*In re Portal Software, Inc. Sec. Litig.*, is instructive. There, the court granted a motion to amend in a case brought under the PSLRA, allowing plaintiffs to add claims under the Securities Act of 1933, and to "bring in additional plaintiffs for the purpose of satisfying the requirements of FRCP 23" as to those Securities Act claims, because the court appointed lead plaintiff would have been an atypical class representative. 2005 WL 8179740, at *2. As a result, "courts in this . . . circuit regularly appoint both lead and additional plaintiffs as class representatives in PSLRA class actions." *In re Twitter Inc. Sec. Litig.*, 326 F.R.D. 619, 627 (N.D. Cal. 2018) (collecting cases).

## IV. CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court grant their Motion.

DATED: December 12, 2025        Respectfully submitted,

*/s/ Lucas E. Gilmore*
Lucas E. Gilmore (250893)
Reed R. Kathrein (139304)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
lucasg@hbsslaw.com
reed@hbsslaw.com

---

[2] *See also In re Glob. Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 205 (S.D.N.Y. 2003) ("Lead Plaintiffs have a responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff who may be determined, at the class certification stage, to have distinct interests or claims. By naming additional plaintiffs who, as purchasers of different categories of securities, have standing to bring claims on behalf of the various potential subclasses of securities purchasers, the Lead Plaintiffs in this case have simply exercised that responsibility.").

011147-11/3371373 V1

Nathan Emmons (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
nathane@hbsslaw.com

*Lead Counsel and Counsel for
Lead Plaintiff David Boulware*

Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
**THE ROSEN LAW FIRM, P.A.**
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
lrosen@rosenlegal.com

Jonathan Stern (*pro hac vice* forthcoming)
**THE ROSEN LAW FIRM, P.A.**
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jstern@rosenlegal.com

*Counsel for Additional Plaintiff
Lawrence Lou*

MPA RE: RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT

011147-11/3371373 V1

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff David Boulware, certifies that this brief contains 5,943 words, which complies with the word limit of L.R. 11-6.1.

DATED: December 12, 2025          */s/ Lucas E. Gilmore*
                                   Lucas E. Gilmore (250893)

011147-11/3371373 V1