JASON DE BRETTEVILLE, State Bar No. 195069
  jdebretteville@stradlinglaw.com
LISA M. NORTHRUP, State Bar No. 293784
  lnorthrup@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  949 725 4000
Facsimile:  949 725 4100

Attorneys for Defendants
TRAVIS VANDERZANDEN, YIBO LING,
JIM MUTRIE, and SCOTT McNEILL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DAVID BOULWARE and LAWRENCE LOU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIRD GLOBAL, INC., TRAVIS VANDERZANDEN, YIBO LING, JIM MUTRIE, and SCOTT MCNEILL,<br><br>Defendants. | Lead Case No. 2:22-CV-08406-ODW-AGRx<br>*Member Case No.: 2:22-cv-09178-ODW-AGRx*<br><br>Hon. Otis D. Wright, II<br>Magistrate Alicia G. Rosenberg<br><br>**DEFENDANTS TRAVIS VANDERZANDEN, YIBO LING, SCOTT McNEILL, AND JIM MUTRIE'S OPPOSITION TO LEAD PLAINTIFF DAVID BOULWARE'S RENEWED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br><u>Hearing</u><br>Date:          February 23, 2026<br>Time:          1:30 p.m.<br>Courtroom: 5D, 5th Floor<br><br>Case Consolidated: February 13, 2023<br>Consolidated Complaint Filed: August 10, 2023<br>Trial Date:  Not Set |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................. 10

II.   PROCEDURAL HISTORY AND
      FACTUAL BACKGROUND .................................................. 11

      A.    Plaintiff's Failed Attempt To Allege
            A Section 10(b) Claim .............................................. 11

      B.    The PSAC Attempts to Add A New
            Section 14(a) Proxy Claim On Behalf
            Of A New Proposed Class ....................................... 12

III.  LEGAL STANDARD ............................................................ 13

IV.   ARGUMENT ..................................................................... 14

      A.    Leave To Amend Would Be Futile ............................ 14

            1.    The PSAC Fails To Cure The
                  Previously Identified Deficiencies
                  In The Bird Fraud Claim ............................ 14

            2.    The Switchback Proxy Claim Is
                  Procedurally Improper ............................... 16

                  a.    Plaintiff Did Not Provide
                        Notice Under The PSLRA ................. 16

                  b.    Plaintiff Failed To Move
                        For Permissive Joinder ..................... 18

            3.    The Switchback Proxy Claim Is
                  Time Barred ............................................... 19

                  a.    The CAC Did Not Provide
                        Adequate Notice Of Proposed
                        Switchback Plaintiff's Switchback
                        Proxy Claim .................................... 20

                  b.    There Is No Identity Of Interests
                        Between Plaintiff And New Plaintiff ... 24

                  c.    The Individual Defendants Would
                        Be Prejudiced By Relation Back ....... 27

TABLE OF CONTENTS
2:22-CV-08406-ODW-AGR

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4.      The Proxy Claim Fails To
        Adequately Allege Negligence ............................................. 28

B.    Plaintiff Unduly Delayed In Seeking To
      Add the Proxy Claim To The CAC To the
      Prejudice Of Defendants ................................................................ 29

V.    CONCLUSION ........................................................................................ 31

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Similasan Corp.*,
96 F. Supp. 3d 1063 (S.D. Cal. 2015) .......................................................... 23

*Alpern v. UtilCorp United, Inc.*,
84 F.3d 1525 (8th Cir. 1996) ....................................................................... 27

*Bensinger v. Denbury Res., Inc.*,
No. 10-CV-1917, 2013 U.S. Dist. LEXIS 94223 (E.D.N.Y. July 3, 2013) .... 23

*Besig v. Dolphin Boating & Swimming Club*,
683 F.2d 1271 (9th Cir. 1982) ..................................................................... 20

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995) ......................................................................... 13

*Boulton v. Am. Transfer Servs.*,
No. 15cv462-GPC(RBB),
2016 U.S. Dist. LEXIS 5098 (S.D. Cal. Jan. 13, 2016) ................................. 18

*Carlin v. DairyAmerica, Inc.*,
No. 1:09-CV-00430 AWI EPG,
2017 U.S. Dist. LEXIS 137206 (E.D. Cal. Aug. 24, 2017) ........................... 19

*Carrico v. City & Cty. of S.F.*,
656 F.3d 1002 (9th Cir. 2011) ..................................................................... 13

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) ....................................................................... 13

*Castle v. Knowles*,
No. CV 1-08-01267-JAT,
2010 U.S. Dist. LEXIS 54860 (E.D. Cal. June 2, 2010) ............................... 14

*In re Cloudera Secs. Litig.*,
No. 19-CV-03221-LHK,
2020 U.S. Dist. LEXIS 47102 (N.D. Cal. Mar. 18, 2020) ....................... 16, 18

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

*In re DDi Corp. Sec. Litig.*,
  Nos. CV 03-7063 NM (SJHx), CV 03-7883, CV 03-7999,
  CV 03-8344, CV 04-0735,
  2005 U.S. Dist. LEXIS 28216, at *27 (C.D. Cal. July 20, 2005) ....... 20, 21, 25

*Desaigoudar v. Meyercord*,
  223 F.3d 1020 (9th Cir. 2000) ................................................................ 28

*Dickerson v. MacMillan*,
  No. 23-cv-01320-AMO,
  2025 U.S. Dist. LEXIS 95345 (N.D. Cal. May 19, 2025) ............................ 28

*Ellsworth v. Prison Health Servs.*,
  No. CV-11-8070-PCT-RCB-MEA,
  2012 U.S. Dist. LEXIS 45913 (D. Ariz. Mar. 31, 2012) .............................. 18

*In re Enron Corp.*,
  No. MDL-1446, H-01-3624,
  2005 WL 1637914 (S.D. Tex. June 20, 2005) .................................................. 27

*Gavriliuc v. Teksystems, Inc.*,
  No. 8:20-cv-02164-JLS-DFM,
  2021 U.S. Dist. LEXIS 168287 (C.D. Cal. Apr. 14, 2021)............................ 31

*In re Gemstar-TV Guide, Int'l Inc. Sec. Litig.*,
  No. CV 02-02775 MRP,
  2003 U.S. Dist. LEXIS 25884 (C.D. Cal. Aug. 15, 2003) ............................ 28

*Hahn v. City of Carlsbad*,
  No. 15-cv-2007 DMS (BGS),
  2016 U.S. Dist. LEXIS 80108 (S.D. Cal. Feb. 3, 2016) ................................ 20

*Hamilton v. Barnes*,
  No. 15-CV-1890 YGR,
  2018 U.S. Dist. LEXIS 144668 (N.D. Cal. Aug. 24, 2018)........................... 19

*Howard & Hui: Howard v. Hui*,
  No. C 92-3742 CRB CLASS ACTION,
  2001 U.S. Dist. LEXIS 15443, at *19-*20 (N.D. Cal. Sep. 24, 2001) ........... 25

*Immigrant Assistance Project of the L.A. Cty. Fed'n of Labor v. INS*,
  306 F.3d 842 (9th Cir. 2002) ...................................................................... 24

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
TABLE OF AUTHORITIES

2:22-CV-08406-ODW-AGR

*Jackson v. Bank of Haw.*,
  902 F.2d 1385 (9th Cir. 1990) ................................................................ 14, 30

*Jian Zhou v. Faraday Future Intelligent Elec. Inc.*,
  No. 2:21-cv-09914-CAS,
  2022 U.S. Dist. LEXIS 192565 (C.D. Cal. Oct. 20, 2022) ............................ 28

*In re Juniper Networks, Inc. Sec. Litig.*,
  542 F. Supp. 2d 1037 (N.D. Cal. 2008) ........................................................ 24

*Kaplan v. Rose*,
  49 F.3d 1363 (9th Cir. 1994) ......................................................................... 30

*Kessler v. State Farm Fire & Cas. Co.*,
  No. 3:23-cv-05527-TMC,
  2024 U.S. Dist. LEXIS 144990 (W.D. Wash. Aug. 14, 2024) ...................... 18

*Kipling v. Flex Ltd.*,
  No. 18-CV-02706-LHK,
  2019 U.S. Dist. LEXIS 57744 (N.D. Cal. Apr. 3, 2019) ............................... 16

*Klein v. Cook*,
  No. 14-cv-03634-EJD,
  2023 U.S. Dist. LEXIS 93769 (N.D. Cal. May 30, 2023) ............................. 19

*Krause v. Book*,
  714 F. App'x 652 (9th Cir. 2017) .................................................................. 19

*Lester v. United States*,
  No. 95-1455-JO, 1996 U.S. Dist. LEXIS 19625 (D. Or. Nov. 25, 1996) ....... 27

*Loehr v. Ventura County Community College Dist.*,
  743 F.2d 1310 (9th Cir. 1984) ....................................................................... 13

*LUCID Motors Sec. Litig.*,
  110 F.4th 1181 (9th Cir. 2024) ................................................................ 22, 23

*In re Maxim Integrated Prods.*,
  574 F. Supp. 2d 1046 (N.D. Cal. 2008) ........................................................ 19

*In re McKesson HBOC, Inc. Sec. Litig.*,
  126 F. Supp. 2d 1248 (N.D. Cal. 2000) ........................................................ 28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-
TABLE OF AUTHORITIES

2:22-CV-08406-ODW-AGR

*Med. Devices v. Cornell*,
  No. CV 20-3503 CBM(RAOx),
  2021 U.S. Dist. LEXIS 205502, at *5 (C.D. Cal. Aug. 11, 2021) ........... 29, 30

*Mendoza v. HF Foods Grp., Inc.*,
  No. 2:20-CV-02929-ODW,
  2021 U.S. Dist. LEXIS 160982 (C.D. Cal. Aug. 25, 2021) .......................... 29

*Munoz v. Ashcroft*,
  339 F.3d 950 (9th Cir. 2003) ...................................................................... 19

*Pallottino v. City of Rio Rancho*,
  31 F.3d 1023 (10th Cir. 1994) .................................................................... 30

*Palmer v. Stassinos*,
  236 F.R.D. 460 (N.D. Cal. 2006) ............................................................... 24

*In re Portal Software Secs. Litig.*
  2005 U.S. Dist. LEXIS 41178 (N.D. Cal. Mar. 9, 2005) ............................. 17

*Ravens v. Iftikar*,
  174 F.R.D. 651 (N.D. Cal. 1997) ................................................................ 16

*Shenbaum v. City of Manhattan Beach*,
  No. CV 22-8062-KS,
  2024 U.S. Dist. LEXIS 232651 (C.D. Cal. Nov. 26, 2024) .......................... 30

*Sheperd v. Am. Honda Motor Co.*,
  822 F. Supp. 625 (N.D. Cal. 1993) .............................................................. 13

*Skiadas v. Acer Therapeutics Inc.*,
  No. 1:19-cv-6137-GHW,
  2020 U.S. Dist. LEXIS 105814 (S.D.N.Y. June 16, 2020) ........................... 15

*Stambanis v. TBWA Worldwide, Inc.*,
  No. 2:19-cv-3962-ODW,
  2020 U.S. Dist. LEXIS 127426 (C.D. Cal. July 20, 2020) ........................... 30

*In re Syntex Corp. Sec. Litig.*,
  95 F.3d 922 (9th Cir. 1996) ........................................................................ 20

*Texaco, Inc. v. Ponsoldt*,
  939 F.2d 794 (9th Cir. 1991) ...................................................................... 29

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-
TABLE OF AUTHORITIES

*Thomas v. Magnachip Semiconductor Corp.*,
   167 F. Supp. 3d 1029 (N.D. Cal. 2016) ........................................................ 24

*TrustLabs, Inc. v. Jaiyong An*,
   No. 21-cv-02606-CRB,
   2024 U.S. Dist. LEXIS 58995 (N.D. Cal. Mar. 30, 2024) .............................. 20

*Doe ex rel. United States v. Vratsinas Constr. Co.*,
   853 F. App'x 133 (9th Cir. 2021) .................................................................. 14

*Vanleeuwen v. Keyuan Petrochemicals, Inc.*,
   No. CV 11 - 9495 PSG,
   2013 U.S. Dist. LEXIS 72683 (C.D. Cal. May 9, 2013) ......................... 16, 17

*Visendi v. Bank of Am., N.A.*,
   733 F.3d 863 (9th Cir. 2013) ........................................................................ 18

*In re Wells Fargo Mortg.-Backed Certificates Litig.*,
   No. 09-CV-01376-LHK,
   2010 U.S. Dist. LEXIS 124498 (N.D. Cal. Oct. 19, 2010) ........................... 25

*In re White Elec. Designs Corp. Sec. Litig.*,
   416 F. Supp. 2d 754 (D. Ariz. 2006) ............................................................ 17

**Statutes**

15 U.S.C. § 78n ................................................................................................ *passim*

15 U.S.C § 78j ................................................................................................. *passim*

15 U.S.C. § 78u-4 ............................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. Proc. 9(b) .................................................................................... 28

Fed. R. Civ. Proc. 11 ....................................................................................... 31

Fed. R. Civ. Proc. 12(b)(6) ......................................................................... 12, 13

Fed. R. Civ. Proc. 15 .................................................................................. 13, 27

Fed. R. Civ. Proc. 15(a) .................................................................................. 18

Fed. R. Civ. Proc. 15(c) .................................................................................. 27

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-
TABLE OF AUTHORITIES

2:22-CV-08406-ODW-AGR

Fed. R. Civ. Proc. 15(c)(1)(B) ................................................................................ 27

Fed. R. Civ. Proc. 20 ............................................................................................... 18

Fed. R. Civ. Proc. 20(a) .......................................................................................... 18

Fed. R. Civ. Proc. 20(a)(1)................................................................................. 11, 18

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

TABLE OF AUTHORITIES

2:22-CV-08406-ODW-AGR

## I.   INTRODUCTION

Lead Plaintiff David Boulware ("Plaintiff"), an alleged Bird Global, Inc. ("Bird") shareholder, previously filed a consolidated amended complaint.  In that complaint, he attempted to allege a Section 10(b) claim on behalf of a purported class of Bird shareholders based on a dip in share prices following Bird's discovery and disclosure of a systems error that impacted its financial reporting (the "Bird Fraud Claim").  That complaint, however, plainly failed to allege facts sufficient to plead a fraud claim under the Private Securities Litigation Reform Act ("PSLRA"), as established in briefing taken under submission by this Court. (*See* Dkt. 72, 77-79.)  Plaintiff now seeks to file a second amended complaint.

Beyond a few gestures, the proposed amendment makes no attempt to cure the existing defective Bird Fraud Claim.  Instead, it adds a new negligence claim brought under Section 14(a) on behalf of different set of shareholders of a different company—namely a putative class of Switchback II Corporation ("Switchback") shareholders. This proposed new claim (the "Switchback Proxy Claim") alleges that Bird's financials were misstated in certain materials provided to Switchback shareholders eligible to vote on its merger with Bird— long before Bird's discovery and disclosure of the systems error.  Plaintiff, however, never owned Switchback shares, and therefore lacks standing to pursue the proxy claim.  So, Plaintiff also proposes adding a new plaintiff, who allegedly held Switchback shares at the time of the merger, to pursue the new Switchback Proxy Claim.

The new Switchback Proxy Claim, however, is plainly time barred.  Because the new proposed plaintiff (the "Proposed Switchback Plaintiff") cannot file a timely complaint, he instead asks this Court to let him attach his Switchback Proxy Claim to Plaintiff's defective Bird Fraud Claim, thereby hoping to avoid an obvious and immediate dismissal.  This gambit does not

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

work.  Indeed, the manifold issues with Plaintiff's procedural ploy are made evident by the absurd result that would occur if this Court ultimately holds Plaintiff's Section 10(b) is not viable, as it must, but concludes that the proposed new proxy claim is viable (it is not).  Under that scenario, Plaintiff will have resurrected a plainly time-barred claim by belatedly attaching it to a non-viable, dismissed claim. That said, the Switchback Proxy Claim not only is time barred, it also fails to state a claim under Section 14(a) because it does not allege facts showing that any defendant acted with negligence.

In sum, the proposed amendment should be rejected because granting Plaintiff leave to amend would be futile, for four reasons.  *First*, the Section 10(b) claim to which the Switchback Proxy Claim is attached remains defective. *Second*, Plaintiff's attempt to add a new claim is procedurally improper in that Plaintiff failed both to provide notice to investors as required under the PSLRA, and to move for permissive joinder under Federal Rule of Civil Procedure 20(a)(1).  *Third*, even if Plaintiff were to cure these procedural failures, the new Switchback Proxy Claim is time barred and does not relate back to the defective Bird Fraud Claim.  *Fourth*, this new, procedurally defective and time-barred Switchback Proxy Claim fails to state a claim under Section 14(a).

For these reasons, and as discussed further herein, the Individual Defendants request that this Court deny the Renewed Motion for Leave.

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A.    Plaintiff's Failed Attempt To Allege A Section 10(b) Claim

The first complaint in this action was filed on November 17, 2022. Plaintiff filed the operative version of the amended consolidated class action complaint for violations of the federal securities laws ("CAC") on August 15, 2023.  (*See* Dkt. 63.)  As alleged in the CAC, Switchback was formed as a special purpose acquisition company, or "SPAC" and was publicly traded.  (*Id*. at ¶¶ 14, 54.)  Bird later went public by merging with Switchback, and Bird

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-
OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE
2:22-CV-08406-ODW-AGR

shares first became available to the public for purchase on the New York Stock Exchange on November 5, 2021.  (*Id*. at ¶¶ 4, 79.)  Plaintiff allegedly purchased Bird shares in a series of open market transactions.  (*See* Dkt. 24-1.)  The CAC included an alleged Section 10(b) claim under the Exchange Act based on allegations that the trading price of Bird's shares declined following Bird's disclosure of "a design error within our internal back-end IT systems" effecting its recognition of revenue derived from preloaded "wallet" balances, and resulting in the overstatement of revenue and understatement of deferred revenue.  (Dkt. 63 at ¶¶ 107, 106, 112, 115, 125, 126.)

After this Court took Defendants' motion to dismiss amended consolidated class action complaint pursuant to federal rule of civil procedure 12(b)(6) ("Motion to Dismiss") under submission, Plaintiff filed a motion for leave to amend to file a proposed second amended complaint (the "Motion for Leave to Amend").  (*See* Dkt. 72, 79, 84.)  Before either of these motions were ruled upon, Bird filed for bankruptcy and this Court stayed the action as to Bird and the Individual Defendants.  (*See* Dkt. 85, 92.)

After lifting the stay as to the Individual Defendants, this Court denied Plaintiff's Motion for Leave to Amend and provided Plaintiff the option to refile a motion.  (*See* Dkt. 112 at 3.)  Plaintiff dismissed Bird with prejudice, and filed the instant Renewed Motion for Leave.  (*See* Dkt. 115, 116.)  The Motion to Dismiss the CAC remains pending before the Court.  (*See* Dkt. 112.)

**B.    The PSAC Attempts to Add A New Section 14(a) Proxy Claim On Behalf Of A New Proposed Class**

In the proposed amended consolidated class action complaint (the "PSAC"), Plaintiff seeks to add the new Proposed Switchback Plaintiff who, unlike Plaintiff, purportedly has standing to pursue the new Switchback Proxy Claim for violation of Section 14(a) based on allegedly misleading proxy

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-
OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE
2:22-CV-08406-ODW-AGR

statements and other materials provided in connection with Switchback's merger with Bird. (*See* Dkt. 116-3 at ¶ 16.)

According to his certification, Proposed Switchback Plaintiff purchased Switchback shares in May 2021, and never purchased Bird shares.[1] (*See* Dkt. 109-2.) Proposed Switchback Plaintiff's Switchback Proxy Claim alleges that he and similarly situated shareholders were "precluded from exercising their right to seek redemption of their Switchback securities prior to the Merger on a fully informed basis and were induced to vote their shares and accept inadequate consideration in connection with the Merger" based on misrepresentations in the proxy statement and soliciting materials. (*See* Dkt. 116-3 at ¶ 367.)

## III. LEGAL STANDARD

Judicially recognized factors governing a motion for leave to amend a complaint under Federal Rule of Civil Procedure 15 include "(1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opponent." *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (superseded by statute on other grounds); *see also Carrico v. City & Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

This Court is not required to prolong litigation by permitting amendment to non-viable claims. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010). "The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Sheperd v. Am. Honda Motor Co.*, 822 F. Supp. 625, 634 (N.D. Cal. 1993). This Court should deny the Renewed Motion

---

[1] The PSAC incorrectly alleges the Proposed Plaintiff purchased Bird shares. (*See* Dkt. 116-3 at ¶ 16.) His certification only shows purchase of Switchback shares. (*See* Dkt. 109-2.)

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

for Leave to Amend because it would be an exercise in futility to grant Plaintiff leave to amend.

While futility alone is a sufficient basis for denying the Renewed Motion, Plaintiff's undue delay and the undue prejudice together provide a second independent basis for denying leave to amend.  *See Jackson v. Bank of Haw.,* 902 F.2d 1385, 1388 & n.4 (9th Cir. 1990); *Doe ex rel. United States v. Vratsinas Constr. Co.*, 853 F. App'x 133, 135 (9th Cir. 2021).

## IV.  ARGUMENT

### A.    Leave To Amend Would Be Futile

#### 1.    The PSAC Fails To Cure The Previously Identified Deficiencies In The Bird Fraud Claim

The Individual Defendants should not have to go through another round of briefing on the same non-viable Bird Fraud Claim reasserted in the PSAC without curative amendment.  *See Castle v. Knowles*, No. CV 1-08-01267-JAT, 2010 U.S. Dist. LEXIS 54860, at *10-11 (E.D. Cal. June 2, 2010) (denying motion for leave and noting prejudice to defendants if they had to move to dismiss again). None of the minor edits to the existing claim is even remotely curative.

Plaintiff argues that proposed new allegations regarding Bird's "going concern" warning issued in November 2022 evidence VanderZanden and Ling's scienter by alleging an "additional motive to exaggerate Bird's financial performance and its financial prospects to complete the merger and receive the cash necessary for Bird to continue operations." (*See* Dkt. 116-1 at 15.)  This is nonsense.  The "going concern" warning, issued the same day that Bird announced its restatement, provides no indication of VanderZanden and Ling's knowledge or intent at the time of any prior alleged misstatement, which date as far back as the first quarter of 2020.  (*See* Dkt. 116-3 at ¶ 115.)  That warning merely reflects Bird's financial condition at the time that Bird made the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

announcement.  It in no way evidences any motive to commit fraud in the preceding years.  (*See id*. at ¶¶ 116-18.)

Plaintiff cites to the inapposite decision in *Skiadas v. Acer Therapeutics Inc*., arguing that the company's "going concern" status at the time of the alleged misstatements gave defendants an "incentive to gamble" by making misstatements in service of their fundraising efforts.  No. 1:19-cv-6137-GHW, 2020 U.S. Dist. LEXIS 105814, at *33-35 (S.D.N.Y. June 16, 2020).  The defendant company in *Skiadas* made allegedly misleading positive statements related to potential FDA approval of a product contemporaneous with the company's going concern warning (along with other adequately alleged indica of scienter), not before that warning.  *See id.* at *23-24.  Those are not the alleged facts here.

Plaintiff does not allege that Bird was a "going concern" ***at the time of any alleged misstatement***. Rather, Bird's going concern warning occurred well after the alleged misrepresentations, alongside announcement of the restatement. (*See* Dkt. 116-3 at ¶¶ 116, 117, 144-313.)  In other words, there is no alleged attempt to mitigate any going concern warning with contemporaneous positive misstatements.  The only alleged contemporaneous statement is a boilerplate, generic disclosure.  (*See id*. at ¶¶ 302, 306.)  The concern amendment does nothing, much less enough, to support Plaintiff's woefully inadequate scienter allegations.  (*See id*.)  Moreover, the PSAC still fails to allege any facts showing defendants Mutrie and McNeill had the requisite control over Bird's statements to be liable for their issuance by Bird.  (*See* Dkt. 116-1 at 14-15.)

Lastly, and critically, if this Court disagrees, and finds that the PSAC potentially cures the deficiencies in the Bird Fraud Claim, the Renewed Motion for Leave to Amend should still be denied in part, and the Court should grant the pending Motion to Dismiss with leave to amend only to allow Plaintiff to attempt to correct the deficiencies in his Bird Fraud Claim.

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

## 2. The Switchback Proxy Claim Is Procedurally Improper

### a. Plaintiff Did Not Provide Notice Under The PSLRA

Amendment to add the Switchback Proxy Claim would be futile, in part because that claim would have to be dismissed as the result of two procedural failures—the first of which is Proposed Switchback Plaintiff's failure to provide notice of the new claim to Switchback investors as required by the PSLRA.

"[T]he central purpose of the notice requirement . . . is to enable the member of the putative class with the 'largest financial interest in the relief sought by the class' to make a rational decision whether to intervene." *Ravens v. Iftikar*, 174 F.R.D. 651, 659 (N.D. Cal. 1997) (quoting 15 USC § 78u-4(a)(3)(B)(iii)(I)(bb)). Even when an amended pleading "still centers on the same factual scenario" as the original complaint, the prior notice does not satisfy the requirement of the PSLRA if proposed amendments make it likely that "individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice." *In re Cloudera Secs. Litig.*, No. 19-CV-03221-LHK, 2020 U.S. Dist. LEXIS 47102, at *10 (N.D. Cal. Mar. 18, 2020) (holding notice insufficient where amended pleading expanded the class to include former shareholders who acquired stock in exchange and would have disregarded notice to "purchasers") (internal citation and quotations omitted); *see also Kipling v. Flex Ltd.*, No. 18-CV-02706-LHK, 2019 U.S. Dist. LEXIS 57744, at *6 (N.D. Cal. Apr. 3, 2019) (holding notice insufficient where it identified potential class as ordinary share purchasers and amended pleading expanded class period and added investors).

Consistent with the PSLRA's purpose of ensuring that absent putative class members and potential lead plaintiffs are apprised of their rights, courts "require[] plaintiffs to [provide] notice when the amended pleading affects a new class of plaintiffs [or] asserts new legal theories or claims, or is based on new factual allegations." *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, CV 11 -

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

9495 PSG (JCGx), 2013 U.S. Dist. LEXIS 72683, at *13 (C.D. Cal. May 9, 2013) (collecting cases).  Permitting Plaintiff to unilaterally appoint the Proposed Switchback Plaintiff as a new lead plaintiff alleging a new claim without providing notice to members of the new proposed class would frustrate the PSLRA's effort to ensure that the most adequate plaintiff takes the lead.

Plaintiff's reliance on *In re Portal Software Secs. Litig.*, in which the court explained the "question is close" in determining whether prior notice was adequate for purposes of the PSLRA, is misplaced.  2005 U.S. Dist. LEXIS 41178, at *12-13 (N.D. Cal. Mar. 9, 2005); (*see* Dkt. 116-1 at 11, 19.)  Here, there is no close question.  The claims have no commonality other than the underlying accounting issue, belong to different shareholders in different companies, turn on different disclosures at different times, and are based on completely independent and mutually exclusive damage theories.  Moreover, the time gap between the October 2021 proxy statement giving rise to the new Section 14(a) claim, and the November 2022 press release alleged as the triggering event for the existing Section 10(b) claim, is far longer than in *In re Portal* and renders this case more akin to *In re White Elec. Designs Corp. Sec. Litig.*, 416 F. Supp. 2d 754, 777 (D. Ariz. 2006), which distinguished *In re Portal* on the basis of a similarly lengthy gap.

Further, the face of the notices show that they are inadequate to inform members of this new putative class that the instant action would or even could include a Switchback Proxy Claim.  (*See* Northrup Decl. ¶¶ 2-6, Exs. 1-5.)  The notices do not even mention the proxy statement or identify the basis for a potential Switchback Proxy Claim.  (*See id.*)  Notably, like Proposed Switchback Plaintiff, many Switchback investors with standing to bring the new Section 14(a) claim are not members of the Bird Fraud Claim putative class.  It is therefore likely that former Switchback shareholders—and potential lead

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-17-
OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE
2:22-CV-08406-ODW-AGR

plaintiffs—disregarded the notices, rendering the prior notice inadequate.  *See In re Cloudera Secs. Litig.* 2020 U.S. Dist. LEXIS 47102, at *10.

### b.    Plaintiff Failed To Move For Permissive Joinder

Federal Rule of Civil Procedure 20(a)(1) identifies the requirements for when a court may permit a plaintiff to join an action.  "[A] court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)."  *Kessler v. State Farm Fire & Cas. Co.*, No. 3:23-cv-05527-TMC, 2024 U.S. Dist. LEXIS 144990, at *3-4 (W.D. Wash. Aug. 14, 2024) (internal quotations and citations omitted).  In *Boulton v. Am. Transfer Servs.*, No. 15cv462-GPC(RBB), 2016 U.S. Dist. LEXIS 5098, at *11 (S.D. Cal. Jan. 13, 2016), the court held that "[b]ecause Plaintiff failed to address the elements to support a Rule 20 motion, the Court DENIES Plaintiff's motion for leave to file a second amended complaint."  *See also Ellsworth v. Prison Health Servs.*, No. CV-11-8070-PCT-RCB-MEA, 2012 U.S. Dist. LEXIS 45913, at *9 (D. Ariz. Mar. 31, 2012) (denying leave to amend to add defendants where the record silent on permissive joinder).  Here too, Plaintiff completely failed to address whether joinder of the Proposed Switchback Plaintiff satisfies the Rule 20(a)(1) requirements, rendering the Renewed Motion procedurally defective.

Even if he had tried, Plaintiff would not have been able to show the joinder of the New Plaintiff satisfies the Rule 20(a)(1) requirements, which include the requirement, among others, that "plaintiffs assert a right to relief arising out of the same transaction and occurrence."  *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (internal quotations and citation omitted).  As discussed further *infra* (*see* Sections IV(A)(3)(a), (b)), the pursuit of the Switchback Proxy Claim by the proposed Switchback shareholder class in the PSAC does not arise out of the same transaction or occurrence as the alleged

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-18-
OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE
2:22-CV-08406-ODW-AGR

Section 10(b) Bird Fraud Claim in the CAC on behalf of a proposed class of Bird shareholders. *See Carlin v. DairyAmerica, Inc.*, No. 1:09-CV-00430 AWI EPG, 2017 U.S. Dist. LEXIS 137206, at \*32 (E.D. Cal. Aug. 24, 2017).

### 3.    The Switchback Proxy Claim Is Time Barred

Amendment to add the Switchback Proxy Claim also is futile for a third, independent reason: it is barred by a one-year statute of limitations. *See Krause v. Book*, 714 F. App'x 652, 655 (9th Cir. 2017) (affirming denial of motion for leave to file amended complaint where only new claim barred by statute of limitations and thus proposed amendment was futile); *Klein v. Cook*, No. 14-cv-03634-EJD, 2023 U.S. Dist. LEXIS 93769, at \*12-13 (N.D. Cal. May 30, 2023) (applying one year statue of limitations to Section 14(a) claim); *Hamilton v. Barnes*, No. 15-CV-1890 YGR, 2018 U.S. Dist. LEXIS 144668, at \*43-45 (N.D. Cal. Aug. 24, 2018) (same).

The PSAC alleges that the fraud underlying the proxy claim "was revealed in a series of disclosures as alleged above, on September 21, 2022 and November 14-18, 2022[.]" (Dkt. 116-3 at ¶ 357.) Plaintiff did not file his Motion for Leave to Amend until December 18, 2023, more than one year later. (*See* Dkt. 84.) Thus, even if the filing of that Motion is deemed equivalent to the Proposed Switchback Plaintiff filing his own new complaint, the new Section 14(a) claim is time-barred. Plaintiff does not dispute this.

Additionally, the Switchback Proxy Claim is barred based by the three-year statue of repose for Section 14(a) claims. *See In re Maxim Integrated Prods.*, 574 F. Supp. 2d 1046, 1072 (N.D. Cal. 2008); *Klein*, 2023 U.S. Dist. LEXIS 93769, at \*10. The statute of repose barred Plaintiff from pursuing a Section 14(a) past November 2025 (three years after the alleged fraud was revealed), and Plaintiff filed the instant Motion in December 2025. Moreover, "statutes of repose are not subject to equitable tolling." *Munoz v. Ashcroft*, 339 F.3d 950, 957 (9th Cir. 2003). Plaintiff does not address this.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

Instead, Plaintiff attempts to rely on the doctrine of relation back, but Plaintiff's reliance is misplaced. (*See* Dkt. 116-1 at 11-14.) The Ninth Circuit only permits amendments adding a new plaintiff upon three conditions: "1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996).

The *In re Syntex Corp.* decision is instructive. There, the Ninth Circuit rejected reliance on the relation back doctrine and affirmed dismissal, holding that "[t]he claims of the proposed plaintiffs are different because the newly proposed class members bought stock at different values and after different disclosures and statements were made by Defendants and analysts." *Id.* Here the Switchback Proxy Claim does not relate back to the Bird Fraud Claim for the very same reasons, and more, and thus fails to satisfy the Ninth Circuit's requirements. Amendment is therefore futile. *See TrustLabs, Inc. v. Jaiyong An*, No. 21-cv-02606-CRB, 2024 U.S. Dist. LEXIS 58995, at *26-28, *48 (N.D. Cal. Mar. 30, 2024) (denying motion for leave on grounds of futility where proposed counterclaims time barred).

### a. The CAC Did Not Provide Adequate Notice Of Proposed Switchback Plaintiff's Switchback Proxy Claim

According to the Ninth Circuit, "[n]ew, unrelated plaintiffs generally are unable to assert a cause of action sufficiently confined to the facts stated in the original pleadings to support an inference of adequate notice." *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982); *see Hahn v. City of Carlsbad*, No. 15-cv-2007 DMS (BGS), 2016 U.S. Dist. LEXIS 80108, at *10 (S.D. Cal. Feb. 3, 2016) (no adequate notice and no relation back where proposed plaintiffs and amendments proposed a new basis for relief); *In re DDi*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

*Corp. Sec. Litig.*, Nos. CV 03-7063 NM (SJHx), CV 03-7883, CV 03-7999, CV 03-8344, CV 04-0735), 2005 U.S. Dist. LEXIS 28216, at *27 (C.D. Cal. July 20, 2005) (no adequate notice and no relation back where proposed plaintiffs purchased a different security than original plaintiffs).

Plaintiff is unable to avoid this general rule for the same reason as the analogous plaintiffs in the above-cited cases: the CAC could not have provided the Individuals Defendants with adequate notice of the Switchback Proxy Claim. The Individual Defendants could not have known Plaintiff would eventually seek to pursue a new and different claim on behalf of Switchback shareholders, a claim Plaintiff lacks standing to pursue, after bringing suit on behalf of Bird shareholders. Plaintiff does not address this directly. Instead, Plaintiff attempts to obscure the fundamental legal and factual differences between the putative class claim of Bird shareholders and those of Switchback shareholders.

What Plaintiff tries to paint as two related, overlapping claims are in fact two distinct claims, encompassing two different set of transactions that involve two different sets of purchasing decisions by shareholders of two different companies, based on two different sets of disclosures, brought under two different statutes with different elements, seeking mutually exclusive damage awards. As a result, the Individuals Defendants did not have adequate notice of the Switchback Proxy Claim based on the CAC and the Bird Fraud claim.

The Bird Fraud Claim is based on a purported class of shareholders who decided to purchase Bird shares after Bird went public based on Bird's public disclosures. In contrast, the new Switchback Proxy Claim is based on a purported class of Switchback shareholders faced with a decision on whether to exchange their shares for cash or convert them into Bird stock based on the contents of proxy materials issued connection with a proposed merger. The purchasers of Bird shares had to determine whether they thought the purchase price was warranted at the time of purchase after the merger, whereas the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

Switchback shareholders had the option to redeem their shares for a pro rata portion of the funds in the company' trust account (approximately $10) if they did not want to participate in the merger with Bird.  (*See* Northrup Decl. ¶ 7, Ex. 6 at 7.)

Plaintiff, however, ignores his own alleged facts in order create the appearance of overlap.  Specifically, he alleges a Bird Fraud Claim putative class period stretched beyond the breaking point set by those facts. To explain, Plaintiff asserts that the Section 10(b) class is comprised of purchasers or acquirers of Bird shares between May 12, 2021 (announcement of Switchback merger with Bird), and November 18, 2022 (Bird's restated financials issued). (*See* Dkt. 116-3 ¶ 1.)  But this bloated alleged class period extends to the period *before* Bird shares traded publicly on November 5, 2021, i.e., nearly seven months before any member of the putative Bird Fraud Claim class owned any Bird shares.  (*See id*. ¶ 87.)

Using this bloated, self-contradicted putative class period, Plaintiff treats purchasers of Switchback stock as purchasers of Bird stock, which violates of the "purchaser-seller rule" (also called the *Birnbaum* Rule).  That rule "confines standing to purchasers or sellers of the stock in question."  *See In re CCIV / LUCID Motors Sec. Litig*., 110 F.4th 1181, 1182 (9th Cir. 2024).  The Ninth Circuit has already addressed standing and this rule in the context of a SPAC, and held that the plaintiffs did not have standing to pursue a section 10(b) claim based on misstatements about Lucid because the plaintiffs had purchased shares in the SPAC, not in Lucid, which was a privately held company during the purchase period.  *See In re CCIV / LUCID Motors Sec. Litig*., 110 F.4th at 1186-87.

*Lucid* is controlling.  Here, the public could not purchase shares in Bird until it went public on November 5, 2021 because, like Lucid, prior to that Bird was a privately held company.  Accordingly, the earliest possible start date of a

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

Bird shareholder class period would be the date Bird shares started trading, November 5, 2021, not May 12, 2021, as alleged by Plaintiff.  In other words, Plaintiff attempts to the stretch the Bird shareholder class period backwards in time, to prior to the time Bird shares were publicly traded, in order to be able to claim overlapping class periods.  (*See* Dkt. 116 at 11.)  But this contradicts the PSAC allegations as there can be no overlap between any class of Bird shareholders as alleged.  Rather, based on the facts alleged by Plaintiff, the putative class period for the Bird Fraud Claim must be from November 5, 2021 (the earliest alleged trading date) to November 18, 2022 (the date of the alleged corrective disclosure), while the putative class period for the Switchback Proxy Claim begins August 16, 2021 (the record date) and ends on or about November 2, 2021 (the date of Switchback's extraordinary general meeting to vote on the merger.  (*See* Dkt. 116-3 at ¶ 1.)

To put it succinctly, Plaintiff's argument that "Plaintiffs thus purchased the same securities of the same company, albeit under different corporate names" is false and his proposed claim would violate the purchaser-seller rule. *See In re CCIV / LUCID Motors Sec. Litig.*, 110 F.4th at 1186-87; (Dkt. 116-1 at 13.)  Proposed Switchback Plaintiff, according to his own certification, only purchased Switchback shares and thus is not properly part of any purported class of Bird shareholders pursuing a Section 10(b) claim based on a potentially viable class period.  (*See* Dkt. 109-2.)

This means the present circumstances are wholly unlike the cases relied on by Plaintiff.  *See Bensinger v. Denbury Res., Inc.*, No. 10-CV-1917, 2013 U.S. Dist. LEXIS 94223, at *1, *14 (E.D.N.Y. July 3, 2013) (plaintiff initially brought a Section 14(a) claim so defendants had notice prior to plaintiff seeking pursue a Section 14(a) claim on behalf of a new plaintiff); *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1069 (S.D. Cal. 2015) (plaintiff initially brought suit on behalf of "all purchasers of Defendant's homeopathic products" that

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

were "ineffective" and added plaintiff purchasers of other homeopathic products claimed to be ineffective); *In re Juniper Networks, Inc. Sec. Litig.*, 542 F. Supp. 2d 1037, 1053 (N.D. Cal. 2008) (initial complaint broadly brought on behalf of purchaser's of securities, not just stocks, so notice provided on behalf of noteholders); *Immigrant Assistance Project of the L.A. Cty. Fed'n of Labor v. INS*, 306 F.3d 842, 857 (9th Cir. 2002) (original and second amended complaint both filed on behalf of same proposed class).

### b. There Is No Identity Of Interests Between Plaintiff And New Plaintiff

The Switchback Proxy Claim is alleged on behalf of Proposed Switchback Plaintiff because, by Plaintiff's own admission, Plaintiff does not have standing to assert the Section 14 claim on behalf of the putative class of Switchback shareholders, and Proposed Switchback Plaintiff claims to have such standing. (*See* Dkt. 116-1 at 10-11.)  As a result, there is no "identity of interest" between Plaintiff, an alleged Bird shareholder, and Proposed Switchback Plaintiff, an alleged Switchback shareholder, nor among the attendant different purported classes of shareholders.

Here, the members of the two proposed classes were shareholders of different companies, who allege violations of different laws arising out of different disclosures at different times, who were allegedly damaged at different times and by different transactions, and who lack standing to assert each other's competing claims.  Courts routinely deny relation back under analogous circumstances for want of an identity of interests.  *See, e.g., Palmer v. Stassinos*, 236 F.R.D. 460, 466 (N.D. Cal. 2006) ("Palmer and Hammer can have no 'identity of interests' with Carrizosa and Pea as to the UCL claim. Palmer and Hammer's lack of standing to raise such claims means they have no interest in them."); *Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1054 (N.D. Cal. 2016) (no identity of interests where later complaint based on

-24-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

different securities transactions and disclosures); *Howard v. Hui*, No. C 92-3742 CRB CLASS ACTION, 2001 U.S. Dist. LEXIS 15443, at \*19-\*20 (N.D. Cal. Sep. 24, 2001) (no identity of interests where proposed new plaintiff sought to allege insider trading claims and operative complaint alleged only Section 10(b) and Section 20(a) claims with court explaining "[a]lthough Anderson was a member of the class when the original complaint was filed, he asserts an entirely new claim that Howard did not and could not allege due to lack of standing"); *In re DDi Corp. Sec. Litig.*, 2005 U.S. Dist. LEXIS 28216, at \*28 (no identity of interests between those who purchased common stock and the proposed plaintiffs who purchased convertible notes); *In re Wells Fargo Mortg.-Backed Certificates Litig.*, No. 09-CV-01376-LHK, 2010 U.S. Dist. LEXIS 124498, at \*30 (N.D. Cal. Oct. 19, 2010) (no identity of interests and therefore no relation back where original plaintiff and proposed plaintiffs invested in different trusts).

Additionally showing the lack of identity of interests is the fact that there are material differences in the relevant disclosures, contrary to Plaintiff's claims. (*See* Dkt. 116-1 at 13.)  The Switchback Proxy Claim is alleged based on proxy and soliciting materials that predate public trading of Bird shares and, as reflected in Plaintiff's redline of the PSAC, these are not all of the same disclosures as alleged as the basis for the Section 10(b) claim.  (*See, e.g.* Dkt. 116-4 at ¶¶ 155, 168, 184, 195-97, 353.)  Moreover, the Section 10(b) claim and Proxy Claim are not and cannot be based on the same alleged "stock drops," as falsely asserted by Plaintiff.  (*See* Dkt. 116-1 at 13.)

The Section 10(b) claim harm is based on allegations that Bird's share price declined from $0.43 to $0.20 in November 2022, based on the corrective disclosure on November 14, 2022.  (*See* Dkt. 116-3 at ¶¶ 118, 124, 125, 135.)  In contrast, the PSAC alleges that the damages incurred by the Switchback holders was "a direct and proximate result of the dissemination of the false and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-25-
OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE
2:22-CV-08406-ODW-AGR

misleading Proxy the Defendants used to obtain shareholder approval of and thereby consummate the Merger" in October 2021.  (*See* Dkt. *id*. at ¶¶ 199, 367.)

Further showing the lack of identify of interests is the wholly distinct damage allegedly suffered by the proposed Bird and Switchback shareholders classes.  If the proposed Bird shareholders had a viable Section 10(b) claim (they do not), as alleged, the Bird shareholders would pursue damages based on the allegedly inflated price at which Bird shareholders purchased Bird shares compared to the fair value if there were no misrepresentations as alleged, i.e., they would seek to recover the losses suffered when the "truth" came out and allegedly pushed the trading price down in November 2022.  (*See* Dkt. 116-3 at ¶¶ 314-16.)  In contrast, if the Switchback shareholders had a viable Section 14(a) claim (they do not), the Switchback shareholders would pursue damages stemming from having forgone the option to redeem their Switchback shares for cash (approximately $10), had they known the "truth" back in October 2021.  (*See id*. ¶¶ 51, 354, 367.)  These are two totally different and mutually exclusive "but for" worlds.[2]

Plaintiff does not cite any case involving similar circumstances where a court found relation back.  (*See* Dkt. 116-1 at 12-13 (citing *In re Asyst Techs., Inc. Derivative Litig*., No. C-06-04669 EDL, 2008 U.S. Dist. LEXIS 96834, at *25 (N.D. Cal. Nov. 12, 2008) (new plaintiff brought claims identical to those of the initial plaintiffs); *Raynor Bros. v. Am. Cyanimid Co*., 695 F.2d 382, 384 (9th Cir. 1982) (describes the law addressing the substitution of a plaintiff, not the addition of a new plaintiff with a new claim); *In re Network Assocs. Sec. Litig*., No. C 00-4849 MJJ, 2003 U.S. Dist. LEXIS 14442, at *23-25 (N.D. Cal. Mar. 25, 2003) (finding relation back where "CC and FACC consist of nearly

---

[2] This also underscores why notice of the Bird Fraud Claim is not effective notice of the Switchback Proxy Claim under the PSLRA.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

identical causes of action based on a similar set of operative facts. The primary difference between the two pleadings is temporal rather than substantive").).[3]

In sum, there is no notice to the Individual Defendants, and no identity of interests between Plaintiff and Proposed Switchback Plaintiff.  The Switchback Proxy Claim likewise fails to meet Rule 15(c)'s requirement that the amended claim arise of out of the same conduct, transaction, or occurrence set out in the original complaint  *See* Fed. R. Civ. Proc. 15(c)(1)(B); *Lester v. United States*, No. 95-1455-JO, 1996 U.S. Dist. LEXIS 19625, at *9 (D. Or. Nov. 25, 1996) (denying motion for leave to amend where plaintiff's proposed amendment to add a new plaintiff failed both the Rule 15 and the Ninth Circuit tests for relation back).

### c. The Individual Defendants Would Be Prejudiced By Relation Back

The Individual Defendants obviously would be prejudiced by now having to expanding their defense to include a different set of statements and transactions and conduct involving Switchback shareholders.  In particular, the Individual Defendants will be highly prejudiced if required to defend against the Proxy Claim should it somehow survive a motion to dismiss (it should not), and be deemed timely solely based on the notion that it relates back to a complaint that failed to state a viable claim.  Proposed Switchback Plaintiff should not be able to profit by using Plaintiff's defective complaint as a platform to pursue a distinct and plainly time-barred claim.

---

[3] Plaintiff's two out-of-circuit cases purporting to show courts "routinely" apply relation back to alleged violations of different sections of the federal securities laws lend no support to Plaintiff's assertion. *See Alpern v. UtilCorp United, Inc.*, 84 F.3d 1525, 1543–44 (8th Cir. 1996) (engaged in relation back analysis for purposes of calculating damages and not for determining whether the claim was timely brought); *In re Enron Corp.*, No. MDL-1446, H-01-3624, 2005 WL 1637914, at *2 (S.D. Tex. June 20, 2005) (held Section 11 claim barred by statute of repose and permitted relation back only as to amended Section 15 control person claim relating back to previously plead Section 15 claim).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

**4.    The Proxy Claim Fails To Adequately Allege Negligence**

Even assuming *arguendo* that Proposed Switchback Plaintiff's Switchback Proxy Claim was not time barred, permitting amendment would still be an exercise in futility because the Proxy Claim fails to adequately allege negligence, which is a required element of a Section 14(a) claim, and must be plead with particularity alleging facts giving rise to a strong inference of negligence as required under the PSLRA.  *See In re Gemstar-TV Guide, Int'l Inc. Sec. Litig.*, No. CV 02-02775 MRP (PLAx), 2003 U.S. Dist. LEXIS 25884, at *31 (C.D. Cal. Aug. 15, 2003); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1267-68 (N.D. Cal. 2000).  Additionally, because Plaintiff's allegations sound in fraud, the heightened pleading standards under Federal Rule of Civil Procedure 9(b) apply.  *See Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000); *Jian Zhou v. Faraday Future Intelligent Elec. Inc.*, No. 2:21-cv-09914-CAS (JCx), 2022 U.S. Dist. LEXIS 192565, at *37 (C.D. Cal. Oct. 20, 2022).

"Conclusory averments of negligence, such that Defendants failed to review certain materials, or were neglecting their responsibilities, or designed and oversaw a flawed review process, are insufficient" to state a Section 14(a) claim.  *Dickerson v. MacMillan*, No. 23-cv-01320-AMO, 2025 U.S. Dist. LEXIS 95345, at *12 (N.D. Cal. May 19, 2025) (cleaned up).  In assessing Section 14(a) claims, "[t]heories of negligence based on a Defendants' position or access within a company are routinely rejected." *Id*. at *14.  Accordingly, Plaintiff's reliance on boilerplate allegations fails to adequately allege facts giving rise to a strong inference of negligence.

Bird allegedly announced a restatement of certain financial statements because "[d]uring the evaluation of [its] rider wallet subledger" Bird "found a design error within our internal back-end IT systems."  (*See* Dkt. 116-3 at ¶ 121.)  The PSAC attempts to plead negligence by (i) pointing to the positions

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-28-

of the Individual Defendants as officers and/or directors at Bird and/or Switchback and the participation of Individual Defendants in the due diligence process, and then (ii) assuming the Individual Defendants must have known of the design error at some unspecified, earlier date.  But the PSAC is, like the CAC, devoid of allegations identifying any information that should have warned any of the Individual Defendants of the error.  The PSAC instead asserts the conclusory allegation that "readily available information that would be apparent from a reasonably diligent investigation into Bird demonstrates the inaccuracy of these Defendants' statements."  (*Id*. at ¶¶ 363, 365.)  The PSAC does not identify what this "readily available information" was that would have earlier revealed Bird's back-end IT systems error based on a reasonable due diligence, or how or why Bird's auditors also did not identify this error.  Thus, as in *Mendoza v. HF Foods Grp., Inc.,* where the plaintiff relied on "conclusory labels or boilerplate references to corporate executive duties[,]" and this Court dismissed a Section 14(a) claim for failure to allege negligence, Plaintiff fails to adequately allege negligence.  *See* No. 2:20-CV-02929-ODW (JPRx), 2021 U.S. Dist. LEXIS 160982, at \*32-33 (C.D. Cal. Aug. 25, 2021).

> **B.     Plaintiff Unduly Delayed In Seeking To Add the Proxy Claim To The CAC To the Prejudice Of Defendants**

A plaintiff's delay is evaluated based on the passage of time between the original pleading and the proposed amended pleading.  *See Med. Devices v. Cornell*, No. CV 20-3503 CBM(RAOx), 2021 U.S. Dist. LEXIS 205502, at \*5 (C.D. Cal. Aug. 11, 2021) ("When deciding whether a party unduly delayed in raising a counterclaim, a court should first evaluate the time that has passed between the original pleading and the proposed amendment."); *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991).  Plaintiff did not move for leave to amend until thirteen months after the filing of the Complaint.  This is undue delay.

OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE

2:22-CV-08406-ODW-AGR

Rather than acknowledge or even address this substantive delay, Plaintiff argues there was no delay between the time he was contacted by Proposed Switchback Plaintiff and seeking leave to amend, which is not the legally relevant time period. *See Int'l Med. Devices*, 2021 U.S. Dist. LEXIS 205502, at *5; (*see also* Dkt. 116-1 at 16). Rather, "[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson,* 902 F.2d at 1388; *see also Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Plaintiff knew, or at least should have known, of the proposed claim long ago. The PSAC relies entirely on public information that was readily available to Plaintiff (and Proposed Switchback Plaintiff) at the time of filing the CAC. (*See* Dkt. 116-3 *passim*.)

The Individual Defendants would be prejudiced by the expansion of Plaintiff's claims, which would require more expansive future discovery increasing both the burden and litigation costs for the Individual Defendants. "Expense, delay, and wear and tear on individuals and companies count toward prejudice." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (quoting district court and affirming) (overruled in part on other grounds). In *Stambanis v. TBWA Worldwide, Inc.*, the Court denied a motion for leave to amend explaining the Ninth Circuit's view "that 'putting the defendants 'through the time and expense of continued litigation on a new theory . . . would be manifestly unfair and unduly prejudicial.'" No. 2:19-cv-3962-ODW (JEMx), 2020 U.S. Dist. LEXIS 127426, at *5-6 (C.D. Cal. July 20, 2020) (quoting *Jackson*, 902 F.2d at 1388); *see also Shenbaum v. City of Manhattan Beach*, No. CV 22-8062-KS, 2024 U.S. Dist. LEXIS 232651, at *11 (C.D. Cal. Nov. 26, 2024) (denying motion for leave to amend where, among other reasons, defendant would "incur additional litigation costs" and "Plaintiffs have not

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-30-
OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE
2:22-CV-08406-ODW-AGR

demonstrated that the 'newly discovered' information they seek to add to the FAC was not known or could not have been known earlier in the litigation.").

Plaintiff mistakenly claims granting the Renewed Motion for Leave would conserve Court resources because, even if the Court granted the pending Motion to Dismiss, the Court could still grant Plaintiff leave to amend. (*See* Dkt. 116-1 at 17.) But if the Court granted the Motion to Dismiss with leave to amend (it should not), the leave should be restricted to Plaintiff attempting to correct his deficiencies in pleading in the existing Bird Fraud Claim in CAC (he cannot). *See, e.g., Gavriliuc v. Teksystems, Inc.*, No. 8:20-cv-02164-JLS-DFM, 2021 U.S. Dist. LEXIS 168287, at *20 (C.D. Cal. Apr. 14, 2021) ("Plaintiff is GRANTED LEAVE TO AMEND the pleading, correcting the deficiencies identified herein in a manner consistent with all Rule 11 obligations. Plaintiffs may not add claims or new defendants to its pleading."). Moreover, Plaintiff ignores that the PSAC fails to cure the deficiencies in the existing Bird Fraud Claim, establishing that dismissal with prejudice would be warranted.

## V.    CONCLUSION

For the foregoing reasons, the Individual Defendants request that the Court deny Plaintiff's Renewed Motion for Leave.

Dated:  January 16, 2026          STRADLING YOCCA CARLSON & RAUTH LLP


                                  By:   */s/ Lisa M. Northrup*
                                        Jason de Bretteville
                                        Lisa M. Northrup
                                        Attorneys for Defendants

                                        TRAVIS VANDERZANDEN, YIBO LING, JIM MUTRIE, and SCOTT McNEILL

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-31-
OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE
2:22-CV-08406-ODW-AGR

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants BIRD GLOBAL, INC., TRAVIS VANDERZANDEN, YIBO LING, JIM MUTRIE, and SCOTT McNEILL, certify that this brief contains <u>6,986 </u>words, which:

    ☒ complies with the word limit of L.R. 11-6.1.

    ☐ complies with the word limit set by court order dated _____.

Dated: January 16, 2026

                                */s/ Lisa M. Northrup*
                                  Lisa M. Northrup

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-32-
CERTIFICATE OF COMPLIANCE

2:22-CV-08406-ODW-AGR