Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Lead Counsel and Counsel for*
*Lead Plaintiff David Boulware*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DAVID BOULWARE and LAWRENCE LOU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIRD GLOBAL, INC., TRAVIS VANDERZANDEN, YIBO LING, JIM MUTRIE, and SCOTT MCNEILL,<br><br>Defendants. | Lead Case No.<br>2:22-cv-08406-ODW (AGRx)<br><br>**REPLY IN SUPPORT OF LEAD PLAINTIFF DAVID BOULWARE'S RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT**<br><br>Date:       February 23, 2026<br>Time:      1:30 p.m.<br>Courtroom: 5D, 5th Floor<br>Judge:    Hon. Otis D. Wright II<br><br>Trial Date: Not Set<br>Date Action Filed: November 17, 2022 |

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................ 1

II.    ARGUMENT ...................................................................................... 2

    A.    Defendants Fail to Show that Amendment Would Be Futile ................................................................................... 2

        1.    The SAC Adequately Cures Any Previously Identified Deficiencies in the Section 10(b) Claims ................. 2

        2.    The Proxy Claim is Procedurally Proper .................................. 2

            a.    No New PSLRA Notice Is Required ............................... 2

            b.    The PSLRA and Rule 15 Obviate the Need for a Separate Joinder Motion .......................................... 3

        3.    The Proxy Claim is Not Time-Barred ...................................... 4

            a.    Relation Back Under Rule 15(c) is Liberally Applied ........................................................................ 4

            b.    The CAC Provided Fair Notice of the SAC's Proxy Claims ................................................................ 5

            c.    An Identity of Interests Exists Between Lead Plaintiff and Givas ...................................................... 6

            d.    Relation Back Will Not Unfairly Prejudice Defendants .................................................................. 8

        4.    The Proxy Claim Adequately Pleads Negligence ..................... 8

    B.    Plaintiffs Did Not Unduly Delay, and Defendants Cannot Show Prejudice ............................................................ 9

III.   CONCLUSION ................................................................................. 10

REPLY ISO RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMEND. COMPLAINT

011147-11/3442935 V3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Similasan Corp.*,
96 F. Supp. 3d 1063 (S.D. Cal. 2015) ....................................................5

*Alpern v. UtilCorp United, Inc.*,
84 F.3d 1525 (8th Cir. 1996) .................................................................4

*In re Am. Apparel, Inc. S'holder Litig.*,
2013 WL 174119 (C.D. Cal. Jan. 16, 2013).............................................2

*ASARCO, LLC v. Union Pac. R.R. Co.*,
765 F.3d 999 (9th Cir. 2014) .................................................................4

*In re Asyst Techs., Inc. Derivative Litig.*,
2008 WL 4891220 (N.D. Cal. Nov. 12, 2008).....................................6, 7

*Avila v. INS*,
731 F.2d 616 (9th Cir. 1984) .................................................................5

*Bensinger v. Denbury Res. Inc.*,
2013 WL 3353975 (E.D.N.Y. July 3, 2013) ...........................................5

*Besig v. Dolphin Boating & Swimming Club*,
683 F.2d 1271 (9th Cir. 1982)................................................................7

*Campbell v. City of Los Angeles*,
903 F.3d 1090 (9th Cir. 2018)................................................................4

*In re Cloudera, Inc. Sec. Litig.*,
2020 WL 1288362 (N.D. Cal. Mar. 18, 2020) ........................................3

*Ctr. for Biological Diversity v. Env't Prot. Agency*,
316 F. Supp. 3d 1156 (N.D. Cal. 2018)...................................................4

*In re DDi Corp. Sec. Litig.*,
2005 WL 3090882 (C.D. Cal. July 21, 2005) .........................................7

*In re Enron Corp.*,
2005 WL 1637914 (S.D. Tex. June 20, 2005) .........................................5

*In re Gemstar-TV Guide, Int'l Inc. Sec. Litig.*,
  2003 U.S. Dist. LEXIS 25884 (C.D. Cal. Aug. 15, 2003) .................................... 9

*Hahn v. City of Carlsbad*,
  2016 WL 3211801 (S.D. Cal. Feb. 3, 2016) ............................................................ 7

*Howard v. Hui*,
  2001 WL 1159780 (N.D. Cal. Sept. 24, 2001) ....................................................... 8

*Hunt v. Bloom Energy Corp.*,
  2021 WL 1110260 (N.D. Cal. Mar. 23, 2021) ........................................................ 3

*Immigrant Assistance Project of L.A. Cty. Fed'n of Labor v. INS*,
  306 F.3d 842 (9th Cir. 2002) ............................................................................ 6, 8

*Int'l Med. Devices, Inc. v. Cornell*,
  2021 WL 4894271 (C.D. Cal. Aug. 11, 2021) ................................................. 9, 10

*Jackson v. Bank of Hawaii*,
  902 F.2d 1385 (9th Cir. 1990) .............................................................................. 10

*Johnson v. Serenity Transp., Inc.*,
  2015 WL 4913266 (N.D. Cal. Aug. 17, 2015) ...................................................... 10

*In re Juniper Networks, Inc. Sec. Litig.*,
  542 F. Supp. 2d 1037 (N.D. Cal. 2008) ............................................................. 5, 7

*Kaplan v. Rose*,
  49 F.3d 1363 (9th Cir. 1994) ................................................................................ 10

*Kipling v. Flex Ltd.*,
  2019 WL 1472358 (N.D. Cal. Apr. 3, 2019) .......................................................... 3

*Larsen v. PTT, LLC*,
  2024 WL 5088342 (W.D. Wash. Dec. 12, 2024) .................................................. 10

*Martinez v. City of W. Sacramento*,
  2019 WL 469038 (E.D. Cal. Feb. 6, 2019) ........................................................... 10

*Melnek v. Las Vegas Metro. Police Dep't*,
  2025 WL 1159773 (D. Nev. Apr. 21, 2025) ............................................................ 2

*Mendoza v. HF Foods Grp. Inc.*,
  2021 WL 3772850 (C.D. Cal. Aug. 25, 2021) ........................................................ 9

REPLY ISO RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMEND. COMPLAINT
011147-11/3442935 V3

*Mitchell v. Cnty. of Orange*,
   65 F. App'x 164 (9th Cir. 2003)......................................................................10

*In re Network Assocs., Inc. II Sec. Litig.*,
   2003 WL 24051280 (N.D. Cal. Mar. 25, 2003) ................................................8

*In re Portal Software, Inc. Sec. Litig.*,
   2005 WL 8179740 (N.D. Cal. Mar. 9, 2005) ....................................................3

*Raynor Bros. v. Am. Cyanimid Co.*,
   695 F.2d 382 (9th Cir. 1982) ............................................................................6

*In re Real Est. Assocs. Ltd. P'ship Litig.*,
   223 F. Supp. 2d 1142 (C.D. Cal. 2002) ............................................................9

*Reckstin Fam. Tr. v. C3.ai, Inc.*,
   2025 WL 490470 (N.D. Cal. Feb. 13, 2025).....................................................2

*Russo v. Fed. Med. Servs., Inc.*,
   756 F. Supp. 3d 748 (N.D. Cal. 2024)...............................................................4

*Shenbaum v. City of Manhattan Beach*,
   2024 WL 5185384 (C.D. Cal. Nov. 26, 2024) ................................................10

*Skiadas v. Acer Therapeutics Inc.*,
   2020 WL 3268495 (S.D.N.Y. June 16, 2020)...................................................2

*In re South African Apartheid Litig.*,
   617 F.Supp.2d 228 (S.D.N.Y. 2009) .................................................................8

*Stambanis v. TBWA Worldwide, Inc.*,
   2020 WL 4060171 (C.D. Cal. July 20, 2020) .................................................10

*In re Syntex Corp. Sec. Litig.*,
   95 F.3d 922 (9th Cir. 1996) .....................................................................5, 7, 8

*Texaco, Inc. v. Ponsoldt*,
   939 F.2d 794 (9th Cir. 1991)...........................................................................10

*Thomas v. Magnachip Semiconductor Corp.*,
   167 F. Supp. 3d 1029 (N.D. Cal. 2016).............................................................8

*Thomas v. Magnachip Semiconductor Corp.*,
   2015 WL 3749784 (N.D. Cal. June 15, 2015) ..................................................3

-iv-   No. 2:22-cv-08406-ODW (AGRX)

REPLY ISO RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMEND. COMPLAINT

*In re Wells Fargo Mortg.-Backed Certificates Litig.*,
  2010 U.S. Dist. LEXIS 124498 (N.D. Cal. Oct. 19, 2010) ................................. 7

-v-   No. 2:22-cv-08406-ODW (AGRX)

# I.   INTRODUCTION

With Bird Global, Inc.'s dismissal with prejudice (Dkt. No. 115), all parties agree no claims "may expose the bankrupt debtor to future liability." Dkt. No. 112 at 3. The sole issue is whether Plaintiffs may proceed on their [Proposed] Second Amended Complaint ("SAC"). Dkt. No. 116-3. Defendants' opposition offers no reason to deny leave to amend.

The SAC bolsters scienter with new allegations of Bird's going-concern warning contemporaneous with its restatement, establishing Defendants' motive to inflate the Company's financial condition in going public.

Defendants' procedural challenges to the Section 14(a) claim fail. The law does not require a separate joinder motion or a new PSLRA notice where a lead plaintiff includes an additional class representative to assert a new theory arising from the same transaction and shared common facts and law.

The Section 14(a) claim is not time barred. Relation back applies here: the original complaint gave fair notice of the claim, an identity of interests exists amongst Plaintiffs, and Defendants suffer no prejudice.

Defendants were negligent in disseminating the false and misleading proxy materials. Bird's inflated financials stemmed from Bird recording revenue for rides where customers had insufficient preloaded "wallet" balances. After touting Bird's "prepaid" nature of the business and its revenue as strengths, Defendants had a duty to ensure Bird's software actually verified those balances before booking the revenue. Indeed, any cursory review of Bird's ledgers, which Defendants had unfettered access to, would have shown a growing pile of uncollectible debt from people with $0.00 in their accounts. Defendants' failure to carry out these basic duties constitutes negligence at a minimum.

Finally, because discovery has not begun and no motion to dismiss has been decided, Defendants cannot show the prejudice necessary to support a claim of undue delay. The Court should permit Plaintiffs to file the SAC.

-1-                    No. 2:22-cv-08406-ODW (AGRX)

## II.    ARGUMENT

### A.    Defendants Fail to Show that Amendment Would Be Futile

#### 1.    The SAC Adequately Cures Any Previously Identified Deficiencies in the Section 10(b) Claims

Futility is a rare basis for denial; courts typically defer merit challenges until after granting amendment. *Melnek v. Las Vegas Metro. Police Dep't*, 2025 WL 1159773, at *1 (D. Nev. Apr. 21, 2025) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). Defendants' dispute over the ultimate success of the claims does not show futility. *See, e.g.*, *Reckstin Fam. Tr. v. C3.ai, Inc.*, 2025 WL 490470, at *3 (N.D. Cal. Feb. 13, 2025) (granting leave where arguments went to "strength of the parties' eventual evidence, not the futility of amendment").

Defendants contend Bird's "going concern" warning does not support scienter because, unlike in *Skiadas*, it came after the misstatements. Opp. at 15 (citing *Skiadas v. Acer Therapeutics Inc.*, 2020 WL 3268495 (S.D.N.Y. June 16, 2020)). But this ignores that Defendants misrepresented Bird's financial health to mask a looming going-concern risk—a powerful motive given their need to successfully close the SPAC merger and raise essential capital. *In re Am. Apparel, Inc. S'holder Litig.*, 2013 WL 174119, at *32 (C.D. Cal. Jan. 16, 2013). Importantly, Bird issued a going-concern warning alongside its admission that its prior financials were materially misstated, making the warning probative not merely of imminent insolvency, but of Defendants' earlier concealment of financial distress. SAC ¶¶ 116, 302, 306.

#### 2.    The Proxy Claim is Procedurally Proper

##### a.    No New PSLRA Notice Is Required

A new legal theory does not require a new PSLRA notice and reopening of the lead plaintiff process where, as here, the underlying facts and misstatements remain unchanged. "[C]ourts typically disfavor republication when a complaint is amended," "the SAC still centers on the same factual scenario concerning [Defendants'] financial statements that was presented in [the] original complaint[,]" and "[t]he new

REPLY ISO RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMEND. COMPLAINT
011147-11/3442935 V3

[claim] and additional defendants in the [amended] complaint relate to the same misrepresentations." *Thomas v. Magnachip Semiconductor Corp.*, 2015 WL 3749784, at *4 (N.D. Cal. June 15, 2015) (denying request for new lead plaintiff period); *see also* Northrup Decl. Exs. 1-5 (alleging materially false and/or misleading statements and omissions regarding Bird's overstated Sharing Revenue and deficient internal controls). The SAC simply adds a class member with statutory standing to assert a claim on behalf of an overlapping class of Bird investors, which does not trigger the PSLRA's notice and appointment procedures. *See*, e.g., *In re Portal Software, Inc. Sec. Litig.*, 2005 WL 8179740, at *2–4 (N.D. Cal. Mar. 9, 2005) (rejecting idea that adding a plaintiff restarts the PSLRA process).

Defendants' authorities are unavailing. Opp. at 16-18. The court in *In re Cloudera, Inc. Sec. Litig.*, 2020 WL 1288362 (N.D. Cal. Mar. 18, 2020), reopened the lead plaintiff process because the amended complaint expanded the class definition to include investors who acquired Cloudera stock by exchanging entirely different securities issued from an entirely different corporate entity (Hortonworks, Inc.). Here, the SAC remains consistent with previous complaints in that it covers investors in the same security. Similarly, in *Kipling v. Flex Ltd.*, 2019 WL 1472358 (N.D. Cal. Apr. 3, 2019), the revised class definition included shareholders who own options, whereas the previous definition only included shareholders who owned common stock (*id.* at *2) – another wrinkle not present here.

### b.     The PSLRA and Rule 15 Obviate the Need for a Separate Joinder Motion

Defendants' attempt to impose a dual-motion requirement—demanding both a Rule 15 and a Rule 20 motion—is baseless. Opp. at 18-19. The PSLRA empowers the lead plaintiff with control over the course of the litigation, including adding plaintiffs to strengthen the class's representation without having to make a formal joinder motion. *See, e.g., Hunt v. Bloom Energy Corp.*, 2021 WL 1110260, at *1

-3-                 No. 2:22-cv-08406-ODW (AGRX)

(N.D. Cal. Mar. 23, 2021) (holding that "nothing in the PSLRA requires court approval for the addition of additional named plaintiffs by the Lead Plaintiff.").

In any event, Rule 15 is a proper vehicle for adding new plaintiffs to a proposed amended complaint. Rule 20's requirements may be evaluated within the amendment process itself, not through a redundant, separate motion. *See, e.g., Russo v. Fed. Med. Servs., Inc.*, 756 F. Supp. 3d 748, 754 (N.D. Cal. 2024). Here, even if the Court were to look to Rule 20, its "relatively loose requirements" are met. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1112 (9th Cir. 2018). Lead Plaintiff's and class member Givas's claims arise from the same series of transactions or occurrences: Defendants' dissemination of false and misleading statements to investors in connection with the SPAC merger. Likewise, their claims share common questions of law and fact regarding the falsity and materiality of the Defendants' public statements.

### 3. The Proxy Claim is Not Time-Barred

Givas's addition relates back at least to the filing date of the CAC (August 11, 2023) under Rule 15(c), which falls within one year of when Defendants contend discovery of the proxy claim occurred. Opp. at 19 (citing September 21 and November 14–18, 2022 disclosures).

### a. Relation Back Under Rule 15(c) is Liberally Applied

Rule 15 allows relation back where the amended complaint arises from the same conduct, transaction, or occurrence as the original. The Ninth Circuit applies this rule "liberally," focusing on whether the claims share a "common core of operative facts." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). The doctrine is designed to give fair notice of the *facts*—not every legal theory. *Ctr. for Biological Diversity v. Env't Prot. Agency*, 316 F. Supp. 3d 1156, 1166 (N.D. Cal. 2018).

Courts routinely apply relation back to new claims alleging violations of different sections of the federal securities laws when they rely on the same documents or statements. *See Alpern v. UtilCorp United, Inc.*, 84 F.3d 1525, 1543–44 (8th Cir.

-4-                    No. 2:22-cv-08406-ODW (AGRX)

1996) (§ 11 claim based on same misleading financials as § 10(b) claim); *In re Enron Corp.*, 2005 WL 1637914, at *2 (S.D. Tex. June 20, 2005) (same).

The Ninth Circuit also applies relation back under Rule 15(c) through adding new plaintiffs when: (1) the original complaint gave notice of their claims; (2) relation back causes no unfair prejudice; and (3) there is an identity of interests. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935–36 (9th Cir. 1996). All elements are satisfied here.

**b.      The CAC Provided Fair Notice of the SAC's Proxy Claims**

Notice is the "critical element" of relation back. *Avila v. INS*, 731 F.2d 616, 620 (9th Cir. 1984). That includes whether the original complaint showed plaintiffs sought to represent others. *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1069 (S.D. Cal. 2015).

The SAC arises from the same transaction and set of facts as the Consolidated Amended Complaint ("CAC"). Dkt. No. 63. The CAC brought class claims on behalf of investors in Bird Global (formerly Switchback II) between May 12, 2021, and November 18, 2022, alleging misstatements in proxy materials soliciting shareholder approval of the merger. CAC at 5. Givas has always been part of that class. His Section 14(a) claim involves the same proxy documents, merger transaction, and conduct. Given that, "defendants had adequate notice that someone [like Givas] who held [Switchback] stock at the time of the Merger would bring a claim under § 14(a)." *Bensinger v. Denbury Res. Inc.*, 2013 WL 3353975, at *5 (E.D.N.Y. July 3, 2013); *see also, In re Juniper Networks, Inc. Sec. Litig.*, 542 F. Supp. 2d 1037, 1052–53 (N.D. Cal. 2008) (amendment adding noteholder plaintiffs to assert new negligence claims under Sections 11 and 13 of Securities Act related back to original securities fraud complaint brought under Exchange Act since original complaint put defendants on notice that anyone who relied on allegedly false financial statements may be included in action).

Defendants argue that the CAC failed to give adequate notice of the proxy claims due to a Ninth Circuit decision, issued after the CAC was filed, holding that investors in the SPAC lacked standing to bring a 10(b) claim. Opp. at 20-24 (citing *In re CCIV / LUCID Motors Sec. Litig.*, 110 F.4th 1181 (9th Cir. 2024)). *Lucid*, like this case, concerned a SPAC (CCIV) that acquired a non-public company (Lucid) that traded publicly under the target's name after the merger. Unlike this case, however, the challenged statements were made about pre-merger Lucid by Lucid's officers before the merger was announced. The Court found that investors in the SPAC could not bring a 10(b) claim against officers of the then-private Lucid since the statements concerned then-private Lucid securities. Here, by contrast, the challenged proxy statements in both the CAC and the SAC are statements made by Switchback (the SPAC) concerning the SPAC's security, and the CAC alleged claims on behalf of those shareholders. Moreover, even to the extent that *Lucid* would present a basis for dismissing 10(b) claims based on pre-merger statements made by private Bird about private Bird's securities, which it does not, that would have no bearing on whether the allegations in the CAC provided notice to Defendants.

### c.   An Identity of Interests Exists Between Lead Plaintiff and Givas

Lead Plaintiff and Givas are "similarly situated." *Immigrant Assistance Project of L.A. Cty. Fed'n of Labor v. INS*, 306 F.3d 842, 858 (9th Cir. 2002). Identity of interest exists where "[t]he circumstances giving rise to the[ir] claims remain[ ] the same." *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982). Here, alleged misstatements in the proxy materials give rise to the class claims asserted in both the CAC and SAC. *In re Asyst Techs., Inc. Derivative Litig.*, 2008 WL 4891220, at *8 (N.D. Cal. Nov. 12, 2008) (interests of new plaintiff asserting new class claim to rescind transactions under Section 29(b) of the Securities Exchange Act were aligned with original plaintiffs asserting 10(b) claims since they both sought redress for same alleged fraudulent backdating scheme).

Defendants argue there is no identity of interest for four reasons, but each fails. Opp. at 24-27. *First*, they claim Givas is in a different class—incorrectly. Givas is, and always has been, part of the class. *See* Dkt. No. 109-2 at 3.

*Second*, their assertion that Givas and Boulware are shareholders of different companies is wrong. Switchback *became* Bird Global through merger, and Bird Global took over Switchback's listing. Plaintiffs thus purchased the *same securities* of the *same company*, albeit under different corporate names and tickers.

*Third*, their claim that the proxy and 10b-5 claims arise from different laws is unavailing. The salient inquiry is whether the core factual and legal premise of the alleged misconduct remains unified. *See Asyst Techs.,* 2008 WL 4891220, at *8; *Juniper Networks*, 542 F. Supp. 2d at 1052–53.

*Fourth*, their claim that the proxy and 10b-5 claims allege different disclosures is wrong. The claims allege overlapping misstatements and the 14(a) claims stem primarily from proxy solicitations that were identified as containing misleading statements in the prior complaint.

Defendants' cases are inapposite. Opp. at 20-21, 24-25. *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982) did not relate to securities cases and held that amendment to add a plaintiff is disallowed only when there is *both* a lack of notice *and* a lack of identity of interests. *Hahn v. City of Carlsbad*, 2016 WL 3211801, at *3 (S.D. Cal. Feb. 3, 2016) was not a class action and did not involve securities claims. *In re DDi Corp. Sec. Litig.*, 2005 WL 3090882, at *7 (C.D. Cal. July 21, 2005) involved an attempt to substitute purchasers of one type of security for purchasers of a different type. *In re Wells Fargo Mortg.-Backed Certificates Litig.*, 2010 U.S. Dist. LEXIS 124498, at *30 (N.D. Cal. Oct. 19, 2010) similarly involved distinct investments in two different trusts. In *In re Syntex*, 95 F.3d at 935, the new plaintiffs were not in the original class and sought to expand the class period based on different corrective disclosures and stock drops. Here, Givas was in the original class. Further, all proposed claims "are based on the same underlying

allegations as the original class members (*i.e.*, improper accounting practices and misleading statements)", and they all "are based on the same . . . [corrective] disclosure[s] and subsequent stock drop[s]." *In re Network Assocs., Inc. II Sec. Litig.*, 2003 WL 24051280, at *7 (N.D. Cal. Mar. 25, 2003) (citing *In re Syntex*, 95 F.3d at 935).

In *Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1054 (N.D. Cal. 2016), the added plaintiff brought an entirely different claim based on a different offering. In *Howard v. Hui*, 2001 WL 1159780, at *7 (N.D. Cal. Sept. 24, 2001),[1] the additional plaintiff's new Section 20A insider trading claim changed the focus of the litigation, as it relied on a different set of core facts and elements from the original plaintiff's claims requiring different proof, including evidence of contemporaneous trading by both the defendant and the plaintiff and that the defendant made a profit or avoided a loss. No such disconnect exists here.

### d.    Relation Back Will Not Unfairly Prejudice Defendants

Because there is an identity of interests between Plaintiffs, there is no prejudice. *See Immigrant Assistance*, 305 F.3d at 858. Defendants do not contend that adding Givas "would surprise and frustrate reasonable possibilities for a defense." *See In re South African Apartheid Litig.*, 617 F.Supp.2d 228, 290 (S.D.N.Y. 2009). Defendants' claim of prejudice based on Plaintiffs' attempt to cure a "defective" complaint is meritless; the relation-back doctrine exists precisely to allow such cures.

### 4.    The Proxy Claim Adequately Pleads Negligence

Defendants' demand for a "strong inference of negligence" is a fabrication of law. Opp. at 28 (citing cases). The "strong inference" language comes from the

---

[1] The *dicta* in *Howard v. Hui* suggesting that a new plaintiff asserting a claim the original plaintiff lacked standing creates "different interests," is unsupported by Ninth Circuit law. *See, e.g., Immigrant Assistance*, 306 F.3d at 853 (allowing relation back to add new representative plaintiffs to establish standing for claims the original plaintiff lacked, holding "similarly situated" plaintiffs met identity of interest).

REPLY ISO RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMEND. COMPLAINT
011147-11/3442935 V3

PSLRA's scienter requirement for 10(b) claims.  "[S]cienter is not required to prove a violation of Rule 14a–9's prohibitions against material misstatements and omissions in connection with a proxy solicitation. A showing of negligent conduct will suffice." *In re Real Est. Assocs. Ltd. P'ship Litig.*, 223 F. Supp. 2d 1142, 1147 (C.D. Cal. 2002). Although the proxy claims share factual allegations with the 10b-5 claims, the SAC expressly disclaims any fraud-based theory and proceeds solely on negligence. SAC ¶ 352. *Cf. In re Gemstar-TV Guide, Int'l Inc. Sec. Litig.*, 2003 U.S. Dist. LEXIS 25884, at *30 (C.D. Cal. Aug. 15, 2003) ("Plaintiffs' allegations under Section 14 sound in fraud").[2]

Defendants' arguments are the proper subject of a Rule 12 motion, not a Rule 15 motion like this one. Indeed, Defendants cite this Court's ruling on this issue on a motion to dismiss, not a motion for leave to amend the complaint. *Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *12 (C.D. Cal. Aug. 25, 2021) (simultaneously granting motion to dismiss and leave to amend). But even so, the SAC alleges that Defendants had access to financials through diligence efforts like audits and presentations but failed to disclose what Bird's new management later admitted were basic accounting errors requiring restatement. SAC ¶¶ 74–83, 143. These allegations support a strong inference of negligence.

**B.     Plaintiffs Did Not Unduly Delay, and Defendants Cannot Show Prejudice**

Defendants' delay argument depends entirely on treating the addition of the proxy claim as case-expanding (Opp. at 29-31), when in fact the SAC narrows both defendants and theories of liability. Lead Plaintiff promptly sought to add Givas upon his retention and at a very early stage in the case. Defendants cite *Int'l Med. Devices, Inc. v. Cornell*, 2021 WL 4894271, at *1-2 (C.D. Cal. Aug. 11, 2021), to claim that the relevant time period is from the original pleading to the proposed amended

---

[2] Plaintiffs are unable to locate a Westlaw reporter for this opinion.

REPLY ISO RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMEND. COMPLAINT

pleading, but the question there was the timeliness of a counterclaim, not an amended complaint. *Id*.

Here, there has been no discovery or even a ruling on a motion to dismiss. And it is black letter law that delay alone is not a basis to deny leave to amend, particularly absent prejudice. *Mitchell v. Cnty. of Orange*, 65 F. App'x 164, 165 (9th Cir. 2003). Courts routinely find no prejudice when amendment is sought at the pleadings stage. *Martinez v. City of W. Sacramento*, 2019 WL 469038, at *6 (E.D. Cal. Feb. 6, 2019); *Johnson v. Serenity Transp., Inc.*, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015). That Plaintiffs' Section 14(a) claims could have been brought in a separate proceeding also weighs against a finding of prejudice. *Larsen v. PTT, LLC*, 2024 WL 5088342, at *6 (W.D. Wash. Dec. 12, 2024).

Defendants' claim that discovery-related burdens constitute prejudice also fails. The Section 14(a) claims substantially overlap with the existing Section 10(b) claims and will not significantly expand discovery. Defendants' authorities are distinguishable as they all involved motions filed at late stages—specifically after two prior dismissals (*Stambanis v. TBWA Worldwide, Inc.*, 2020 WL 4060171, at *2 (C.D. Cal. July 20, 2020)); during active discovery (*Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990); *Shenbaum v. City of Manhattan Beach*, 2024 WL 5185384, at *4 (C.D. Cal. Nov. 26, 2024)), or during the pendency or after summary judgment (*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)).

### III.   CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court grant their Motion.

REPLY ISO RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMEND. COMPLAINT
011147-11/3442935 V3

DATED: January 30, 2026

Respectfully submitted,

By: */s/ Lucas E. Gilmore*
Lucas E. Gilmore (250893)
Reed R. Kathrein (139304)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
lucasg@hbsslaw.com
reed@hbsslaw.com

Nathan Emmons (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950
nathane@hbsslaw.com

*Lead Counsel and Counsel for*
*Lead Plaintiff David Boulware*

Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
**THE ROSEN LAW FIRM, P.A.**
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile:  (213) 226-4684
lrosen@rosenlegal.com

-11-       No. 2:22-cv-08406-ODW (AGRX)

REPLY ISO RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMEND. COMPLAINT
011147-11/3442935 V3

Jonathan Stern (*pro hac vice*)
**THE ROSEN LAW FIRM, P.A.**
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile:  (212) 202-3827
jstern@rosenlegal.com

*Counsel for Additional Plaintiff
Lawrence Lou*

No. 2:22-cv-08406-ODW (AGRX)

REPLY ISO RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMEND. COMPLAINT

011147-11/3442935 V3

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff David Boulware, certifies that this brief contains 3,260 words, which complies with this Court's procedures.

DATED: January 30, 2026　　　　　　*/s/ Lucas E. Gilmore*
　　　　　　　　　　　　　　　　　Lucas E. Gilmore (250893)

REPLY ISO RENEWED MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMEND. COMPLAINT

011147-11/3442935 V3